MERLINDA L. INES
1731 Copper Penny Drive
Chula Vista, CA 91915
Phone, 760-644-4354

FILED
2008 JUL 15 AM 10: 04
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

Plaintiff MERLINDA L. INES

THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERLINDA L. INES | ) CASE NO. '08 CV 1267 WQH NLS |
| Plaintiff, | ) |
| vs. | ) |
| | ) **VERIFIED COMPLAINT FOR DAMAGES** |
| COUNTRYWIDE HOME LOANS, INC; BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWMBS, INC. CHL MORTGAGE PASS-THROUGH TRUST 2005 HYB 7 MORTGAGE PASS-THROUGH CERTIFICTES, SERIES 2007-HYB7 | ) |
| Defendants, | ) |

Plaintiff MERLINDA L. INES ("INES") alleges as follows against COUNTRYWIDE HOME LOANS, INC ("Countrywide") and BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWMBS, INC. CHL MORTGAGE PASS-THROUGH TRUST 2005 HYB 7 MORTGAGE PASS-THROUGH CERTIFICTES, SERIES 2007-HYB7 (BNY) (collectively, defendant ) as follows.

Ines - VERIFIED COMPLAINT 7/14/2008 - 1

## **PRELIMINARY ALLEGATIONS**

1.      This complaint is filed for injunctive relief and damages to enforce plaintiff's rights to recover statutory damages, reasonable fees and costs due to the wrongful and fraudulent lender practices of Countywide. and its successor BNY including violations of Title Fair Debt Collection Practices Act Civil Code 1788, Title 15 U.S.C. §1692 and fundamental fiduciary duties owed to defendants to enforce plaintiff's rights to her home for declaratory relief against the alleged debt collectors, declaration that the rights of the trustee are invalid and illegal causing plaintiff to incur damages. Further plaintiff is being wrongfully ousted from her family home and will suffer irreparable harm: money damages cannot compensate INES for the loss of her primary residence as a single mother with two children.

2.      INES is ignorant of the true names and capacities of the persons engaged in commercial activities of the defendant. Discovery will confirm the identity, capacity and interests of the defendant's agents when determined. However, plaintiff has seen no legal evidence on the record that would support assertions or conclusion that defendant(s) has or have acquired legal standing as a holder in due course for adequate value.

3.      On information and belief INES alleges that defendant is committing fraud in the factum in that defendant(s) is not a person entitled to enforce the alleged DEBT because they lack standing and legal capacity to enforce the instruments.

4.      INES objects to the non-judicial foreclosure or judicial foreclosure without sufficient evidence for the Court to review as proof of the identity of the real party in interest, i.e. the person legally vested with the power to enforce the note as a holder in due course for adequate and sufficient value paid for the note on the subject real property. Defendants may not foreclose on the subject property without showing lawful status and standing and legal capacity to enforce the instruments. The defendants proceeded in non judicial foreclosure to transfer the title to themselves at a wrongful foreclosure 'sale' and subsequently filed an

unlawful detainer action to oust the plaintiff from her home. This sale did not constitute a commercial sale to a new homeowner family. The plaintiff faces a sheriff's eviction.

5. The basis for suit is failure to comply with INES' lawful demand to validate the alleged debt in good faith and fair dealing and the Fair Debt Collection Practices Act California Civil Code §1788-1788.3 known as the "Rosenthal Fair Debt Collection Practices Act," and related code sections of 15 U.S.C. §1692.

6. INES objects to the non-judicial foreclosure or judicial foreclosure without sufficient evidence for the Court to review as proof of the identity of the real party in interest, i.e. the person legally vested with the power to enforce the note as a holder in due course for adequate and sufficient value paid for the note on the subject real property. Defendant may not foreclose on the subject property without showing lawful status and standing. The defendants proceeded in non judicial foreclosure to transfer the title to themselves at a wrongful foreclosure sale and subsequently filed an unlawful detainer action to oust the plaintiff from her home. No individual purchased the property; there was no commercial sale to a new homeowner, therefore this was a "No Sale". A sheriff's eviction is immediate at hand.

## PARTIES

7. INES is the plaintiff in possession of the property located at 1737 Copper Penny Drive, Chula Vista, CA 91915. Plaintiff is currently threatened by fraud, threats and financial duress by Countrywide and its successor's commercial activities in mortgage lending and foreclosure business and immediately pending eviction following an unlawful detainer actions.

8. COUNTRYWIDE and BNY are defendant parties doing business in San Diego County California in the mortgage industry..

## JURISDICTION AND VENUE

9.  Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 in that the claims alleged therein arise under the laws of the United States. This court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal claims and arise out of a common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution. Jurisdiction within this court is predicated upon various Federal questions arising under the United States Code including but not limited to 15 USCA § 1640 et seq. Commonly know as the Truth in Lending Act (TILA): 12 USCA § 2605 the Real Estate Settlement Procedures Act (RESPA) and 15 USCA § 1602 et seq. commonly known as the Homeowners Equity Protection Act, as well as 15 USCA §1692 , commonly known as the Fair Debt Collection Practices Act

10.  <u>Standing to Sue</u>.  The amount in controversy exceeds the unlimited jurisdiction amount as the subject matter jurisdiction involves a written contract for real property exceeding the amount of $75,000. as a result of COUNTRYWIDE's alleged illegal conduct in attempting to collect an unlawful debt. INES suffers the threatened injury of loss of her home, i.e. wrongful eviction and becoming homeless as a result of the putatively illegal conduct of the defendant and/or its agents. INES is informed that financial injury took place upon wrongful foreclosure, resulted in the pending real loss of the family home, Sheriff's eviction, followed by homeless condition. INES' injury as a result of lender conduct is likely to be redressed if the requested relief is granted.

11.  The Court has jurisdiction over Plaintiff's action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by 28 U.S. C. § 2203 and Rule 65 of the Federal Rules of Civil Procedure.

12.  Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gave rise to these claims occurred within the

Southern District of California. The real property in question is located within San Diego County, California.

## DEFENDANT IS A PREDATORY LENDER AND BROKER

13. There is no uniformly accepted definition of "predatory lending." However, the United States Department of Housing and Urban Development ("HUD") has defined predatory lending as lending "involving deception or fraud, manipulation of borrowers through aggressive sales tactics, or taking unfair advantage of a borrower

18. Since predatory lenders are constantly developing new techniques to take advantage of borrowers, it is generally accepted by the lending industry and government agencies that monitor that industry that predatory lending practices include engaging in aggressive, high pressure and/or misleading tactics. BNY engaged in this kind of conduct toward INES after it acquired control of their loan that originated with COUNTRYWIDE who were the original beneficiary under that certain subject property Deed of Trust.

19. AGENCY. On information and belief, INES alleges that COUNTRYWIDE was a corporation, institution, broker, lender, trustee, dealer or seller of securities, organized and existing under the corporate laws of Texas, and operates within Texas, or their States within the United States. On information and belief, INES alleges defendants individuals operate as agents, managers, officers, or as trustee for the "mortgage Lender".

20. INES alleges the defendant(s) operate a for profit foreclosure business. The event of foreclosure creates a negative financial comment to be placed in the plaintiffs' credit file resulting in damage to INES since a lower FICA score results in higher costs of credit which is kept by Experian, Transunion, and Equifax which are operational components of the Money Trust. This injury is fairly directly traceable to defendants' actions of conducting the trustee's sale on INES' subject property without answering their requests for the validation of debt and without crediting her account with payments tendered.

21. Defendants provided plaintiff with papers that indicated that Defendants may be a debt collector attempting to collect a debt. No verification of debt was provided to plaintiffs. Defendant sent notices that it was attempting to collect a debt. Defendants are in default in violation of the Fair Debt Collection Practices Act for State and Federal law. INES objects to this violation of their protected rights under the debt collection laws of this State.

22. <u>Defective Notice of Default and Election to Sell</u>. From August 2005 continuing to date, INES has sent defendants requests to validate and verify the alleged debt. The requests have gone unanswered. The Notice of Trustee's Deed Upon Sale, Document number 2008-0090958-00, which was filed and recorded on April 25, 2008 is defective in that the request to validate the alleged debt (RESPA) and explain the loan documents and high interest rates and increase of payment were unanswered, Further under commercial law this purported foreclosure sale does not constitute a sale to a person.. Defendants are falsely recording transaction documents as though it a purchaser was at there to transfer title.

23. Defendants are subject to equitable estoppel under laches and are barred from further proceeding on the matter until their non response default is addressed. Defendants' non response to request for debt verification continued to be with no answers to Plaintiff's months of attempts to get a response on the issues of the subject property. Defendants' non response conduct continued with their failure to apply INES' full payment to the alleged debt in September 2007, October 2007 and November 2007. This provides legal authority for the application of temporary injunction to enjoin the execution of eviction under wrongful unlawful detainer to determine the underlying title issues regarding lending irregularities and lack of answers from lenders.

**FIRST CAUSE OF ACTION**

DECLARATORY JUDGMENT against Defendants

24. INES realleges and incorporates by reference the allegations contained in paragraphs 1-23.

25. INES respectfully requests that the court declare that Plaintiff is protected by the Fair Debt Collections Practices Act with its companion of Title 15 U.S.C. §1692 with all its reserved rights, benefits, and privileges.

26. The Court should determine if the alleged debt collector or some other company has possession and can produce the original Note and Deed of Trust to identify the holder of the original instruments on the record.

27. The Court should declare whether or not the defendants can demonstrate legal status and standing in the true legal capacity as holder in due court of the original signed deed of trust and any related note.

28. The Court should determine whether or not the defendants have violated state securities laws as set in federal law and California Financial Code §33560© and 22340 is applicable where there is fraudulent selling of eligible notes when in fact they are not selling them, merely the collection rights under the servicing agreement

29. A judicial determination is appropriate to determine the plaintiff's rights and duties before the pending execution of a sheriff's eviction.

30. Plaintiff is informed and believes that she has alleged grounds for cancellation of the mortgage documents and deeds of trust for cause as stated herein and specifically as the character and relationship of the parties, the existence of the ground for recovery, including fraud, false representations, or impossibility of performance, defendants' failure to perform, and the inadequacy of a remedy at law. Plaintiff is unsure at this point as to when and how

the defendants conspire to take obscene profits from the language hampered Philippine family.

31. The court should declare that laches applies to bar the alleged debt collector, or, since the trustee failed to comply with the Fair Debt Collection Practices Act in order to proceed to trustee sale of the property, the trustee is equitably estopped from taking any further action against the subject property.

## SECOND CAUSE OF ACTION

### INJUNCTIVE RELIEF against Defendants

32. INES realleges and incorporates by reference the allegations contained in paragraphs 1-31.

33. The trustee's wrongful sale and Unlawful detainer must be stayed to prevent great and irreparable injury to the plaintiff in the loss of her unique property should the eviction occur as scheduled.

34. INES requests the court for a Restraining Order enjoining and restraining the named Defendants from Evicting Plaintiffs from subject Property which is the home of the single mother and her two children This court should stay all eviction proceeding under unlawful detainer until a further order of this court due to their lack of jurisdiction and wrongful refusals to consumer. The rights of the trustee should be declared invalid.

35. Plaintiff will suffer irreparable injury if the execution of eviction under the unlawful detainer action is not enjoined permanently. Defendant(s) has no standing to proceed in foreclosure, unlawful detainer and eviction on the subject property by their conduct in failure to provide validation and verification of the alleged debt documents and purported offer of loan modification which would raise her loan payments from $1000 to 75% higher.. Since Plaintiff has no other plain, speedy, or adequate remedy, and the injunctive relief

requested is necessary and appropriate to prevent irreparable injury to plaintiff and putting her and her children on the streets.

### THIRD CAUSE OF ACTION

### STATUTORY DAMAGES against Defendants

36. INES realleges and incorporates by reference the allegations contained in paragraphs 1-35.

37. Plaintiff is entitled to statutory damages from defendants for their fraudulent conduct and commercial injury plus penalties accruing to statutes for their non response to the repeated requests for debt verification as a commercial lien against them. Plaintiff should prevail on all of their claims.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant to her the following relief:

1. Grant her a Permanent Restraining Order enjoining and restraining the pending wrongful eviction in violation of state and federal lending laws and fair practice laws,

2. Grant the Preliminary Restraining Order without bond;

3. Cancel and release any deeds of trust in favor of plaintiff, and

4. Statutory damages for non response according to proof;

5. Grant such other and further relief as the Court deems equitable, appropriate and just.

Date: July 14, 2008                     Respectfully submitted,

                                        *[signature]*
                                        MERLINDA L. INES
                                        Plaintiff in pro se

## VERIFICATION

I, MERLINDA L. INES, am the plaintiff in the above-entitled action. I have read the foregoing complaint for damages and know the contents thereof. The facts and allegations contained therein are true and correct of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Diego, California.

Dated: July 14, 2008

_____
MERLINDA L. INES

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MERLINDA L. INES, Pro se

**DEFENDANTS**
COUNTRYWIDE HOME LOANS, INC.; BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWMBS,

**(b)** County of Residence of First Listed Plaintiff: **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **LOS ANGELES**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
2008 JUL 15 AM 10:04
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'08 CV 1267 WQH NLS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
MERLINDA L. INES, 1737 Copper Penny Drive
Chula Vista, CA 91915, Phone, 760-644-4354

Attorneys (If Known)
Keehan Fine, Clenahan, Esq.
1605 Kenwic Avenue, Suite 200
Costa Mesa, CA. 92626

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Civil Code 1788, Title 15 U.S.C. 1692

Brief description of cause:
VIOLATIONS OF THE REALESTATE LENDING, DEBT COLLECTION LAWS & INJUNCTIVE RELIEF

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE: 07/15/2008

SIGNATURE OF ATTORNEY OF RECORD
X Merlinda J. Ines

**FOR OFFICE USE ONLY**

RECEIPT # 152992   AMOUNT $350.00   APPLYING IFP   JUDGE   MAG. JUDGE

MB 07/15/08

```
        UNITED STATES
        DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

     # 152992        - MB
        July 15, 2008
          09:58:08

        Civ Fil Non-Pris
   USAO #.: 08CV1267 CIVIL FILING
   Judge..: WILLIAM Q HAYES
   Amount.:
                           $350.00 CA


        Total-> $350.00


   FROM: MERLINDA L INES, PRO SE VS
         COUNTRYWIDE HOME LOANS, ET AL
```