MERLINDA L. INES, PRO SE
1737 Copper Penny Drive
Chula Vista, CA 91915
Phone 760-644-4354

FILED
2008 JUL 15  AM 10: 04
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# THE UNITED STATES DISTRICT COURT

# FOR SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 1267 WQH NLS

MERLILNDA L. INES

     Plaintiff,

vs.

COUNTRYWIDE HOME LOANS, INC;
BANK OF NEW YORK AS TRUSTEE FOR THE
CERTIFICATE HOLDERS CWMBS, INC. CHL
MORTGAGE PASS-THROUGH TRUST 2005
HYB 7 MORTGAGE PASS-THROUGH
CERTIFICTES,
SERIES 2007-HYB7

     Defendants,

CASE NO.

EX PARTE APPLICATION FOR
PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING
ORDER TO STAY PENDING
UNLAWFUL DETAINER
EVICTION; MEMORANDUM OF
POINTS AND AUTHORITIES.
DECLARATION OF
JAN SCHIEBERL;
PROPOSED ORDER.

## 1.

## INTRODUCTION

Plaintiff brought a wrongful unlawful detainer motion against defendant following a wrongful and illegal sale due to defendant's title issues. This matter involves compelling federal issues regarding fraudulent lender practices and wrongful and illegal sale of real property that

INES Motion for Stay 7/14/2008. - 1

was ignored and unresolved title issues cloud the title and requests this ex parte relief to be granted immediately to preserve the status quo.

The requested stay essentially seeks injunctive relief. The court should grant this ex parte motion to stay execution of eviction in order to save the status quo pending determination of title and fraudulent lender practices. Substantively, plaintiff is likely to prevail on the merits of the case and defendants have a sufficient legal remedy in monetary damages.

**In order to maintain the status quo, and to preserve the issues presented by defendants this matter compels the court to assert the protection of the federal jurisdiction because the wrongful unlawful detainer eviction will take place and the court must grant consumer protections now for it to have any effect whatsoever, particularly in light of the serious questions of the propriety of the wrongful foreclosure and illegal unlawful detainer and illegal activities of lenders Countrywide and its agents..**

Plaintiff is the victim of fraudulent lender practices including **violations of Unfair Business Practice and resulting Fair Debt Collection Practices Act and fundamental fiduciary duties owed to her to enforce her rights to her home for declaratory relief against the alleged debt collector, declaration that the rights of the trustee are invalid and illegal. INES is being wrongfully ousted from her family home before the issues of oppressive and flagrant lender actions can be determined. INES will suffer irreparable harm and extreme hardship for her as a single mother with two children in her family home being put on the street. Money damages cannot compensate her for the loss of their primary residence and emotional distress to the family.**

Plaintiff will suffer irreparable injury if the eviction is not enjoined until plaintiff has a fair and adequate opportunity to have her claims heard. Plaintiff has lawful right to her property and it is clear that a fraud was perpetrated on her based on the Countrywide Home Loan, Inc.'s loan documents. Simply put, the defendants have no standing to proceed against plaintiff in

foreclosure by their conduct in failure to provide validation and verification of the alleged debt documents, breach of fiduciary duty to protect the borrower's rights, and bait and switch lender tactics.

There is no compelling urgency to protect defendant or its assignor. Given the current real estate market, a temporary restraining order will do them virtually no damage. Further the accounting of overpayments, fees, excess interest was not credited and accounted for be held by them. It is unreasonable to chill INES' rights which are protected by the California Constitution's rights under contract and her federal First Amendment rights where she is defending her right to her home. The purpose of the COMPLAINT which has been filed in this matter, is to protect her contractual rights and let the public know that they could be targets of the bad business practices of plaintiff's breach of contractual agreement and egregious conduct..

If this court denies the ex parte motion, the result will irreversibly injure the public policy of rights to contract and protection from unfair business practices and fraudulent conduct. There can be no greater damage in our government than to allow the rights of the people to contract and exchange consideration and open consumer awareness and arbitrarily disallow consumer protection for egregious wrongs. It will erode the freedom to contract and damage the free enterprise system by promoting slick tactics to prey on members of the innocent unsuspecting public. There will be no injury to defendants if the Court grants this motion for a stay of execution of a sheriff's eviction, as the court can determine the issues of the title and accounting dispute. To do otherwise will leave INES and her family wrongfully homeless.

It will be impossible and cause irreparable harm for plaintiff and her family to be left homeless. Equally important, the defendants will suffer no damage due to market conditions Thus, this Court must grant the defendant's ex parte motion to prevent immediate and irreparable

injury to INES in her pending immediate forcible eviction, harm to her creditability, and damage to her credit rating. This court must grant the stay of eviction pending the appeal.

## 2.

## BACKGROUND FACTS

Plaintiff had a loan with Countrywide Home loans which was the result of a bait and switch tactic that includes egregious interest rate violations of California unfair Business Practices Law. Defendant repeatedly attempted to correct this issue and was regrettably only offered an opportunity to cure the discrepancies by increasing her monthly payment from $3,674 to a sum in excess of $4,100. The even higher new payment constitutes further breach of the lender duties to the defendant. Defendants did not respond to her requests for a true accounting of her loan and switch and bait change to raise her payment and interest rates at the last minute. .

The defendants misrepresenting the true facts and failing to account for payments and excess interest in essence breached their duty to explain the loan and its changing interest rates to plaintiff and took advantage of her language barrier and lack of understanding.

The true issue is a matter of contractual agreement, false and misleading fraudulent lender practices, and breach of contractual terms. It is public knowledge that the defendants engage in slick maneuvers to hasten wrongful foreclosure proceedings. Here plaintiff fell victim to their false promises.

Defendant is likely to be irreparably damaged by the loss of her ability to freedom of contracting for a new dwelling to be her home at any subsequent move to a new home due to erroneous credit reports and damage to her credibility. The actions of Countrywide Home Loans and its successor are evidence of improper violation of California business practice and lending law and should be determined by this court while preserving the status quo.

An injunction staying and prohibiting an eviction is imperative pending determination of the title and accounting disputes on all points including contractual violations, misleading and fraudulent practices, and improper sale against California homeowner and federal mandates to the mortgage industry. In the absence of a stay the plaintiff will suffer extreme hardship and the nonmoving party (the lenders) will not be irreparably injured by its issuance.

### 3.

### STANDARD FOR INJUNCTIVE RELIEF

**TRO Initial Requirements.** The initial requirement for the issuance of a TRO is that the moving party must demonstrate what the courts have always labeled the fundamental requirements that he is suffering from irreparable injury and the inadequacy of legal remedy.

It is well settled that the standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction which is applicable to this request for a stay of eviction pending appeal. The propriety of a stay like a preliminary injunctive relief requires consideration of three factors: 1) the likelihood of success on the merits; 2) the threat of irreparable harm to the defendant if the injunctive stay is not imposed; and 3) the relative balance of potential hardships to the parties. These three factors are incorporated into a test under which the moving party must meet its burden by demonstrating either: 1) a combination of probable success on the merits and the possibility of irreparable injury, or 2) that serious questions are raised and the balance of hardships tips sharply in his favor.

The purpose of a stay pending appeal like the preliminary injunction is to preserve the status quo pending final resolution upon a trial or completion of the appeal. See <u>Scaringe v. J.C.C. Enterprises, Inc.</u> (1988) 205 Cal.App.3d 1536. <u>Grothe v. Cortlandt Corp.</u> (1992) 11 Cal.App.4th 1313, 1316; <u>Major v. Miraverde Homeowners Assn.</u> (1992) 7 Cal.App.4th 618, 623.

**4.**

**ARGUMENT**

**A. DEFENDANT IS LIKELY TO PREVAIL ON MERITS**

A preliminary injunction/stay is appropriate where a plaintiff is likely to prevail at trial or appeal and failure to provide interim relief will cause irreparable harm. Barajas v. City of Anaheim (1993) 15 Cal.App.4th 1808, 1813.  Here the probability of excessive interest and false promises to the plaintiff clearly show bad faith tactics of the lenders in the modification offers that increased the monthly payments approximately five hundred increasing the burden on the borrower rather than offering relief promised to her in a modification.

**LIKELIHOOD OF SUCCESS.**   The test for issuance of the relief sought here is difficult to evaluate, because from the outset the likelihood of success is viewed from the perspective of the time at which the request is filed.  Certainty is not required, thus, plaintiff is not required to show positively that she will prevail on the merits. A reasonable probability is sufficient See *Glider v PGA Tour Inc.* 936 F. 2nd 417, 422 (9 Cir 1991).

Because the standards for obtaining injunctive relief or stay of eviction and prevailing against constitutional rights are distinct, the court's entry of a stay against defendants confining its eviction activities and refusing to allow its eviction activities pending appeal must be granted due to the wrongful unlawful detainer proceeding and wrongful foreclosure sale based on the hearsay and false evidence presented to this court to take the family home from her by whatever means possible,  ignoring her protests, and failure to resolve the existing discrepancies.

Here, the Plaintiff has demonstrated the existence of that reasonable likelihood of success with regard to very serious questions. Like the case decided by Judge Whelan a little over a month ago, *Lyndon v. Countrywide Home Loans* (Docket number 08 - CV-0837) May 13, 2008

Plaintiff here both filed suit and sought relief after all other remedies failed after the commercial occurrence of the "no sale". Before the foreclosure sale Plaintiff actively attempted to obtain information so as to determine whether the sale was lawful. These efforts, clearly demonstrate violations of both the Federal and State Fair Debt Collection Practices Act. Plaintiff submitted o the complaint that are sufficient and demonstrate a sufficient likelihood of success. When given the extraordinarily serious loss of plaintiff's home which will take place if the TRO does not issue, the court must enter the stay order as requested.

For all of these reasons it is respectfully requested the Plaintiff's request be granted and that a temporary restraining order issue restraining all Defendants from taking any action negatively affecting Plaintiff's rights to the property.

The balance of hardships clearly favors plaintiff and her family who stand to lose their property before the Court can fully decide the issues. Any harm to the lenders can be recompensated with a damage award. Plaintiff stands to lose her home, her creditability, and her credit standing. This harm is irreparable; money damages cannot compensate plaintiffs for the loss of their unique property and her loss of personal reputation. Moreover, the public interests weighs in favor of allowing plaintiffs to maintain their home, particularly in light of the serious questions of the <u>propriety of the predatory lender tactics.</u> The public policy should not reward lenders seeking obscene profits and ignore support of plaintiff and chill her activities and courage as she protests the lenders' injustice.

### 5.

### CONCLUSION

Clearly, plaintiff has an inadequate legal remedy. The only reasonable relief that the court must impose would be to grant this reasonable request to delay the pending sheriff's eviction.

Plaintiff respectfully requests that the ex parte request to stay execution of eviction pending determination of the issues of injunction, predatory lending tactics and voidable title from wrongful foreclosure sale due to fraudulent lender activities and statutory violations. The court must grant the stay without bond.

Dated: July 14, 2008                               Respectfully submitted,

_____
Merlinda L. Ines, Plaintiff in pro se

**DECLARATION OF MERLINDA I. INES**

I, MERLINDA I. INES, declare:

1. I, am the plaintiff in the within matter. The facts set forth herein are within my personal knowledge and, if called upon to do so, I could and would competently testify thereto under oath. This declaration is made in support of my request for ex parte stay of immediate wrongful eviction from my home.

2   In good faith I provided full information and believed the promises of the lender to adjust my mortgage and its interests to correct the existing discrepancies. However the lender Countrywide and its assigns conspired to wrongfully credit my mortgage account and added excessive interest and fees. Instead in the face of their erroneous and misleading unfair practices, conducted a wrongful foreclosure and proceeded via illegal measures to take my home.

3. The lender took obscene profits via a very large down payment and will not be irreparably injured by the issuance of a stay while the disputed issues of title and accounting are determined.

4. I am left without a remedy following a wrongful foreclosure sale, unlawful detainer and wrongful judgment to evict my family of four in the immediate future from my home and primary residence and leave us homeless.

5. I respectfully request a emergency ex parte stay from this court to preserve the status quo pending the relief of the court.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on 14th day of July, 2008 at San Diego, California.

_____
MERLINDA L. INES

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to the within action. My address is 954 Surrey Drive, Bonita, CA 91902. On July 15, 2008, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **MOTION FOR STAY PENDING APPEAL, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF MERLINDA I. INES**

SERVED UPON: BANK OF NEW YORK, Countrywide Home Loans

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Diego California. I am readily familiar with the practice for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY PERSONAL SERVICE) I delivered the documents to the person listed on the attached proof of service.

☐ (BY FEDERAL EXPRESS) I am readily familiar with the practice of collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

XX (BY FACSIMILE) I caused to be transmitted the document(s) described herein at approximately N/A via the fax number(s) **FOR Attorney: Keenan E. McClenahan (714) 481-9151.**

XX (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 15, 2008, at San Diego, California.

Declarant Signature: _____
Dennis Gray