FILED

JUL 1 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERLINDA L. INES,<br><br>                   Plaintiff,<br>vs.<br>COUNTRYWIDE HOME LOANS, INC; et al.,<br><br>                  Defendants. | CASE NO. 08cv1267 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Ex Parte Application for Temporary Restraining Order (Doc. # 3).

## Background

On July 15, 2008, Plaintiff initiated this action by filing the Complaint (Doc. # 1). On July 15, 2008, Plaintiff also filed the Ex Parte Application for Temporary Restraining Order ("Application for TRO"), which is presently before the Court.

The Complaint alleges that Plaintiff is in possession of property in Chula Vista, CA, and that "Plaintiff is currently threatened by fraud, threats and financial duress by Countrywide and its successor's commercial activities in mortgage lending and foreclosure business and immediately pending eviction following an unlawful detainer action[]." *Complaint*, ¶ 7. The Complaint alleges that the "basis for suit is failure to comply with [Plaintiff's] lawful demand to validate the alleged debt in good faith and fair dealing" in violation of the Rosenthal *Fair Debt Collection Practices Act* under California law, Cal. Civ. Code § 1788, *et seq.*

("RFDCPA"), and the Fair Debt Collection Practices Act under federal law, 15 U.S.C. § 1692 ("FDCPA"). *Id.*, ¶ 5. Specifically, the Complaint alleges that Plaintiff sent Defendants requests to "validate and verify the alleged debt. The requests have gone unanswered. The Notice of Trustee's Deed Upon Sale, Document number 2008-0090958-00, which was filed and recorded on April 25, 2008 is defective in that the request to validate debt (RESPA) and explain the loan documents and high interest rates and increase of payment were unanswered." *Id.*, ¶ 22. The Complaint alleges that the "defendants proceeded in a non judicial foreclosure to transfer the title to themselves at a wrongful foreclosure sale and subsequently filed an unlawful detainer action to oust the plaintiff from her home. No individual purchased the property; there was no commercial sale to a new homeowner, therefore this was a 'No Sale.' A sheriff's eviction is immediate at hand." *Id.*, ¶ 6. The Complaint alleges that Plaintiff "objects to the non-judicial foreclosure or judicial foreclosure without sufficient evidence for the Court to review as proof of the identity of the real party in interest, i.e. the person legally vested with the power to enforce the note as a holder in due course for adequate and sufficient value paid for the note on the subject real property. Defendant may not foreclose on the subject property without showing lawful status and standing." *Id.* The Complaint seeks (1) a declaratory judgment declaring that Plaintiff is protected by the RFDCPA and FDCPA; declaring who has possession and can produce the original note and deed of trust; declaring whether or not Defendants can demonstrate legal status and standing in the true legal capacity as holder in due course of the original signed deed of trust and any related note; and declaring whether Defendants have violated state and federal securities laws; (2) injunctive relief staying the sale of Plaintiff's property and restraining Defendants from evicting Plaintiff; and (3) statutory damages.

The Application for TRO requests that the Court "stay execution of eviction pending determination of the issues of injunction, predatory lending tactics and voidable title from wrongful foreclosure sale due to fraudulent lender activities and statutory violations." *Application for TRO*, p. 8. Plaintiff contends that there is a likelihood of success on the merits of her claim for violations of the RFDCPA and FDCPA because "Plaintiff here both filed suit

and sought relief after all other remedies failed after the commercial occurrence of the 'no sale.' Before the foreclosure sale Plaintiff actively attempted to obtain information so as to determine whether the sale was lawful. These efforts clearly demonstrate violations of both the Federal and State Fair Debt Collection Practices Act." *Id.* at 7. Plaintiff contends that she will suffer irreparable injury absent a Temporary Restraining Order ("TRO") because she will lose her home, her credibility and her credit standing. Plaintiff contends that "[t]here is no compelling urgency to protect defendant or its assignor. Given the current real estate market, a temporary restraining order will do them virtually no damage." *Id.* at 3. Plaintiff contends that the "public interest weighs in favor of allowing plaintiffs to maintain their home, particularly in light of the serious questions of the propriety of the predatory lender tactics." *Id.*

On July 18, 2008, the Court heard oral argument on the Application for TRO.

### Standard of Review

Rule 65(b) of the Federal Rules of Civil Procedure provides that a court may issue a TRO without notice to the adverse party where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . ." FED. R. CIV. P. 65(b). Regardless of notice to Defendant, the standard for issuing a TRO is similar to the standard for issuing a preliminary injunction, and requires that the party seeking relief show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party." *Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.*, Civil No. 06CV152 JAH (WMc), 2006 U.S. Dist. LEXIS 97023, *4 (S.D. Cal. Jan. 26, 2006) (citing *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002)). "[T]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted). The underlying purpose of a temporary restraining order is to preserve the

status quo and prevent irreparable harm before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006).

### Analysis

The underlying basis of Plaintiff's Complaint is that Defendants violated the FDCPA and the RFDCPA by failing to answer Plaintiff's requests for validation of Plaintiff's alleged debt. Plaintiff asserts that in light of these violations, Defendants have no standing to foreclose on Plaintiff's property and force Plaintiff's eviction.

The "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA. *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) (holding that the plaintiff improperly brought a claim challenging the lawfullness of foreclosure proceedings pursuant to a deed of trust under the FDCPA). Furthermore, lenders and mortgage companies are not "debt collectors" within the meaning of the FDCPA. *Williams v. Countrywide*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) ("Mortgage companies collecting debts are not 'debt collectors.'"). As the moving party, it is Plaintiff's burden to establish the likelihood of success on the merits of her claim. After reviewing Plaintiff's Application for TRO, the Court concludes that Plaintiff has not established a likelihood of success on the merits because Plaintiff has not demonstrated that the FDCPA and RFDCPA apply to Defendants. Plaintiff has failed to demonstrate that Defendants are debt collectors within the meaning of the FDCPA, and that Defendants' foreclosure on Plaintiff's property pursuant to a deed of trust is the collection of a debt under the FDCPA.[1] Even assuming Plaintiff could show the possibility of irreparable harm, the Court concludes that Plaintiff is not entitled to relief under this formulation of the standard of review.

---

[1] The RFDCPA incorporates many provisions of the FDCPA. Plaintiff has not demonstrated how the RFDCPA affords Plaintiff more protection than the FDCPA.

Plaintiff contends that the balance of hardships favors Plaintiff because Plaintiff and her family stand to lose their property before the Court can fully decide the issues whereas any harm to the lenders can be compensated with a damage award. However, the Court notes that Plaintiff was given notice of the trustee sale in April, 2008, and the state court has ruled that Plaintiff's eviction is lawful. While the putative loss of Plaintiff's home is a significant interest, the Court finds that Plaintiff's delay and lack of diligence in filing the Application for TRO has prejudiced Defendants' ability to defend. *See Apache Survival Coalition v. OLA Cassadore Davis*, 118 F.3d 663, 665-66 (9th Cir. 1997) (affirming district court's denial of TRO on the grounds of laches because of lack of due diligence). The Court further notes that substantial time has passed since Plaintiff has been put on notice of the foreclosure proceedings, and the eviction and alleged sheriff's sale will provide Defendants with funds to which they are entitled. After reviewing the equities in this case, the Court concludes that Plaintiff has not met her burden of establishing that the balance of hardships tips sharply in her favor. Even assuming Plaintiff has raised serious questions going to the merits of this case - and, as previously discussed, the Court concludes that Plaintiff has not done so - the Court concludes that Plaintiff is not entitled to relief under this formulation of the standard of review.

After reviewing the entire record, the Court concludes that Plaintiff has failed to demonstrate that she is entitled to a TRO under either test applied in the Ninth Circuit. Plaintiff has failed to demonstrate a likelihood of success on the merits or that the balance of hardships tips sharply in her favor.

## Conclusion

The Ex Parte Application for Temporary Restraining Order (Doc. # 3) is **DENIED**.

Dated: 7/18/08

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE