1  MILES, BAUER, BERGSTROM & WINTERS, LLP
2  Tami S. Crosby, SBN 129021
   1665 Scenic Avenue, Suite 200
3  Costa Mesa, CA 92626
   714-481-8355
4  714-481-9152 Facsimile

5
   Attorneys for Defendants
6  COUNTRYWIDE HOME LOANS, INC.,
   BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE
7  HOLDERS CWMBS, INC. CHL MORTGAGE
8  PASS-THROUGH CERTIFICATES, SERIES 2007-HYB7

9                UNITED STATES DISTRICT COURT
10       SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

11 | MERLINDA L. INES, Pro Se | ) | Case No:  08-CV-1267-WQH-NLS |
12 | | ) | |
   | Plaintiff, | ) | **DEFENDANTS' NOTICE OF MOTION RE** |
13 | v. | ) | **MOTION TO DISMISS PLAINTIFF'S** |
   | | ) | **VERIFIED COMPLAINT FOR  FAILURE TO** |
14 | COUNTRYWIDE HOME LOANS, INC., | ) | **STATE A CLAIM UPON WHICH RELIEF** |
15 | BANK OF NEW YORK AS TRUSTEE FOR | ) | **CAN BE GRANTED** |
   | THE CERTIFICATE HOLDERS CWMBS, | ) | |
16 | INC. CHL MORTGAGE PASS-THROUGH | ) | (FRCP Rules 8, 9 and 12(B)(6)) |
17 | CERTIFICATES, SERIES 2007-HYB7, | ) | |
   | | ) | Date:   September 8, 2008 |
18 | Defendants. | ) | Time:  11:00 a.m. |
19 | | ) | Courtroom: 4 |
   | _____ | ) | |
20

21 TO: PLAINTIFF MERLINDA L. INES, PRO SE:

22 PLEASE TAKE NOTICE that on September 8, 2008, at 11:00 a.m., in Courtroom 4, or as soon

23 thereafter as the matter may be heard in the above-entitled Court, located at the U.S. District Court,

24 Southern District of California, 940 Front Street, San Diego, CA 92101-8900; Defendants

25 COUNTRYWIDE HOME LOANS, INC., BANK OF NEW YORK AS TRUSTEE FOR THE

26 CERTIFICATE HOLDERS CWMBS, INC. CHL MORTGAGE PASS-THROUGH

27 CERTIFICATES, SERIES 2007-HYB7 (hereinafter collectively "Defendants") will and hereby do,

28 respectfully move the Court for an order dismissing this action as to said Defendants, in its entirety,

**DEFENDANTS' NOTICE OF MOTION RE MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

1  with prejudice.

2      This Motion is made pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 8, 9, and

3  12(b)(6), on the grounds that Plaintiff's Complaint fails to state a claim upon which relief can be

4  granted as to the Defendants; and Plaintiff's Complaint fails to comply with FRCP, Rules 8 and 9.

5      This Motion will be based upon this Notice of Motion and upon the accompanying

6  Memorandum of Points and Authorities, upon all papers and pleadings on file in this action, and upon

7  such other and further matters as the court may permit to be presented at the time of the hearing.

8

9                                    Miles, Bauer, Bergstrom & Winters, LLP

10  Dated: August 4, 2008              By:    /s/ Tami S. Crosby
                                       Tami S. Crosby
11                                     Attorneys for Defendants
12                                     COUNTRYWIDE HOME LOANS, INC.,
                                       BANK OF NEW YORK AS TRUSTEE FOR THE
13                                     CERTIFICATE HOLDERS CWMBS, INC. CHL
                                       MORTGAGE PASS-THROUGH CERTIFICATES,
14                                     SERIES 2007-HYB7

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

**DEFENDANTS' NOTICE OF MOTION RE MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

N:\WORDDATA\CV\Ines, Merlinda\Pleadings\Notice re Motion to Dismiss.doc

PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1665 Scenic Avenue, Suite 200, Costa Mesa, California 92626-9804.

On 8/04/08, I caused to be personally served a copy of the following document(s):

DEFENDANTS' NOTICE OF MOTION RE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with First Class postage, thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I have placed a true and correct copy thereof in a sealed envelope(s) with postage thereon fully prepaid addressed as follows:

Merlinda L. Ines, Pro se
1731 Copper Penny Drive
Chula Vista, CA 91915
(760) 644-4354
(Plaintiff, pro se)

STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on 8/04/08, at Costa Mesa, California.

/s/ Marion Pineda
Marion Pineda

**DEFENDANTS' NOTICE OF MOTION RE MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**
N:\WORDDATA\CV\Ines, Merlinda\Pleadings\Notice re Motion to Dismiss.doc

MILES, BAUER, BERGSTROM & WINTERS, LLP
Tami S. Crosby, SBN 129021
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626
714-481-8355
714-481-9152 Facsimile

Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.,
BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE
HOLDERS CWMBS, INC. CHL MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2007-HYB7

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| MERLINDA L. INES, Pro Se | ) Case No: 08-CV-1267-WQH-NLS |
| Plaintiff, | ) **DEFENDANTS' MEMORANDUM OF POINTS** |
| v. | ) **AND AUTHORITIES RE MOTION TO** |
| | ) **DISMISS PLAINTIFF'S VERIFIED** |
| COUNTRYWIDE HOME LOANS, INC., | ) **COMPLAINT FOR FAILURE TO STATE A** |
| BANK OF NEW YORK AS TRUSTEE FOR | ) **CLAIM UPON WHICH RELIEF CAN BE** |
| THE CERTIFICATE HOLDERS CWMBS, | ) **GRANTED** |
| INC. CHL MORTGAGE PASS-THROUGH | ) |
| CERTIFICATES, SERIES 2007-HYB7, | ) (FRCP Rules 8, 9 and 12(B)(6)) |
| | ) |
| Defendants. | ) Date: September 8, 2008 |
| | ) Time:  11:00 a.m. |
| | ) Courtroom: 4 |

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.    Introduction**

Plaintiff MERLINDA L. INES, Pro Se ("Plaintiff") has named, as defendants in this action, COUNTRYWIDE HOME LOANS, INC., BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWMBS, INC. CHL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HYB7 (hereinafter collectively referred to as "Defendants").  While Plaintiff's Complaint alleges only a single claim for what appears to be a violation of the Rosenthal Fair Debt Collection Practices Act under California law, California Civil Code § 1788, *et seq.*

1  ("RFDCPA") and the Fair Debt Collection Practices Act under Federal law 15 U.S.C. § 1692

2  ("FDCPA"), it consists of entirely unintelligible allegations of wrongdoing, none of which state with

3  specificity that the RFDCPA or the FDCPA apply to the named defendants in this action.

4        In fact, taking a step back here, Plaintiff's Complaint fails to establish any interest that the

5  named Defendants have in the real property that Plaintiff identifies in her Complaint as 1737 Copper

6  Penny Drive, Chula Vista, CA 91915 (Plaintiff's Complaint at p. 3:23-25 – hereinafter defined as the

7  "subject property"), or that any of the named Defendants have any relation to or interest in the

8  purported "wrongful" foreclosure to which she objects (Complaint at p. 2:25-32), and for which she

9  seeks monetary damages (Complaint at p. 9:7-25.)

10       Plaintiff's Complaint states only that "COUNTRYWIDE was a corporation, institution,

11  broker, lender, trustee, dealer or seller of securities, organized and existing under the corporate laws

12  of Texas, and operates within Texas, or their States within the United States. On information and

13  belief, INES alleges defendants individuals operate as agents, managers, officers, or as trustee for the

14  'mortgage Lender [*sic*]'". Setting forth a plethora of types of business relationships or types of

15  agency relationships does not somehow establish that the named defendants here attempted to collect a

16  consumer debt in violation of either the RFDCPA or the FDCPA.

17       In fact, Plaintiff's Complaint makes no specific reference to any type of consumer credit

18  agreement or even how the named Defendants violated such an agreement other than to make the ill-

19  defined assertion that "the subject matter jurisdiction involves a written contract for real property

20  exceeding the amount of $75,000. . ." (Complaint at p. 4:16-17.) One can assume from some of the

21  language within the Complaint, particularly because Plaintiff makes reference to a foreclosure sale,

22  that Plaintiff is somehow disputing the foreclosure of a Deed of Trust. For the same reason, one can

23  assume that Plaintiff is addressing a foreclosure sale of the subject property. However, such

24  assumptions are just that, because Plaintiff's Complaint is completely silent with respect to the

25  existence of a Deed of Trust and is completely silent with respect to the named Defendants' relation to

26  or interest in any Deed of Trust, let alone any interest in that particular instrument upon which the

27  purported "wrongful" foreclosure is based.

28       In paragraph 30 of the Complaint, Plaintiff asserts that she "has alleged grounds for

1    cancellation of the mortgage documents and deeds of trust for cause as stated herein and specifically as

2    the character and relationship of the parties, the existence of the ground for recovery, including fraud,

3    false representations, or impossibility of performance, defendants' failure to perform, and the

4    inadequacy of a remedy at law." (Complaint at p. 7:24-30.) For the first time within Plaintiff's

5    Complaint, she now asserts that there were apparently multiple credit agreements purportedly between

6    Plaintiff and the named Defendants in this action. However, again, Plaintiff's Complaint fails to

7    establish that she has entered into any mortgage documents or multiple "deeds of trust" with the

8    named defendants in this action, or that there exist any mortgage documents or any deeds of trust

9    involving these named defendants. Additionally, Plaintiff has not stated with specificity, any facts to

10   establish any wrongdoing on the part of the named Defendants in this action.

11        In other words, while Plaintiff seeks the "cancellation of the mortgage documents and deeds of

12   trust" between herself and the named Defendants here, it is conclusive from the face of the Complaint

13   that Plaintiff has failed to allege in her Complaint any facts that would establish that the named

14   Defendants in this action are in any way related to any credit transaction or transactions with Plaintiff

15   or that these Defendants somehow violated the RFDCPA or the FDCPA in handling a consumer credit

16   transaction or transactions with Plaintiff, that the defendants have any relationship to or interest in

17   either the subject real property or the purported "wrongful" foreclosure upon which Plaintiff seeks

18   damages against these named Defendants.

19        Further, Plaintiff's Complaint clearly sounds in fraud because throughout her complaint, she

20   asserts one sentence conclusions, without any factual basis, the purported fraudulent conduct of a

21   singular unidentified "defendant" (Complaint at p. 2, line 21) and then at times, making such

22   conclusionary assertions to include all named Defendants. Among other allegations of fraudulent

23   conduct, the Complaint asserts that a singular unidentified defendant had been "committing fraud in

24   the factum in that defendant(s) is not a person entitled to enforce the alleged DEBT because they lack

25   standing and legal capacity to enforce the instruments." (Complaint at p. 2:21-24). Additionally, as

26   noted above, the Complaint, at paragraph 30, asserts that Plaintiff "has alleged grounds for

27   cancellation of the mortgage documents and deeds of trust for cause as stated herein and specifically as

28   the character and relationship of the parties, the existence of the ground for recovery, including

1    fraud... " (Complaint at p. 7:24-30.); and Plaintiff seeks damages based upon such conclusionary

2    allegations. (Complaint at p. 9:5-9.) However, as is more fully set forth below, such allegations of

3    fraud fail to comply with FRCP Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party

4    must state with particularity the circumstances constituting fraud or mistake."

5        Thus, for the reasons set forth herein, Plaintiff's Complaint fails to state a claim upon which

6    relief can be granted. Accordingly, the Complaint must be dismissed pursuant to Federal Rules of

7    Civil Procedure ("FRCP"), Rules 8, 9, and 12(b)(6).

8    **2.    <u>Argument</u>**

9        A motion to dismiss, pursuant to FRCP, Rule 12(b)(6) tests the legal sufficiency of the claims

10    asserted in a complaint. (See FRCP, Rule 12(b)(6).) Rule 12(b)(6 ) must be read in conjunction with

11    Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled

12    to relief". (*Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure* § 1356 (1990).)

13    Additionally, FRCP, Rule 8(3)(2) requires that each claim must be "simple, concise, and direct" in

14    order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests".

15    (*Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80.)

16        While it has been recognized by the courts that when a complaint is written by a pro se litigant,

17    the rules of civil procedure are somewhat relaxed and the complaint will be held to a less stringent

18    standard (*Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987)), if there is either a "lack of a

19    cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory,"

20    the Complaint should be dismissed. (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 969, 699 (9th

21    Cir.1988)) A complaint "does not need detailed factual allegations," but the "[f]actual allegations

22    must be enough to raise a right to relief above the speculative level." (*Bell Atlantic v. Twombly*, ---

23    U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).) Further, even a pro se litigant must provide the

24    defendant with "fair notice of the claim and the grounds upon which it rests." (*Erickson v. Pardus*, ---

25    U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v.*

26    *Twombly*, ---U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).)

27        Plaintiff's obligation to provide the grounds of her entitlement to relief "requires more than

28    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION TO DISMISS PLAINTIFF'S
VERIFIED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
N:\WORDDATA\CV\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss.doc

1    (*Id.*, 127 S.Ct. at 1964-65 (citations and quotations omitted.)  Rather, the allegations in the Complaint

2    "must be enough to raise a right to relief above the speculative level." (*Id.*, at 1965.)  A motion to

3    dismiss should be granted, if the complaint does not proffer enough facts to state a claim for relief that

4    is plausible on its face.  (*Id.*, at 1966-67.)

5        Here, Plaintiff has failed to set forth any facts to support her claim against the named

6    Defendants in this action.  Moreover, the Complaint fails to assert any factual allegations that

7    demonstrate that Plaintiff is entitled to any relief whatsoever against the named Defendants.  As such,

8    Plaintiff has failed to set forth "a short and plain statement of the claim showing that she is entitled to

9    relief" as required by FRCP, Rule 8.  Plaintiff has failed to "provide the grounds of her entitlement to

10   relief" (*Bell Atlantic*, 127 S.Ct. 1955, 1964-65), nor has Plaintiff provided to the named Defendants

11   "fair notice of the claim and the grounds upon which it rests".  (*Erickson v. Pardus*, --- U.S. ----, ----,

12   127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly*, ---U.S. ----, -

13   --- - ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).)

14       Further, as is noted above, Plaintiff's Complaint sounds in fraud.  In order to assert allegations

15   of fraud, "a party must state with particularity the circumstances constituting fraud or mistake."

16   (FRCP Rule 9(b).)  As was noted by the court in *Desaigoudar v. Meyercord*, (9th Cir. 2000) 223 F3d

17   1020, 1022–1023, fraud must be pled "with a high degree of meticulousness".

18       "Rule 9(b) has four purposes:

19       First, the rule ensures that the defendant has sufficient information to formulate a

20       defense by putting it on notice of the conduct complained of.... Second, Rule 9(b)

21       exists to protect defendants from frivolous suits. A third reason for the rule is to

22       eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule

23       9(b) protects defendants from harm to their goodwill and reputation."

24       (*Harrison v. Westinghouse Savannah River Co.*, (4th Cir. 1999) 176 F3d 776, 784.)

25       "By requiring the plaintiff to allege the who, what, where, and when of the alleged

26       fraud, the rule requires the plaintiff to conduct a precomplaint investigation in

27       sufficient depth to assure that the charge of fraud is responsible and supported, rather

28       than defamatory and extortionate."

1    (*Ackerman v. Northwestern Mut. Life Ins. Co.*, (7th Cir. 1999) 172 F3d 467, 469.)

2    As was further noted by the court in *Ackerman*, "The purpose (the defensible purpose, anyway) of the

3    heightened pleading requirement in fraud cases is to force the plaintiff to do more than the usual

4    investigation before filing his complaint." (*Id.*)

5    The basis for such a heightened pleading requirement in fraud cases is "because public charges

6    of fraud can do great harm to the reputation of a business firm or other enterprise (or individual)";

7    because fraud is frequently charged irresponsibly by people who have suffered a loss and want to find

8    someone to blame for it"; and because charges of fraud (and also mistake, the other charge that Rule

9    9(b) requires be pleaded with particularity) frequently ask courts in effect to rewrite the parties'

10   contract or otherwise disrupt established relationships." (*Id.*)

11   The court in *Ackerman*, supra, went on to note that

12   "By requiring the plaintiff to allege the who, what, where, and when of the alleged

13   fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient

14   depth to assure that the charge of fraud is responsible and supported, rather than

15   defamatory and extortionate. Similar reasons explain why fraud plaintiffs are

16   frequently required to prove their case by clear and convincing evidence rather than the

17   usual mere preponderance, [citation omitted] but it is important to note that the

18   heightened pleading and heightened proof requirements do not move in lockstep with

19   each other. Rule 9(b) requires heightened pleading of fraud claims in all civil cases

20   brought in the federal courts, whether or not the applicable state or federal law requires

21   a higher standard of proving fraud, which sometimes it does and sometimes it does

22   not... " (*Ackerman*, 172 F3d at 470.)

23   While a court in deciding a motion to dismiss under Rule 9(b) must also consider the policy

24   favoring simplicity in pleading, codified in the "short and plain statement of the claim" requirement of

25   Federal Rule of Civil Procedure 8, "[o]n the other hand, a district court need not accept claims that

26   consist of no more than mere assertions and unsupported or unsupportable conclusions." (*Sanderson*

27   *v. HCA–The Healthcare Co.*, (6th Cir. 2006) 447 F3d 873, 876.) In order to plead fraud with

28   particularity, the pleading should set forth all facts that "[identify] the circumstances constituting fraud

1  (or mistake) so that the defendant can prepare an adequate answer from the allegations." (*Moore v.*

2  *Kayport Package Express, Inc.*, (9th Cir. 1989) 885 F2d 531, 540.)  In other words, the allegations of

3  fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged

4  to constitute the fraud (or mistake) ... so that they can defend against the charge and not just deny that

5  they have done anything wrong." (*Semegen v. Weidner*, (9th Cir. 1985) 780 F2d 727, 731.)

6        It must also be noted that, as set forth by the court in *Borsellino v. Goldman Sachs Group,*

7  *Inc.*, (7th Cir. 2007) 477 F3d 502, 507, by its terms, Rule 9(b) applies to allegations of fraud, not just

8  claims of fraud.  "Even where fraud is not a necessary element of a claim, a plaintiff may choose

9  nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct." (*Vess v.*

10  *Ciba–Geigy Corp. USA*, (9th Cir. 2003) 317 F3d 1097, 1103–1104.)

11        Here, Plaintiff states in her Complaint that a singular defendant is a predatory lender and

12  broker, citing to the United States Department of Housing and Urban Development definition for

13  predatory lending as "involving deception or fraud, manipulation of borrowers through aggressive

14  sales tactics, or taking unfair advantage of a borrower".  (Complaint at p. 5:4-9.)  When a plaintiff

15  alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis

16  of a claim, "the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that

17  claim as a whole must satisfy the particularity requirement of Rule 9(b)." (*Vess v. Ciba–Geigy Corp.*

18  *USA*, (9th Cir. 2003) 317 F3d at 1103–1104.)   Thus, Rule 9(b)'s particularity requirement applies to

19  
20  claims alleging a "unified course of fraudulent conduct," even if fraud is not the basis of plaintiff's

21  claim. (*Vess v. Ciba–Geigy Corp. USA*, (9th Cir. 2003) 317 F3d 1097, 1103–1104.)

22        Additionally, as is noted herein and as is more fully set forth above, Plaintiff's Complaint

23  clearly sounds in fraud because throughout her complaint, she asserts one-sentence conclusions,

24  without any factual basis, the purported fraudulent conduct of a singular unidentified "defendant"

25  (Complaint at p. 2, line 21), and then at times, making such conclusionary assertions to include all

26  named Defendants.  However, Plaintiff's complaint is vague and conclusory, providing no factual

27  basis for Plaintiff's assertions of fraud.  This is improper pleading at best, as allegations that are vague

28  or conclusory are insufficient to satisfy the "particularity" required by Rule 9(b). (*Moore v. Kayport*

1  *Package Express, Inc.*, (9ᵗʰ Cir. 1989) 885 F2d 531, 540.)

2         Plaintiff seeks the "cancellation" of the mortgage documents and multiple deeds of trust

3  purportedly between herself and the named Defendants in this action.  However, Plaintiff's Complaint

4  fails to state facts upon which any relief can be granted.  To the contrary, the Complaint, on its face

5  and in its silence, establishes that the named Defendants in this action are not proper parties to this

6  action.    Under the circumstances here, the Complaint should be dismissed without leave to amend, as

7  no effort to amend can establish that the named Defendants are proper parties to this action.

8  **3.      Conclusion**

9         Based upon the foregoing, Defendants COUNTRYWIDE HOME LOANS, INC.; BANK OF

10 NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWMBS, INC. CHL

11 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HYB7 respectfully submit that the

12 within Motion to Dismiss should be granted in its entirety and Plaintiff's Complaint should be

13 dismissed with prejudice.

14

15 Respectfully Submitted,

16

17                             Miles, Bauer, Bergstrom & Winters, LLP

18

19 Dated: August 4, 2008          By:_____/s/ Tami S. Crosby_____

20                                    Tami S. Crosby
                                      Attorneys for Defendants
21                                    COUNTRYWIDE HOME LOANS, INC., BANK OF
                                      NEW YORK AS TRUSTEE FOR THE CERTIFICATE
22                                    HOLDERS CWMBS, INC. CHL MORTGAGE PASS-
                                      THROUGH CERTIFICATES, SERIES 2007-HYB7
23

24

25

26

27

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION TO DISMISS PLAINTIFF'S
VERIFIED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
N:\WORDDATA\CV\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss.doc

PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1665 Scenic Avenue, Suite 200, Costa Mesa, California 92626-9804.

On 8/4/08, I caused to be personally served a copy of the following document(s):

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with First Class postage, thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  I have placed a true and correct copy thereof in a sealed envelope(s) with postage thereon fully prepaid addressed as follows:

Merlinda L. Ines, Pro se
1731 Copper Penny Drive
Chula Vista, CA 91915
(760) 644-4354
(Plaintiff, pro se)


STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on 8/4/08, at Costa Mesa, California.

/s/ Marion Pineda
Marion Pineda