MERLINDA L. INES, PRO SE
1737 Copper Penny Drive
Chula Vista, CA 91915
Phone 760-644-4354

FILED

2008 AUG -1 AM 9: 18

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# THE UNITED STATES DISTRICT COURT

## FOR SOUTHERN DISTRICT OF CALIFORNIA

MERLINDA L. INES

        Plaintiff,

  vs.

COUNTRYWIDE HOME LOANS,INC;
BANK OF NEW YORK AS TRUSTEE FOR
THE CERTIFICATE HOLDERS CWMBS, INC.
CHL MORTGAGE PASS-THROUGH TRUST
2005 HYB 7 MORTGAGE PASS-THROUGH
CERTIFICTES,
SERIES 2007-HYB7

      Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.

**08 CV 1267 WQH (NLS)**

**EMERGENCY EX PARTE
APPLICATION FOR  TEMPORARY
RESTRAINING ORDER TO STAY
DEFENDANTS FROM TAKING ANY
ACTION NEGATIVELY AFFECTING
PLAINTIFF'S  INTERESTS IN THE
SUBJECT PROPERTY;
MEMORANDUM OF POINTS AND
AUTHORITIES.  DECLARATION OF
MERLINDA L. INES; PROPOSED
ORDER.**

## <u>1.</u>

## <u>INTRODUCTION</u>

Plaintiff MERLINDA L. INES makes this emergency ex parte application to

request a stay until the court determines the required proof of who is the holder in due

course of the promissory note underlying the wrongful foreclosure sale of her property

on February 22, 2008.  This TRO is necessary because the plaintiff is a single mother with two children that have been evicted from their home without any adequate remedy. The family is homeless and is desperate to regain their belongings and home.  This application requests that the court issue an order allowing a family to temporarily reinstate family's rights to regain our possessions pending a court determination of the holder in due course ("HIDC') to maintain the status quo.  Clearly, plaintiff's first amended complaint demonstrates her ability to succeed because before the wrongful foreclosure sale and sheriff's evictions plaintiff asked for the original note to be produced.  Defendants refuse to provide documentation required to pursue a nonjudicial foreclosure and have been allowed to disregard the law.

It is unknown **without a judicial determination** if the defendants may have a legal right to foreclose and summarily evict a family without a judicial determination of the right to foreclose.

**Why Ex Parte Relief Is Necessary**:  A preliminary injunction prohibiting and restraining the defendants is needed to maintain status quo and restore plaintiff to possession of her home and household possessions.  Plaintiff was informed that her land patent would prevent a wrongful foreclosure before she present competent evidence before the court can make a determination  of who is entitled to be holder in due process, holds the right to execute foreclosure sale or to clear the title on his property.

California foreclosure laws require specified procedure must be followed in order to exercise the non-judicial power of sale foreclosure.  These required procedures were not followed.  Now her home and her possessions are subject to imminent loss from vandalism, interlopers, and resale before adjudication of the issues.

INES Motion for Emergency Stay 7/31/2008.

Plaintiff will suffer irreparable injury if the foreclosure sale is not enjoined until plaintiff has a fair and adequate opportunity to have his claims heard. Plaintiffs may well have the right to rescind the subject mortgage loan transaction. 15 USC 1635 (f) provides for a three (3) year limitation. Further, it is likely that plaintiff will prevail on her claims of truth in lending violations as the additional violations are numerous, as more fully and particularly set forth in Plaintiff's First Amended Complaint filed herein.

1. On July 15, 2008, Plaintiff filed her complaint and an ex parte application to stay negative activities threatening her possession and interest in the subject property 1737 Copper Penny Drive, Chula Vista California. Countrywide Home Loans was original lender to whom she requested debt and accounting verifications regarding the underlying loan agreement. **Countrywide and their successor, Bank of Americas, communications stated to plaintiff that they are debt collectors and that they were attempting to collect a debt.** The court denied her initial request for a temporary restraining order on July 18, 2008. **Now, the unoccupied home is a vandalism target.**

2. Plaintiff initiated the land patent process and understood that her Copper Penny Drive property was protected from the lender foreclosure process by my land patent. Lenders were informed of my land patent and even at the trustee sale on February 22, 2002, she protested the sale as the lender did not have the rights necessary as a holder in due course to conduct the foreclosure sale. **Her unoccupied home is not protected now.**

**Plaintiff delayed taking stronger measures sooner because I believed that my home was protected by a land patent and was not subject to a foreclosure sale.**

3. <u>**After the trustee sale February 22, 2008**</u>. I was not aware that my home ownership was in jeopardy. I believed that the legal disagreements were getting resolved. I am not an attorney so I did not understand the legal procedures. I sought advice and was assured that there were no problems. I recorded my land patent on March 6, 2008. I researched the county recorders and they showed that the property was held in my/plaintiff's name.

4  The next thing I knew the sheriff notice of eviction was issued.   My home is now in lender's possession and prey to transient traffic.  My possessions are also at risk.  But I do not know who is the holder in due course with the right to do a Nonjudicial foreclosure.

5. My complaint was filed to protect my rights to my home. This matter involves compelling federal issues regarding fraudulent lender practices and failure to demonstrate that they are the holder in due course entitled to hold a foreclosure sale, wrongful and illegal sale of real property that was ignored and unresolved title issues that cloud the title.  I am filing a first amended complaint today to detail my damages.

5. I respectfully request this ex parte relief be granted immediately to preserve the status quo.  The requested temporary restraining order essentially seeks reinstatement to take care of my family and our possessions while the court determines right to claims against the subject property and who owns my home.

6.  The court should grant this ex parte motion to stay execution of eviction in order to save the status quo pending determination of title and fraudulent lender practices.   Substantively, plaintiff is likely to prevail on the merits of the case and defendants have a sufficient legal remedy in monetary damages.

7.  In order to maintain the status quo and to preserve the issues presented by defendants, this matter compels the court to assert the protection of the federal jurisdiction because the wrongful unlawful detainer eviction has displaced plaintiff's family for nearly a week and the plaintiff requests consumer protections from imminent damages from interlopers, vandalism, and vagrants,  Court intervention is necessary now, if a court order it to have any effect whatsoever, particularly in light of the serious questions of the propriety of the wrongful foreclosure and illegal unlawful detainer and illegal activities of  lenders Countrywide and its agents.

8.  Plaintiff is the victim of fraudulent lender practices including violations of Unfair Business Practice and resulting Fair Debt Collection Practices Act in which nonresponse and ignoring the homeowner culminated in and fundamental fiduciary duties owed to her to enforce her rights to her home for declaratory relief against the alleged holder in due course and self proclaimed debt collector, declaration that the rights of the trustee are invalid and illegal.   INES is wrongfully ousted from her family home before the issues of oppressive and flagrant lender actions can be determined. INES suffers irreparable harm and extreme hardships for which money damages are inadequate.  My home is also subject to being resold without notice or vandalized.

9.  Plaintiff intends to amend her complaint to more fully give defendants notice of all her claims.  Defendants are not entitled to their ill gotten gains.  **Plaintiff is filing a first amended complaint alleging violation of various federal codes giving this court jurisdiction.**

INES Motion for Emergency Stay 7/31/2008.

10.  Plaintiff will suffer irreparable injury if the eviction is not enjoined until plaintiff has a fair and adequate opportunity to have her claims heard.  Plaintiff has lawful right to her property and it is clear that a fraud was perpetrated on her based on the Countrywide Home Loan, Inc.'s loan documents and subsequent hiding of lender, servicer, and accounting information.   **Simply put, the defendants have no standing to proceed against plaintiff in foreclosure by their conduct in failure to provide validation and verification of the alleged debt documents, breach of fiduciary duty to protect the borrower's rights, and bait and switch lender tactics.**

11.  This motion is based upon the requirement of FRCP 65 in that the plaintiffs will suffer irreparable farm for which there is no remedy if an order to stay the foreclosure is not issued.

### THERE IS A VERY GOOD PROBABILITY OF SUCCESS

12.  For the purposes of this motion Plaintiff relies upon to separate sections of the United States Code. The first is 12 USCA § 2605 (b). The second, as will be discussed later, is reliance upon sections of the Fair Debt Collection Practices Act.

12 USCA § 2605(b) THE REAL ESTATE SETTLEMENT PROCEDURES ACT
This section of the Code concerns the requirement that a borrower must be notified in writing of any assignment, Sale or transfer of the servicing of the loan to any other person.  The code then goes on to list what must be placed in the notice and the time frame within which it must be sent.  There have been few actions under this section but that does not mean that an action under this section does not stand a reasonable probability of success. The section requires notice to the borrower when there is or has been a change in the servicing arrangements for his or her loan.

13.  The fact that this is a proper basis is clearly demonstrated in the recent case Marks v. Owen 2008 WL 344210 4 (ND Ca 2008). In this case Plaintiff could not demonstrate that the notice to which she was entitled was insufficient as Judge Illiston ruled. But the clear implication is that such an allegation was indeed possible *and could*

hence be successful under the appropriate circumstance. **A plethora of cases in the last few months in Cleveland OH, and the original case over 40 years previous, (The Credit River Decision, December 7, 1968. Jerome Daley, Vs. First National Bank of Montgomery, Minnesota,) established the validity of these concerns,**

Foreclosure requires the original note, not a copy. In the instant matter plaintiff seeks to find out just

(1) Who is the person who is to be paid as the holder in due course and

(2) Who has the right to foreclose.

14. Defendants violated the Rosenthal Fair Debt Collection Practices Act under California law, Cal. Civ. Code § 1788, et seq. ("RFDCPA"), and the Fair Debt Collection Practices Act under federal law, 15 U.S.C. § 1692 ("FDCPA"), and therefore had no standing to foreclose on Plaintiff's property and force an eviction. The code defines a "servicer" in the wonderfully circular fashion as one "responsible for servicing the loan" 12 USCA 2605(I)(2). It continues that the term "servicing" means "receiving any scheduled periodic payments from the borrower." id at (3).   The court's attention is drawn to the fact that the code does not use the term "directly" in front of "from the borrower" as some sort of qualifier nor does it say that there can be only one "servicer" at a time. In fact the if one considers the way in which many mortgages are paid today via an order for a direct transfer from ones account then one's own bank may also be a "servicer". The real issue is who had the right to be a holder in due course. Until they prove it, the court has no other choice but to issue a TRO to maintain status quo.

15. Plaintiff understands that the purported foreclosure sale resulted in a "No Sale" foreclosure. Defendants merely made an appearance of transfer of title by their paperwork filing a deed with the county recorder. It appears that plaintiff's property was bundled off to Bank of New York by Bank of America who took over defunct

INES Motion for Emergency Stay 7/31/2008.

Countrywide.  There is no evidence of a Holder in Due course who may be entitled to engage in foreclosure sales, unlawful detainer proceedings, or sheriff evictions.

16.  There is no compelling urgency to protect defendant or its assignor.   Given the current real estate market, a temporary restraining order will do them virtually no damage.  Further the accounting of overpayments, fees, excess interest was not credited and accounted for and is held by defendants.  It is unreasonable to chill INES' rights which are protected by the California Constitution's rights under contract and her federal First Amendment rights where she is defending her right to her home.  The purpose of the COMPLAINT which has been filed in this matter, is to protect her contractual rights and let the public know that they could be targets of the bad business practices of plaintiff's breach of contractual agreement and egregious conduct..

17.  If this court denies the ex parte motion, the result will irreversibly injure the public policy of rights to contract and protection from unfair business practices and fraudulent conduct.  There will be no injury to defendants if the Court grants this motion to reinstate plaintiff's family in their home to maintain the status quo, while  the court determines the issues of the holder in due course re title and accounting dispute.

18.  BALANCING.  To do otherwise will leave INES and her family wrongfully homeless without a remedy.  The balance of hardships tips in plaintiff's favor to allow her to address the minimal requirements for an wrongful eviction and foreclosure and her homeless family.

## MEMORANDUM OF POINTS AND AUTHORITIES

## SUMMARY OF PLAINTIFF'S CLAIMS

Wrongful Foreclosure.  Plaintiffs action arises from defendant's exercise OVER Plaintiff's protest of a wrongful foreclosure without demonstrating that they are the holder in due course.   Plaintiff is forced to bring the within filed action and ex parte emergency request to stay immediately a foreclosure sale on her home.  No one proved defendant had the right or legal authority to foreclose on Plaintiff's real property,   Such Lender misconduct over the years recently came to light.   The mortgage industry acts intentionally to misrepresent fraud on the consumer.  This constitutes fraud on the court as well as fraud on the consumer.  Who is the holder of the wet ink signature promissory note?

This is so serious an issue that **there is a clear mandate to issue a stay** to maintain the "status quo" pending a full adjudication.  Thus the court should reinstate plaintiff and her family.

**ISSUE WRONGFUL FORECLOSURE**    Because most foreclosures proceed without challenges from borrowers, few judges have forced defendant creditors foreclosing on borrowers to show proof ownership. The troubling big issue is who really owns the mortgage note, and allegedly what they illegally securitized.

**ISSUE: STANDING TO  BRING FORECLOSURE**. There has been no determination of standing to execute a foreclosure sale.   A holder in due course must produce the original contract and the original unaltered promissory note entitling them to proceed against the homeowner's title and possession.   Lender did what it wanted to do without judicial determination over plaintiff's protest.

**ISSUES OF STANDING TO EXECUTE A FORECLOSURE SALE WERE NEVER DETERMINED AND CONSTITUTE A FRAUD ON THE COURT.**

**ISSUE: FRAUD ON THE COURT**. Foreclosures take place in courts of equity. Under the rules of evidence this court has the responsibility to keep the status quo until it is determined there is no fraud on the court. If foreclosing defendant is not the holder in due course ("HIDC"), **the court is being told** that they have a right to foreclosure when **they do not**. **Lender does what it wants to do.**

The only one with foreclosure rights is the HIDC.  To be the HIDC you must have the original wet ink signature note. All others are Holder for Value ("HFV") and have very limited rights.   The court must not determine or confirm a foreclosure sale if:

(1) Title is misrepresented and/or there is no commercial sale;

(2) The original, unaltered note is not produced;

(3)  There is a holder in due course, not simply a holder for value; and/or

(4) There is illegal securitization; and

(5) The contract terms were unconscionable and/or statutory violations are determined by wrongful foreclosure sale which was conducted fraudulently,  or justice otherwise was not done.

## FORECLOSURE REQUIRES THE ORIGINAL NOTE.

Defendant's long standing practice of non judicial foreclosure does not equate with legal compliance.  Defendant lender enforces its deception mandate where defendant alleges it owns the promissory note and the original contract, but does not.   This court is compelled to stop defendants at the gate and adjudicate the basic requirements prior to proceeding with at foreclosure sale or alternatively, to reinstate the plaintiff's family while these issues are adjudicated.

**NO EVIDENCE OF HOLDER IN DUE COURSE IN POSSESSION OF NOTE**:

There is no competent evidence before the court that (1) any party is the holder of the alleged note or the true holder in due course and (2) an audit accounting to prove that a certain balance is due and owing on any alleged note.  **Unequivocally Federal and**

state courts rule is that in order to prove the "instrument" <u>possession is</u> <u>mandatory</u>.

**NO EVIDENCE OF AUDIT ACCOUNTING PROVING CLAIM OF DAMAGES**.  In addition, a necessary element of proof is: a claim of damages, i.e. an accounting that is signed and dated by the person who is responsible for the account incorporating the general ledger and accounting.  Of course, no tender can be submitted without an audited correct accounting.

**NO EVIDENCE OF DOCUMENTATION OF OWNERSHIP**.    Thus, more compliance documentation of ownership is required from lenders trying to foreclose.  If the homeowner <u>does not object</u>, the judge rubber-stamps the mortgage foreclosure that is being pushed through the system.  The Court must take responsible action to halt this injustice.

In essence, Defendants provided no proven right or legal authority to foreclose on plaintiff's real property.  A copy of the note does not suffice. Defendants' intentional misrepresentation of their fraud on the consumer constitutes a fraud on the court.  The court must issue a stay to against defendants until further order to enjoin them from taking any action negatively affecting plaintiff.

**THE DETERMINATION OF HOLDER IN DUE COURSE AND ACCOUNTING IS TANTAMOUNT ISSUE REQUIRED TO QUIET TITLE DISPUTES AND COMPELS THE ISSUANCE OF THE REQUESTED INJUNCTIVE RELIEF.**

The compelling need to quiet title disputes provides a separate basis for plaintiffs' claims and for his requested emergency preliminary injunction.  In addition, the Plaintiff intends to file a first amended complaint shortly to detail all her damages.  Based <u>solely</u> on the need to quiet title and the relevant, egregious facts as set forth in pleadings and plaintiff's declaration, she is more than likely to succeed on the merits of her claims in particular due to succeed on the merits of her claims in particular due to the failure to respond to her inquiries to establish debt verification,  obtain an audit accounting, credit

his tender and payments, and determine the holder in due course of the original

contract and wet signature original promissory note.

Unquestionably, undisclosed information constitutes the "actual or threatened

misappropriation" of the PROPERTY that may be enjoined. There is no proof of the

identity of the holder in due course who was entitled to proceed in a foreclosure sale.

Thus, the court is under legal mandate to issue a protective order to maintain the

status quo and protect the interests of the weaker plaintiff party who is faced with the

loss of everything which tips the balance in her as against the defendants whose loss is

secured by the property with a sizable equity remaining.

**2.**

## LEGAL REQUIREMENTS FOR ISSUANCE OF

## TEMPORARY RESTRAINING ORDER

Under Federal Rule of Civil Procedure 65(b) the court recognizes an ex parte

TRO is available without notice.

**INITIAL REQUIREMENTS OF TRO**. The initial requirement for the issuance of a

TRO is that the moving party must demonstrate what the courts have always labeled

the fundamental requirements that there is irreparable injury and the inadequacy of

legal remedy. See Weinberger v Romero-Barcedo 456 US 305, 312, 102 S.Ct 1978

(1982). The general rule is that a Temporary Restraining Order or a preliminary

injunction is for the purpose of preserving the status quo, that is the condition at the time

of filing, until there can be an adjudication on the merits.

The party seeking a TRO must satisfy a cumulative burden of proving four

elements before a TRO can be granted:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of immediate and irreparable harm for which it has no

adequate remedy at law;

(3) that greater injury will result from denying the

temporary restraining order than from its being granted; and

(4)     that a temporary restraining order will not disserve the  public interest.

Clark v. Prichard, 812 F.2d 991, 993 (5th Cir. 1987).

Similar to the temporary restraining order ("TRO") Federal courts consider two (2) interrelated factors in deciding whether to issue a preliminary injunction: (1) likelihood of success on the merits; and (2) interim harm, Hilb, Rogal & Hamilton Ins. Servs. v. Robb, 33 CA4th 1812, 1819 (1995).  The issuance of an injunction should not be adverse to the public interest.  The degree of irreparable harm decrease as the probability of success decreases.   Roe v. Anderson 13 F.3d 1400, 1402 (CA9 1998).

Here the preliminary issue who has the original promissory note must be determined first.

1.  **Likelihood of success on the merits**.

In addition to previous assertions re the likelihood of success, when the potential harm to plaintiff is balanced against the rights of the defendant, greater injury will be inflicted upon plaintiff in the loss of her home than upon defendant whose interest is secured with the property. Plaintiffs are not required to show positively that they will prevail on the merits. A reasonable probability is sufficient See Glider v PGA Tour Inc. 936 F. 2nd 417, 422 (9 Cir 1991).  Here it is undisputed that the defendant has not been identified and demonstrated that they are the holder in due course.

A plaintiff may meet her burden by showing " either a combination of probable success on the merits and the possibility of irreparable injury; or serious questions as to these matters and the balance of hardships tips sharply in the plaintiffs favor" Department of Parks & Rec for the State of California v. Bazaar Del Mundo Inc.448 F. 3rd 1118,1123 (9h Cir 2006).  The court continued to note that the two "formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases" id at pg 1123-1124.

**It is undeniable that defendants failed to demonstrate that they are a holder in due course,** failed to produce the original wet ink signature on the original promissory note and the original contract documentation.  Defendant denies a full accountability for their responses to plaintiffs, and most troubling of all, it seems that the defendant failed to credit all plaintiffs' payments and added excessive fees and extra fees or charges.

In this case the plaintiff demonstrated the existence that there is a reasonable likelihood of success with regards  to  very serious questions. Unlike the case decided by Judge Whelan a little over a month ago, Lyndon v. Countrywide Home Loans (Docket number 08 - CV-0837) May 13, 2008, the plaintiff here has both filed suit and sought relief and made protest prior to the occurrence of the sale.  Plaintiff was unable to proceed in a more timely fashion due her false understanding that a land patent was protecting her home property.  It is respectfully requested that the Court restore and maintain the status quo until it can decide on the primary issues of the accounting for the alleged debt and proof of the holder in due course.

The public interest will be served by allowing plaintiff to reinstate in the home, preventing her family from further distress from becoming homeless until the issues of right to holder in due course is determined.   Public interest will not be disserved by issuing a temporary restraining order to restore and maintain the status quo.

## THERE IS A HIGH PROBABILITY OF SUCCESS BASED ON STATUTORY PROTECTION OF CONSUMER RIGHTS IN THE REAL ESTATE INDUSTRY.

Underlying issues of alleged wrongful foreclosure are troubling to the homeowner consumer and easily disregarded by the lender defendant. Plaintiff relies on the separate sections of the United States Code and state law regarding Fair Debt Collection Practices Act.  12 USCA § 2605 (b). THE REAL ESTATE SETTLEMENT PROCEDURES ACT.  Defendants are required to present validation of accounting and they have not.  This is troubling because plaintiffs made payments and full tender which was kept by defendant and not credited to her account.

In this case it is not known if defendants have any significant or sufficient rights to initiate a non-judicial foreclosure.  **Nor has there been any validation of the debt by the lender.**  In fact there has been no audited accounting made to plaintiff.  If the status quo is not reinstated and maintained, a greater injury will be suffered by the plaintiff and her displaced family suffering more than any harm that might be suffered by the defendant.  This court is mandated to issue a stay to keep the status quo until the standing to foreclose is determined by the court.

One of the purposes of the real estate Settlement Procedures Act was to protect borrowers and give them a tool by which they could protect themselves beyond TILA requirements to halt **fraud and misrepresentation** in the mortgage industry and to halt **preying on consumers**.  **This is so serious an issue that there is a clear mandate**

**to issue a stay to reinstate and maintain the "status quo" pending a full**

**adjudication.**

## 2. Interim Harm

**Irreparable Injury.** The real property being wrongfully foreclosed on is the family home. Real property is unique and something for which no amount of monetary damages will compensate. Since the February wrongful disclosure, plaintiff has investigated and requested relief when she discovered that the land patent was not effective protection.

B.    Plaintiff faces full damages and ongoing losses by the loss of possession of her property by foreclosure . Plaintiff seeks a determination whether the defendants had a legal right to hold the foreclosure. To deny an equitable stay of execution until there is actual proof that defendants and/or his agents and successors have the right to the relief they seek which is not reviewed by any court is extremely draconian and harsh.

In an abundance of caution and based upon legal and equitable considerations, this Court should enter a Temporary Restraining Order to restore her possession of her home to maintain the status quo  and to allow Plaintiff and Defendants to set forth their respective claims.

**Inadequacy of Remedy.**   A home is an important unique investment where one chooses to make his life, to build a future, and is not replaceable.   Plaintiff will suffer **irreparable harm** in the loss of her home and possessions and can not be compensated for that loss. That substantial threat of irreparable harm outweighs any potential harm to the other parties.

INES Motion for Emergency Stay 7/31/2008.

- 16

BALANCING    The issue underlying this suit is a foreclosure of real property a remedy which should plaintiff be unsuccessful, the real property will not be lost.  It is unlikely that defendants will be placed in much jeopardy, given the current nature of the real estate market.  They will essentially suffer no damage at all.  In contrast the home is used as a family home and a family is homeless.  The wrongful foreclosure displaced the family and inflicted more damages

### Bond Requirements.

The court has discretion to determine the imposition of bonding requirements if, in the courts discretion such a bond is necessary.   Since the underlying issue is a foreclosure of real property, the value of the real property remains even if plaintiff is unsuccessful. In the current real estate market, it is most unlikely that Defendants will be placed in much jeopardy because their risk is secured by the property.

The court must take note that plaintiff has justifiably requested the right for proof that there is a right to actually legally hold the foreclosure sale.  To require a bond in these circumstances would have a chilling effect to penalize the consumer for exercising his protected statutory rights.  Accordingly, it is requested that no bond be required.

////

///

///

///

///

///

///

INES Motion for Emergency Stay 7/31/2008.

- 17

## **CONCLUSION**

Based on the foregoing and the application for emergency restraining order ,

Plaintiff  respectfully requests that this Honorable Court to issue a stay against

defendants until further order to enjoin them from taking any action negatively affecting

plaintiff and her family.

Dated:  July 31, 2008                                     Respectfully submitted,


Merlinda L. Ines, Plaintiff in pro se

## DECLARATION OF MERLINDA L. INES

I, MERLINDA L. INES, declare:

1. I, am the plaintiff in the within matter. The facts set forth herein are within my personal knowledge and, if called upon to do so, I could and would competently testify thereto under oath. This declaration is made in support of my request for ex parte stay of immediate reinstatement from wrongful eviction from my home.

2. In 2005 I purchased the property at 1737 Copper Penny Drive, Chula Vista, California not as an investment property but to be my family's home. I put my savings in the property with 10% down.

3. In good faith I believed the promises of the lender, but lender Countrywide conspired to wrongfully discredit my mortgage account. Instead in the face of their erroneous and misleading communications they frequently proclaimed that they were debt collectors. They failed to keep me informed of the status of my loan or who was my contact for servicing the loan in violation of,

4. Now there are disputed issues of title and accounting that are required to be settled to let me know, who is the legal owner of the original promissory wet signature note, and original agreement.

5. I also requested a true accounting and am working on a reasonable modification. To date, despite my legal right to such a validation of the debt, I have received nothing responsive from defendants. I have only received communications that simply repeated formulaic information but never actually answered the questions I asked and sent me nothing from those who purported to be the actual "owner" of the" mortgage". **I do not know who the true owners of the wet ink signature note** are. As a result, **I do not know who is to be paid nor what the true accounting balance should be and what portions are attributable to excess fees, charges, commissions, omitted payments, etc.**

6.    Defendants conducted a wrongful foreclosure and proceeded via illegal measures to take my home, without addressing my concerns and returning accounting for my value and interest. The Countrywide executives who originated my loans were engaged in a massive fraud on homeowners, borrowers and investors," . "They enriched themselves by over $1 billion" [Thursday 7/24/08 CNN news bulletin.]  I had placed approximately 10% down of my savings in the original purchase which they wrongfully have taken from me.

7.    While the disputed issues of title and accounting are determined, my home must not be resold.  My equity was wrongfully taken without the right of a proven holder in due course over my protest for a court determination of the true person with a right to be judicially determined and proven to have the original wet ink promissory note. Further the accounting irregularities for over payments and over charges have not been completed.

8.    I have no remedy for my homeless family of four from our home, taking our possessions and leaving us homeless.    I intend to file a first amended complaint simultaneously to detail my damages more explicitly.  I believe that my home and possessions are in immediate danger of harm from vandalism in an unoccupied dwelling and subject to raiding by indigent interlopers.  Further if the status quo is not maintained my success in showing that the defendants are not the holder in due course of my original wet ink signature will be moot in the event that my home and possessions are sold or destroyed in the interim.

9.    I respectfully request the court allow my family to protect our home and property during a determination of the prima facie proof of holder in due course being presented and a judicial determination made. **I still have nothing to demonstrate who is actually the creditors are to show that the right of nonjudicial foreclosure still exists at all.**

INES Motion for Emergency Stay 7/31/2008.

10.  I have investigated information from the Federal Reserve concerning extensions of credit by the Federal Reserve and what appears to have happened here is that the loan here is no longer a mortgage but is now a security as that term is used by the Securities and Exchange Commission and the California Corporations Code.

11.  I first filed a motion for TRO seeking among other things a judicial determination as to the nature of the financial status involved here and including the appropriate interest rates and amount actually owned.  I admit that I should not have left this so long, but I thought that an accounting would be forthcoming and documentation would be provided.  Nothing was ever provided.  Still this is my home and it was very involved and complex to investigate the exact legal requirements to conduct a non-judicial foreclosure sale.

12.  If no emergency action is entered the complete loss of my family home and our possessions in our home will be forever lost or destroyed.  Given the serious nature of what has occurred to me as well as to numerous other people, I must submit this emergency request along with the first amended complaint and request a judicial determination to protect my interest and my family possessions.

13, It is urgent that the position of the parties and their interests remain in the status quo until the court can reach a decision.  I request a temporary restraining order to protect the interests of the parties and the material things in place.  I am not prepared to place a bond in this matter, and submit that the defendants have little risk as the property remains its security balanced against my family's loss of everything that makes the balance tip in favor of the plaintiff.  I respectfully request an emergency stay be issued by this court to maintain the status quo without bond given the lack of risk to defendants.

1    Executed under penalty of perjury under the laws of the United States this 31 day

2  of July, 2008 at San Diego, California

3

4                Merlinda L. Ines

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28