1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERLINDA L. INES,<br><br>       Plaintiff,<br>vs.<br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>       Defendants. | CASE NO. 08cv1267 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Ex Parte Application for Temporary Restraining Order to Stay Defendants from Taking Any Action Negatively Affecting Plaintiff's Interests in the Subject Property (Doc. # 10).

  On July 15, 2008, Plaintiff initiated this action by filing the Complaint (Doc. # 1). On July 15, 2008, Plaintiff also filed an Ex Parte Application for Temporary Restraining Order ("First Application for TRO") (Doc. # 3). In the First Application for TRO, Plaintiff requested that the Court stay execution of Plaintiff's eviction from her home on grounds that Defendants violated the Rosenthal Fair Debt Collection Practices Act under California law, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA"), and the Fair Debt Collection Practices Act under federal law, 15 U.S.C. § 1692 ("FDCPA"), and therefore had no standing to foreclose on Plaintiff's property and force an eviction. On July 18, 2008, after hearing oral argument from both parties, the Court issued an order denying the First Application for TRO on grounds that Plaintiff failed to demonstrate a likelihood of success on the merits or that the balance of hardships tips sharply in her favor (Doc. # 7). The Court concluded that Plaintiff had not established a likelihood of success on the merits because Plaintiff failed to demonstrate that the

1  FDCPA and RFDCPA apply to Defendants.

2  On July 25, 2008, Plaintiff filed a second Ex Parte Application for Temporary Restraining Order ("Second Application for TRO") (Doc. # 9).   In the Second Application for TRO, Plaintiff states: "The requested temporary restraining order essentially seeks reinstatement to take care of my family and our possessions while the court determines right to claims against the subject property and who owns my home."  *Second Application for TRO,* p. 3.  Plaintiff asserted that she is entitled to relief under 12 U.S.C. section 2605(b), which "concerns the requirement that a borrower must be notified in writing of any assignment, sale or transfer of the serving of the loan to any other person." *Id.* at 5.  The Court concluded the Plaintiff had not established a likelihood of success on the merits because Plaintiff failed to assert with any specificity how Defendants have failed to comply with the notice requirements articulated in section 1605(b) and Plaintiff conceded that her own inadvertence prevented her from receiving any notice of the unlawful detainer action against her in a timely fashion.

On August 1, 2008, Plaintiff filed a third Ex Parte Application for Temporary Restraining Order ("Third Application for TRO").  In the Third Application for TRO, Plaintiff states: "This application requests that the court issue an order allowing a family to temporarily reinstate family's rights to regain our possessions pending a court determination of the holder in due course ("HIDC") to maintain the status quo." *Third Application for TRO,* p. 2.  The Third Application for TRO asserts the same grounds for relief (the FDCPA, RFDCPA and 12 U.S.C. section 2605(b)) and rehashes the arguments made in the First and Second Applications for TRO, which the Court denied.  The Court concludes that Plaintiff has failed to demonstrate probability of success on the merits or that the balance of hardships tips sharply in her favor.

The matter Ex Parte Application for Temporary Restraining Order to Stay Defendants from Taking Any Action Negatively Affecting Plaintiff's Interests in the Subject Property (Doc. # 10) is **DENIED**.

DATED: August 5, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge