**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MERLINDA L. INES,<br><br>                    Plaintiff,<br>vs.<br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>                    Defendants. | CASE NO. 08cv1267 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiff's Verified Complaint (Doc. # 11).

**Background**

On July 15, 2008, Plaintiff initiated this action by filing the Complaint (Doc. # 1). The Complaint alleges that Plaintiff "is being wrongfully ousted from her family home." *Complaint,* ¶ 1. The Complaint alleges that Defendants do "business in San Diego County California in the mortgage industry." *Id.,* ¶ 8. The Complaint alleges that "defendant(s) operate a for profit foreclosure business." *Id.,* ¶ 20. The Complaint alleges that "Defendants provided plaintiff with papers that indicated that Defendants may be a debt collector attempting to collect a debt." *Id.,* ¶ 21. The Complaint alleges that Plaintiff sent Defendants requests to validate and verify the alleged debt, but that her requests went unanswered. The Complaint alleges that, as a result of "Defendants' non response to request for debt verification," the "Notice of Trustee's Deed Upon Sale" was invalid. *Id.,* ¶¶ 22, 23. The Complaint "objects to the non-judicial foreclosure or judicial foreclosure" of Plaintiff's

property. *Id., ¶* 4. The Complaint alleges that the "basis for suit is failure to comply with [Plaintiff's] lawful demand to validate the alleged debt in good faith and fair dealing" in violation of the Rosenthal Fair Debt Collection Practices Act under California law, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA"), and the Fair Debt Collection Practices Act under federal law, 15 U.S.C. § 1692 ("FDCPA"). *Id.,* ¶ 5. The Complaint seeks declaratory relief, injunctive relief, and statutory damages. *Id.,* ¶ 1.

On August 4, 2008, Defendants filed the Motion to Dismiss Plaintiff's Verified Complaint. Defendants contend that "Plaintiff's Complaint fails to establish any interest that the named Defendants have in the real property that Plaintiff identifies in her Complaint . . . or that any of the named Defendants have any relation to or interest in the purported 'wrongful' foreclosure to which she objects." *Mot. to Dismiss,* p. 2. Defendants contend that although one can assume from the Complaint that "Plaintiff is somehow disputing the foreclosure of a Deed of Trust . . . , Plaintiff's Complaint is completely silent to the existence of a Deed of Trust and is completely silent with respect to the named Defendants' relation to or interest in any Deed of Trust, let alone any interest in that particular instrument upon which the purported 'wrongful' foreclosure is based." *Id.* Defendants contend that the Complaint "alleges only a single claim for what appears to be a violation of the [RFDCPA and FDCPA]," and that the Complaint "consists of entirely unintelligible allegations of wrongdoing, none of which state with specificity that the RFDCPA and the FDCPA apply to the named defendants in this action." *Id.* at 1-2.

Plaintiff contends that the "action arises from" violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), "non disclosures and course of action that proceeded with a wrongful foreclosure" on Plaintiff's property. *Opposition,* p. 3. Plaintiff states:

> Plaintiffs intend on amending their complaint to include the information that they are now aware of and all the related causes of action to plead with particularity the lender violations and willful non disclosures in violation of federal and state lending laws. Accordingly, plaintiffs request leave of the court to amend their complaint with more specificity to correct known errors and set forth in more complete detail the legitimate claims of plaintiffs. Further the factual allegations may be pled with more clarity in an amended complaint.

*Id.* at 5. "Plaintiff respectfully request[s] that the Court deny the motion to dismiss or to strike in its entirety, and/or alternatively, allow grant them leave to amend the complaint to plead with specificity to correct any defective pleading and protect their property rights." *Id.* at 11.

## **Applicable Law**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *See id.* (citing Fed R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). "Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Once an answer to the complaint has been filed, as is the case here, courts may deny leave to amend where the proposed amendment would be futile, where it is sought in bad faith, where it will create undue delay, or where "undue prejudice to the opposing party will result." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

The FDCPA and the RFDCPA prohibit debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts. 15 U.S.C. § 1692, *et. seq.;* Cal. Civ. Code § 1788, *et. seq.* To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a "debt collector" collecting a "debt." *Yueda v. J.A. Cambece Law Office,* 2005 U.S. Dist. LEXIS 9271 (N.D. Cal. 2005). Furthermore, the "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Hulse v. Ocwen Fed. Bank, FSB,* 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *see also Williams v. Countrywide Home Loans, Inc.,* 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) ("Mortgage companies collecting debts are not 'debt

1  collectors'). California incorporated the FDCPA into the RFDCPA under section 1788.17 of the
2  California Civil Code.

3  **Ruling of the Court**

4  The Complaint alleges that "[t]he basis for suit is failure to comply with [Plaintiff's] lawful
5  demand to validate the alleged debt in good faith and fair dealing," in violation of the RFDCPA and
6  the FDCPA. *Complaint,* ¶ 5. The Complaint alleges that Defendants "are doing business in San
7  Diego County California in the mortgage industry;" that Defendants "operate a for profit foreclosure
8  business;" and that "Defendants may be a debt collector attempting to collect a debt." *Id.,* ¶¶ 20- 21.
9  The Complaint "objects to the non-judicial foreclosure or judicial foreclosure" on Plaintiff's home.
10 *Id.,* ¶ 4. The Court finds that the Complaint arises out of the allegedly unlawful foreclosure on
11 Plaintiff's property pursuant to a deed of trust, which does not fall within the meaning of the RFDCPA
12 or the FDCPA. Aside from the conclusory allegation that "Defendants may be a debt collector," the
13 Court finds that the Complaint does not allege facts to support the allegation that Defendants are debt
14 collectors within the meaning of the RFDCPA or the FDCPA. The Court further notes that the
15 Opposition asserts that "Plaintiff's action arises from TILA violations, non disclosures and course of
16 action that proceeded with a wrongful foreclosure," and does not assert violations of RFDCPA or
17 FDCPA. *Opposition,* p. 3. Plaintiff seeks leave to amend in order to "plead with specificity to correct
18 any defective pleading," "to correct known errors," and to "set forth in more complete detail the
19 legitimate claims of plaintiffs." *Id.* at 1, 5. The Court concludes that amendment is not sought in bad
20 faith, will not create undue delay, and will not prejudice Defendants. In light of the foregoing, the
21 Court grants the Motion to Dismiss, and grants Plaintiff's request to amend the Complaint.

22 IT IS HEREBY ORDERED that the Motion to Dismiss (Doc. # 11) is **GRANTED.** The
23 Complaint (Doc. # 1) is DISMISSED with leave to amend. Plaintiff shall file a First Amended
24 Complaint no later than Monday, November 24, 2008.

25 DATED: November 3, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge