1
2   MERLINDA L. INES
    847 Rosa Court
3   ~~Escpmdodp, CA 91027~~ *Escondido, CA. 92027*
4   Phone, 760-644-4354

FILED

2008 NOV 26 PM 3:50

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

5
6
7   Plaintiff MERLINDA L. INES

**NUNC PRO TUNC**

8
9   NOV 2 4 2008

10
11          THE UNITED STATES DISTRICT COURT
12      FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13
14   MERLINDA L. INES                    )
15          Plaintiff,                   )   CASE NO.08CV1267 WQH (NLS)
16                                        )
        vs.                               )
17                                        )
18   COUNTRYWIDE HOME LOANS,INC;         )   FIRST AMENDED
19    BANK OF NEW YORK AS TRUSTEE        )
20   FOR THE CERTIFICATE HOLDERS         )   COMPLAINT FOR DAMAGES
     CWMBS, INC. CHL MORTGAGE PASS-      )
21   THROUGH TRUST 2005 HYB 7            )
22   MORTGAGE PASS-THROUGH               )
     CERTIFIC                            )   [Complaint Filed 7-15-2008]
23   ATES, SERIES 2007-HYB7              )
24                                        )
25                                        )
26          Defendants,                  )
27                                        )
28                                        )
29                                        )
30   _____
31
32   CAUSES OF ACTION:        1.   INJUNCTIVE RELIEF
                        2.  STATUTORY DAMAGES

- 1 -

INES FIRST AMENDED COMPLAINT

3.  FRAUD
4.   BREACH OF CONTRACT
5.  QUIET TITLE AND
6.    DECLARATORY RELIEF

Plaintiff MERLINDA L. INES ("INES") alleges as follows against

COUNTRYWIDE HOME LOANS, INC  ("Countrywide") and BANK OF

NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS

CWMBS, INC. CHL MORTGAGE PASS-THROUGH TRUST 2005 HYB 7

MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HYB7

(BNY) (collectively, defendant or "BANK") as follows.

## Summary of the Action.

1. Defendants wrongfully proceeded in foreclosure against the

plaintiff without the adjudication of the issue of ownership of title.  Simply

put, plaintiff does not know who is the rightful owner of the right to

foreclose on the property and alleges the foreclosure was not legally.

When it is a disputed issue, the ownership of title must be determined

first, by this court.  Otherwise, any unlawful detainer action for possession

results in a void judgment

2.The crux of the pending action is the determination of title which

is essential to execute foreclosure.  **No evidence** of a proven chain to

title of ownership of BANK exists.  **No evidence** was produced by BANK

when challenged to establish a prima facie foreclosure case.   Thus the

- 2 -

unlawful detainer judgment court lacked jurisdiction of subject matter and/or the parties.

3.Due to the Deceptive and Unfair acts and practices complained of, as more fully set forth herein, plaintiff exercised her ownership rights and responsibilities with regards to the SUBJECT PROPERTY located at 1737 Copper Penny Drive, Chula Vista, California, including making home improvements,  paying property utilities, and paying the property expenses.   She attempted to communicate to defendants  concerning their claims potentially claiming the PROPERTY and resolve any disputes and was forced to file the within matter when negotiations met non response and a programmed approach to obtain a sheriff's eviction to take possession of her home.

4. BANK and its associates/agents took a wrongful foreclosure with a trustee stale and then took plaintiff's  PROPERTY,  filed an unlawful detainer and evicted plaintiff's family with removal by the sheriff. She seeks to restore her family to their resdent,  resolve the matter of title to the property and accounting with account ledger to clear her property.  She claims all the rights and protections under federal and state laws prohibiting the lender wrongful predatory acts and statutory violations that victimized her.

5She repeatedly attempted to resolve the matter with nonresponsive defendants, but no one spoke with her or returned her communications to resolve this matter.  This action is brought to stay the

irretrievable pending loss of her family home following the auction to protect his due process rights to his property until the court makes a determination of each party's rights,  A stay of actions detrimental to the irretrievable loss of plaintiff's home is necessary to preserve the status quo.

6 When jurisdiction is challenged, the party claiming that the court has jurisdiction has the legal burden to prove that jurisdiction was conferred upon the court through the proper procedure. Otherwise, the court is without jurisdiction. Whenever a party denies that the court has subject-matter jurisdiction, it becomes the duty and the burden of the party claiming that the court has subject matter jurisdiction **to provide evidence from the record of the case** that the court holds subject-matter jurisdiction. *Bindell v City of Harvey 571 B,E, 2d 1017*

7. Until BANK submits uncontroversial evidence of subject matter jurisdiction to the court that they have title ownership the  court has subject matter jurisdiction the court is proceeding without subject matter jurisdiction.

### TRUTH:  AN INVALID NOTICE OF DEFAULT AND/OR AN INVALID NOTICE OF SALE AND/OR FAILURE TO GIVE NOTICES IS FATAL AND PRECLUDES COMPLIANCE WITH CALIFORNIA FORECLOSURE LAW RENDERING TITLE DEFECTIVE

### JURISDICTION AND VENUE

8.     Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 in that the claims alleged therein arise under the laws of the United States.  This court has supplemental jurisdiction pursuant to 28

- 4 -

U.S.C. Section 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal claims and arise out of a common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution.

9. Jurisdiction within this court is predicated upon various Federal questions arising under the United States Code including but not limited to 15 USCA § 1640 et seq. Commonly known as the Truth in Lending Act has an extended statute of limitations for three years. (TILA): 12 USCA § 2605 the Real Estate Settlement Procedures Act (RESPA) and 15 USCA § 1602 et seq. commonly known as the Homeowners Equity Protection Act, as well as 15 USCA §1692 , commonly known as the Fair Debt Collection Practices Act. The statutory violations alleged herein are primarily consumer oriented violations of fair debt practices. Non-disclosure, misrepresentation and deceptive practices.

10.   <u>Standing to Sue</u>.   The amount in controversy exceeds the unlimited jurisdiction amount as the subject matter jurisdiction involves a written contract for real property exceeding the amount of $75,000. as a result of COUNTRYWIDE's alleged illegal conduct in attempting to collect an unlawful debt and failure to provide written assignment, sale, or transfer of the servicing of the subject loan and accounting changes.

11.   INES suffers the threat of irretrievable loss of her home, i.e. wrongful eviction and becoming homeless. INES is informed that financial injury took place upon wrongful foreclosure, resulted in the

- 5 -

pending real loss of the family home, Sheriff's eviction, followed by homeless condition.  INES' injury as a result of lender conduct is likely to be redressed if the requested relief is granted.

12.    The Court has jurisdiction over Plaintiff's action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.  Injunctive relief is authorized by 28 U.S. C. § 2203 and Rule 65 of the Federal Rules of Civil Procedure.

13.    Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gave rise to these claims occurred within the Southern District of California. The real property in question is located within San Diego County, California.

<u>PRELIMINARY ALLEGATIONS</u>

14.    This complaint is filed for injunctive relief and damages that have occurred due lender to enforce plaintiff's rights to recover statutory damages, reasonable fees and costs due to the wrongful and fraudulent non disclosure practices of Countywide and its successor BNY including violations of Title Fair Debt Collection Practices Act Civil Code 1788, Title 15 U.S.C. §1692 and fundamental fiduciary duties owed to defendants to enforce plaintiff's rights to her home for declaratory relief against the

alleged debt collectors, declaration that the rights of the trustee are invalid and illegal causing plaintiff to incur damages.

13.   Plaintiff was wrongfully ousted from her family home and suffers irreparable harm and pending irretrievable loss of home: money damages cannot compensate INES for the pending irretrievable loss of her primary residence and loss of her family household possessions as a single mother with two children.   Defendants are fully cognizant of their misrepresentation and displacement of this family and blissfully rushed to take their home.

14.   INES is ignorant of the true names and capacities of the persons engaged in commercial activities of the defendant.   Discovery will confirm the identity, capacity and interests of the defendant's agents when determined.   However, plaintiff has seen no legal evidence on the record that would support assertions or conclusion that defendant(s) has or have acquired legal standing as a holder in due course for adequate value.

15   On information and belief INES alleges that defendant is committing fraud in the factum in that defendant(s) is not a person entitled to enforce the alleged DEBT because they lack standing and legal capacity to enforce the instruments.   At all times plaintiff was told that her land patent right protected the subject property from the attempts of the lender to foreclose against her property.   During the time preceding the foreclosure sale plaintiff attempted to get documentation as to the

status of the holder in due course and  who actually was in possession of the promissory note and had the right to bring a foreclosure, if any .

16.    INES objects to the non-judicial foreclosure or judicial foreclosure without sufficient evidence for the Court to review as proof of the identity of the real party in interest, i.e. the person legally vested with the power to enforce the note as a holder in due course for adequate and sufficient value  paid for  the note on the subject real property.   When the issue is contested, Defendants may not foreclose on the subject property without showing lawful status and standing and legal capacity to enforce the instruments.

17.    The defendants proceeded in non judicial foreclosure to transfer the title to themselves at a wrongful foreclosure 'sale' and subsequently filed an unlawful detainer action to oust the plaintiff from her home.   This sale did not constitute a commercial sale to a new homeowner family.  Plaintiff protested the lack of evidence of the identity of the real party in interest. No documentation was presented in response to her requests.  The plaintiff and her family were ousted out in a sheriff's eviction on or about July 17, 2008.

18.    Plaintiff delayed in filing this action in the belief that in the absence so proof the matter would be determined on the basis of full disclosure of documents, and account ledger, and production of the original unaltered note and agreement or resolved by judicial adjudication of the dispute.

19.    INEZ believes that the fair debt protection does and related real estate settlement procedures act would protect her rights  and protect her from fraud and misrepresentation so prevalent in the mortgage industry.

INES FIRST AMENDED COMPLAINT

20.   INES objected to this non-judicial foreclosure on her property, and demanded a determination of holder in due course who has proof of ownership of wet ink signature promissory note.  No The Court has not seen proof of the identity of the real party in interest who is legally vested with the power to enforce the note as a holder in due course. Defendant may not foreclose on the subject property without showing lawful status and standing.

21.   In undue haste and without commercial reasonableness the defendants proceeded in non judicial foreclosure to transfer the title to themselves at a wrongful foreclosure sale and subsequently filed an unlawful detainer action to oust the plaintiff from her home.  No individual purchased the property; there was no commercial sale to a new homeowner, therefore this was a "No Sale".  A sheriff's eviction. is immediate at hand.  All these events took place over plaintiff's protest.

<u>PARTIES</u>

22.   INES was the plaintiff in possession of the property located at 1731 Copper Penny Drive, Chula Vista, CA 91915.  Plaintiff was wrongfully ousted without due process.  And threatened by fraud, threats and financial duress by Countrywide and its successors.

- 9 -

23.   The defendant COUNTRYWIDE HOME LOANS, INC is a mortgage industry company doing business in San Diego County California .

24.   The defendant BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWMBS, INC. CHL MORTGAGE PASS-THROUGH TRUST 2005 HYB 7 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HYB7 (BNY) is a mortgage parties doing business in San Diego County California.

25.   Extended Statutory Rights and TILA Rights.   The statute of limitations on the extended TILA right is three years; however, it can be tolled for certain reasons, and more importantly, a borrower can always rescind, if the loan is rescindable, if the lender starts foreclosure proceedings.   The homeowner has additions rights to damages for violations of consumer protection laws as well s the right to recover for the non disclosures and misrepresentations and unfair treatment. The full extent of violations against plaintiffs' rights will be revealed in full through discovery of documents secreted by defendants and not disclosed to plaintiff.

26 .   Assignee Liability.   Home loans are often sold to raise additional capital. Liability for violating these statutory protections runs to the lender. Once the loan is sold, the liability, as related to rescission, extends to the assignee as well. 15 USC §1641(c).

## __DEFENDANT IS PREDATORY LENDER AND BROKER__

27.    There is no uniformly accepted definition of "predatory lending."  However, the United States Department of Housing and Urban Development ("HUD") has defined predatory lending as lending "involving deception or fraud, manipulation of borrowers through aggressive sales tactics, or taking unfair advantage of a borrower

28.    Since predatory lenders are constantly developing new techniques to take advantage of borrowers, it is generally accepted by the lending industry and government agencies that monitor that industry that predatory lending practices include engaging in aggressive, high pressure and/or misleading tactics. BNY  engaged in this kind of conduct toward INES after it acquired control of their loan that originated with COUNTRYWIDE  who were the original beneficiary under that certain subject property Deed of Trust.

29.    AGENCY.  On information and belief, INES  alleges that COUNTRYWIDE was a corporation, institution, broker, lender, trustee, dealer or seller of securities, organized and existing under the corporate laws of California, and operates within California, or their States within the United States.  On information and belief, INES alleges defendants

individuals operate as agents, managers, officers, or as trustee for the "mortgage Lender".

30.   INES alleges the defendant(s) operate a for profit foreclosure business.    The event of foreclosure creates a negative financial comment to be placed in the plaintiffs' credit file resulting in damage to INES since a lower FICA score results in higher costs of credit which is kept by Experian, Transunion, and Equifax which are operational components of the Money Trust.

31.   This injury is fairly directly traceable to defendants' actions of conducting the trustee's sale on INES' subject property without answering her requests for the validation of debt and without crediting her account with payments tendered.  At the trustee sale Ines stated  that she did not know who had a land patent was placed on the subject property.

32.   Defendants provided plaintiff with papers that indicated that Defendants may be a debt collector attempting to collect a debt.   No verification of debt was provided to plaintiffs.  Defendant  sent notices to plaintiff that it was attempting to collect a debt.  Defendants are in default in violation of the Fair Debt Collection Practices Act for State and Federal law.  INES objects to this violation of her protected rights under the debt collection laws of this State    Lender provided no documentation or accounting to her request.s.

33.   <u>Defective Notice of Default and Election to Sell</u>.  From August 2005  continuing to date, INES  sent defendants requests to validate and verify the alleged debt. The requests have gone unanswered.   The Notice of Trustee's Deed Upon Sale, Document number 2008-0090958-00, which was filed and recorded on April 25, 2008 is defective in that the request to validate the alleged debt (RESPA) and explain the loan documents and high interest rates and increase of payment were unanswered at the time of the wrongful sale.

34.   Further under commercial law this purported foreclosure sale does not constitute a sale to a person.   Defendants are falsely recording transaction documents as though it a purchaser was at there to transfer title.   There was no purchaser at the sale.

35.   The defendants" unlawful foreclosure and unlawful detainer actions are defective in that the request to validate the alleged debt has gone unanswered and the request to provide the "Original", unaltered Affidavit of Obligation; "Note", has gone unfulfilled.   Request for the "Original", unaltered Affidavit of Obligation for proof of debt, have gone unfulfilled.   Attempts to send "copies", herein "counterfeit securities" of the instruments have been attempted, which by law does not show adequate proof of the debt.

36.   Defendants are subject to equitable estoppel under laches and are barred from further proceeding on the matter until their non response default is addressed.   Defendants' non response to request for debt verification continued to be with no answers  to Plaintiff's months of attempts to get a response on the issues of the subject property.

- 13 -

Defendants' non response conduct continued with their failure to apply INES' full payment to the alleged debt in September 2007, October 2007 and November 2007.   This provides legal authority for the application of temporary injunction to enjoin the execution of eviction under wrongful unlawful detainer to determine the underlying title issues regarding lending irregularities and lack of answers from lenders.

37.    As a result of lender breaches of contract and fraud, their acts must be fully determined and plaintiff's property deeded to her.

38.    Non response to notarial letters requesting verification of debt.  All successors in interest to the original lender are held to the same requirements in the continuation of transfers of interest.  Successor interests can be no greater than the original lender's interest and are subject to the destruction of the original note by securitization.

39.  The initial loan negotiations were conducted primarily with INEZ  in Tagalog, the language widely spoken in her home and in local community business transactions and societal meetings. However, no translation of every term and condition in the written agreement was provided to her for her final review and understanding.  She was rushed through the signing of the loan document package and did not

understand the meaning of the doucuments. Her questions went unanswered.

30.     Defendant and its agents ignored California Civil Code Section 1632 which states in pertinent part concerning the subject loan:

> "(4) Notwithstanding paragraph (2), a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part 1 Of Division 4 of the Business and Professions **Code**, or Division 7 (commencing with Section 18000), or Division 9 (commencing With Section 22000) of the Financial **Code**.

40.     Plaintiff did not know how to decipher the legalese code but through societal conditioning believed defendants through ignorance, misunderstanding and was given less than full disclosure. Plaintiff was given verbal guarantees that she would be allowed to refinance the loan prior to the first rate adjustment.  This guarantee induced the execution of the transaction.

41.   No one explained the workings of all of the adjustable interest rate, how it is computed nor its inherent volatility.  Plaintiff was rushed into a transaction in which no questions were answered and placed her into an uncertain financial status.

     A. At the time of settlement on the transaction Plaintiff was not given any signed copies of the completed transaction.

- 15 -

INES FIRST AMENDED COMPLAINT

B.  Plaintiff has no documents evidencing the completed transaction.

C.  Further on information and belief, Plaintiff alleges that the defendant charged and obtained improper fees for the placement of this loan as subprime when they qualified for better prime rate mortgage which would have generated less in fees and interest.

42    The loan was thereafter purportedly secured by the deed of trust and recorded.  However, Plaintiff has no records of the signed transaction in its final form concerning her subject property.

43.    The security interest was not created to finance the acquisition or initial construction of Plaintiff's home.

44.    Plaintiff contends that the material terms of the loan, including the interest rate, annual percentage rate, and closing costs were misrepresented and were greater than the original Good Faith Estimate of Closing Costs given to Plaintiff, and that the discrepancies, although questioned by Plaintiff, were never explained in her language or otherwise.

45.    Plaintiff was directed to contact the loan servicer for the trustee as such is the agent of the lender, but her questions went unanswered.

46.    Plaintiff began making payments to the Trustee, but believes that the mortgage payments were misapplied.  Plaintiff has questioned the misapplications of the funds but has never been given a satisfactory accounting of how the funds were applied.  No certified copy of the accounting was provided.  No respa information was given to her.

47.    Plaintiff made payment under the Deed of Trust to the Defendant through the loan servicer or trustee of the subject property.  However, Plaintiff believes that the trustee or loan servicer who had the responsibility to apply Plaintiff's mortgage payments properly, breached their fiduciary duty to Plaintiff and misapplied Plaintiff's payments.  Plaintiff requested an accounting, but has not received same.  The principle is liable for the actions of its agents.  Although an assignee is not liable for the original lender TILA violations, it is responsible for its own statutory nondisclosure violations including any and all assignments and substitutions of trustee and servicing changes.

48.    Plaintiff believes that some of the misapplication of the mortgage payments include, but are not necessarily limited to, incorrect interest rate adjustments, incorrect tax impound accounts, misapplied payments, misapplied escrow payments, misapplied insurance payments and other misapplied payments, fees and charges.

INES FIRST AMENDED COMPLAINT

49.   There is rampant fraud and **foreclosure fraud where the securitized trusts are filing foreclosures when they never own/hold the mortgage loan at the commencement of the foreclosure.** That means that the loans are clearly **in default at the time of any eventual transfer of the ownership of the mortgage loans to the trusts**.

50.  This means that the loans are being held by the originating lenders after the alleged "sale" to the trust **despite what it says per the pooling and servicing agreements and despite what the securities laws require.  This also means that these securitized trusts don't really, legally own these bad loans.  Further the defendants want bad loans so that they are paid for churning accounts, non performance insurance, and as a bonus get to take back the property.**

**51.   Even if the** trusts try to argue equitable assignment that predates the filing of the foreclosure, **a securitized trust cannot take an equitable assignment of a mortgage loan. It also means that the securitized trusts own nothing.**

52.   Courts have confirmed that investors in the mortgage debacle may in fact own nothing—not even the bad loans they funded! Their right to the cash flow from the underlying properties <u>does not</u>

extend to ownership of the properties themselves.  Investors in these synthetic securities, sold off "real estate loans" wrongly assumed that they actually owned some "real estate" in these deals.  They own nothing.

53.     Due to disputes between Plaintiff and Defendant, said defendant claims that Plaintiff is in arrears on the payment of said account and has refused to accept full payment in an amount that Plaintiff reasonably believes is owed.

54.     Plaintiff tendered payment under negotiable instrument law and included settling the account.  Their receipt of the tender is documented with return receipt mail.  Defendants kept the tender and did not credit plaintiff's account with payments and tender, only charges and fees were placed against her account.

55.     ATrustee filed a Notice of Default and the Subject property was sold to themselves at a Trustee's foreclosure sale on and defendants rushed to take over her property speedily with an unlawful detainer and followed with a sherriff eviction and lockout of her home.

56.  In commercial law such a sell merely in transfer of deed in name only is called a no sale. Subsequently following an unlawful detainer action  the plaintiff and her family are ousted from their home

- 19 -

and fear it will be irretrievably lost soon to new owners of her real

property.

57.     During the dispute between the parties Plaintiff has sought

verification of the debt, who is the true owner of the note and deed of

trust, the original documents.

58.     On information and belief and by means unknown, Plaintiff's

purported debt was thereafter securitized and fractionalized and

converted into securities traded across duly authorized public markets.

59.     After the loan  settlement, Plaintiff received notice that she

was to pay her periodic payments even though defendants would not

respond to plaintiff's oral requests to identify the lender and state whether

the loan had been sold without notification to plaintiff.

60.     As a result of these misleading acts and practices,

Defendants sought a   non-judicial foreclosure of the subject property

with no right or legal authority to foreclose on Plaintiff's property under

UCC  302 b and California Uniform Commercial Code 3-302 b.

61.     Defendants misconduct over the years intentionally

misrepresenting their fraud on the consumer includes fraud on the court

as well.

62,     In spite of having received notice and non disclosure communications that automatically void the security interest, this defendant illegally took a wrongful foreclosure and ousted INES.

62.     There is in existence a certain written instrument which purports to be a promissory note.  The form and contents of the purported note are related to the deed of trust on the property.  The purported note is in the possession or under the control of defendants. Defendants have refused to surrender the purported note to plaintiff and have communicated an intention to hold the purported note for payment according to its terms.

64.     Plaintiff does not take the position that he doesn't owe money relative to a loan which he obtained as purchase money for the property being foreclosed. The rule of law requires that: (a) A mortgage in not a lien on persons or their property. A mortgage is a lien on a promissory note. (b) For a bank to take property via bankruptcy proceedings the law requires the following: (i) The bank must show by charter within the state that the bank has standing to sue in the state's courts. (ii) The bank must be in de facto, de jure possession of the original promissory note – this means: (I) The promissory note must be the original, not a copy. (II) the Bank must actually have physical possession of the note. And (III)  the

- 21 -

Bank must be the owner of the note or assignee as shown on the fact of the note itself according to the UCC . (iii) the Bank must prove specific performance meaning proving that the bank actually loaned the money for fund the promissory note. And (iv) the bank must have damages in fact meaning there must be an authenticated copy of the account and general ledger statement attested to under oath and subject to cross examination proving a deficiency in the payment schedule relative to the note. ABSENT THESE PROOFS, THE FORECLOSURE IS EXTORTION, A FELONY CRIME.

43.     Plaintiff seeks to resolve the matter of title to the property and accounting of an alleged unpaid promissory note.  Plaintiff claims all the rights and protections under federal and state laws prohibiting wrongful predatory acts and statutory violations.

44.     As a consequence of defendants' continuing wrongful conduct, Plaintiffs assert causes of action against defendants stemming from their fraud and fraud related causes of action.  Plaintiff further seeks to enjoin and restrain the Defendant from further deceptive acts and practices which are likely to deceive the public as well if allowed to continue.

67.     It is not unlikely, since the original lender evidently sold the mortgage into the secondary market that Defendant can establish that any entity, known or unknown, is the owner of the mortgage and the real party in interest, a prerequisite to the right to foreclose. [Federal Rules of Evidence, Rule 1002, <u>Wells Fargo Bank, National Association v. Reyes</u>, 2008 WI 2466257 (N.Y. Sup.)

68.     Plaintiff is entitled to know who owns the mortgage or if the contractual rights that attach to a mortgage, including the right to exercise foreclosure, exists any longer, or has the complex system to fractionalizing loans and converting them into securities, which are then traded on the open market, destroyed that relationship.   Only then does the plaintiff know who is to be paid and how much to be established by account ledger.

69.     Plaintiff attempted to get responses from the lender regarding his loan.  However, defendant proceeded without notice against her rights with deceptive conduct, collusion and refusal to respond to inquiries from plaintiffs overriding their protesting inquiries.

70.     <u>Proof of Debt</u>.  Plaintiff was denied validation of the alleged debt and denied an audited accounting of the charges, fees, payments and tender on the alleged loan.  As a result, there is nothing to actually

- 23 -

validate the loan.   Further without a verified accounting, simply stated no tender could be made without the requisite accounting.  There is proof tender of payment from plaintiff was received.  Plaintiff received no notice of dishonor showing from any authority any causes for it to be dishonored, or for it not to have been recovered on, or anything to be legally insufficient about it.

71.   Plaintiff sought to know where it is, what they have done with it and whether, they researched settlement as it was not returned.  To date they have provided no evidence to support reasonable commercial responsibility was exercised on their part to gain settlement and satisfaction from it, if it has not been recovered on, or to offer any competent fact witness supporting their right to refuse it, form any authority showing anything to be legally insufficient about it to discharge this alleged debt, to prove a debt between us still exists.

72.   Defendants have not provided any certified accounting for plaintiff's payments, charges and tender nor did they provide verification of the alleged debt.

73.   Proof of the Debt.  Defendant has no proven right or legal authority to foreclose on plaintiffs' real property when title and accounting

are disputed.  A copy of the promissory note and deed of trust does not

suffice.

74.   Foreclosure of a promissory note requires an authenticated

account and general ledger statement.  Defendant's intentional

misrepresentation of their fraud on the consumer and their false

representations to the court constitutes a fraud on the court.

75.  If the court does not know the debt was not paid and if the

court grants jurisdiction to proceed without such certified proof plaintiff's

federally protected rights are violated.  The court must deny their claim of

judicial immunity and protect the debtors' rights.

76.   Their fraud and wrongdoing is shown if they cannot produce

the tender in payment of the debt unmarked and unnegotiated showing it

has not been converted or recovered on, or return it with markings of

dishonor, or produce any authority supporting their right to refuse it, then

the court does not know the debt has not been paid.

77.  The court may be violating federally protected rights without

such proof/ Because of the showing of their fraud and wrongdoing, the

court must deny their claims and protect plaintiff's rights.

78.    Defendants must validate the tender payments and validate the debt. What was done with the promissory note signed by the plaintiff?.  Who owns the title?

79.    Defendants must produce the original note and tender to the Court either dishonored, or unmarked and unnegotiated showing it has not been converted or recovered on, and return the tender with markings of dishonor to show they have not recovered on it and that the debt has not been paid.   Their fraud and wrongdoing is finally shown and the court must deny their claims and protect the Debtor's rights.

80.    After the original mortgage holder, the assignment of interest as assignee, trustee or successor interest was not provided to plaintiff. Defendants have burden to  show the legal note holder.  The lack of standing creates conflict. Despite what the pooling and servicing agreements say and despite what the securities laws require, it is the eventual transfer of the ownership of the mortgage loans  is not sufficient.

81.    The right to cash flow from the underlying property does not create ownership in the property.  This is nonjudicial foreclosure fraud where the securitized trusts are filing foreclosures when they never own/hold the mortgage loan at the commencement of the foreclosure.  A securitized trust cannot take an equitable assignment of a mortgage loan.

- 26 -

# FIRST CAUSE OF ACTION

## INJUNCTIVE RELIEF Against Defendants

82.   INES realleges and incorporates by reference the allegations contained in paragraphs 1-81.

83.   The trustee's wrongful sale and Unlawful detainer were not stayed and now the home may be irretriably lost without an injunctive stay.

84.   INES requests the court to enjoin the named Defendants from further damage to the subject Property which is the home of the single mother and her two children.   This court should stay any further damages and all eviction proceeding under unlawful detainer until a further order of this court due to violations of her due process rights. The rights of the trustee should be declared invalid.

85.   Plaintiff will suffer irreparable injury if the execution of eviction  under the unlawful detainer action keeps her from her home and it is irretrievable by loss to third parties. If  not enjoined permanently. Defendant(s) has no standing to keep her from her home while pending adjudication of respective rights.

86.  Their   conduct in failure to provide validation and verification of the alleged debt documents  leaves Plaintiff has no other plain,

speedy, or adequate remedy, and the injunctive relief requested is

necessary and appropriate to prevent irreparable injury to plaintiff

## SECOND CAUSE OF ACTION

## STATUTORY DAMAGES Against Defendants

87.    INES realleges and incorporates by reference the allegations

contained in paragraphs 1-86.

88.  Plaintiff is entitled to statutory damages from defendant for its

acts and conduct, including fraudulent conduct and commercial injury to

the plaintiff.

89.  These violations are such as to require rescission and or

cancellation of the loan herein and return of all funds received by

Defendants, their predecessors, their agents, or assigns from Plaintiffs.

90.   The precise details are within the knowledge of  defendant

parties and their agents and will be revealed in the discovery in this

matter

91.  Defendant appears to have explicitly broken 4 Federal laws:

1)15 USC  §1601 et seq.  Truth in lending requires that banks

disclose all details of the transaction.

2)  12 USC § 1831n(2)(A)  Requires banks to follow "Uniform

accounting principles consistent with GAA"

3) 12 USC § 2605 RESPA: requires that banks acknowledge and respond to "a Qualified written request"

4) 15 USC § 1611 Whoever willfully and knowingly (1) gives false or inaccurate information or fails to provide information which he is required to disclose under the provision of the subchapter or any regulation.

92.  Defendant acted in violation of:

a. 15 USCA 1611 et seg. The requirements of the Truth in Lending Act requirements in that among other things:

1). They have refused and continued to refuse to validate and otherwise make a full accounting and required disclosures as to the true finance charges and fees.

2). They have improperly retained funds belonging to Plaintiff in amounts to be determined.

3). To disclose the status of the ownership of said loans.

b.  Violation of 15 USCA § 1692 and California Civil Code § 1788  in that they are "debt collectors" either directly or through agents as that term is used in both the United States Code and the California Civil Code at § 1788 et seq. and failed to respond to her demands in such a way as to meet the requirements of the act.  Plaintiff alleges that she is entitled to statutory damages under each act.

93.  Defendants appear to have broken California state laws:

1) Business and Professions Code 17200 for unfair and deceptive business practices; 2) Unjust enrichment; 3) breach of fiduciary duty; 4)

INES FIRST AMENDED COMPLAINT

conversion, 5) negligence and 6) violations of the California Consumer Protection Act; 7)  violations of California Civil Code 2943 for not supplying Payoff Demand Statements, if requested by mail [both bank and trustee].

94.   Plaintiff is entitled to statutory damages from defendants for their fraudulent conduct and commercial injury plus penalties according to statutes for their non response to the repeated requests for debt verification as a commercial lien against them.  Plaintiff should prevail on all of her claims by their nonresponse to her requests for documentation of their right to pursue a wrongful foreclosure sale without judicial determination of the red ink as required and accounting to plaintiff of their right to hold .

## FOURTH CAUSE OF ACTION
## FRAUD Against Defendants

95.  Plaintiffs and each of them realleges and incorporates by reference the allegations contained in paragraphs 1-94.

96.  Plaintiff entered an agreement associated with the propertyin which the other parties agreed to act for her sole benefit with regards to the documentation relating to her home to work with her to maintain her loan relationship in a beneficial program and make appropriate adjustments.

97.  Recently Plaintiff came to find out that no one disclosed certain facts that they were necessarily required to disclose and went further to conceal such facts known by each of the defendants.

98.  The defendant's concealed facts relevant to the validity of the property while under a clear duty/obligation to disclose such facts to the Plaintiffs, however  defendants chose to intentionally conceal these material facts.

99. Defendant presented the Plaintiffs documentation which clearly indicated that they were owners in due course knowing that such documentation was in fact false and fraudulent.

100.   Defendants owe a fiduciary duty to the Plaintiffs and an absolute duty to disclose anything which might be relevant to fraudulent activity by any of its associates and/or employees or predecessors or agents.

101.  Defendants knew that Plaintiffs was not aware of the material facts not disclosed by them, particularly that the Plaintiffs would not be able to readily discover such material and legal facts which would affect Plaintiff's legal position including Plaintiff's rightful title to the property.

102.  Defendants concealed such material facts within their own files and records and thereby maintained complete custody and control of such fraudulent documents with tend to prove Plaintiff's position and/or proves to this court that the position of the defendants has no legal significance .

103.  Defendants knowingly acted with a total disregard for the truth of the material facts presented n the documents provided to the Plaintiff.

104.  Defendants knew that Plaintiff would rely on the misrepresentations placed forth in the documents presented to the Plaintiff, namely that the defendants have ownership rights as holders in due course.

105.  Defendants knew that their actions through the misrepresentation of the facts would immediately cause the Plaintiff to lose financial interest in the property and that without the wilful, intentional and fraudulent actions of the defendants the plaintiff would not have been made to suffer any injuries.

106.  Defendants knew that their misrepresentations would in fact become the predominant, decisive and substantial factors of influencing the course of the conduct of the Plaintiff.

107.  The foreclosure sale was wrongfully carried out and plaintiff's property has been unlawfully sold at the direction of these defendants. Defendants did not have permission or consent for the sale to take place nor were the proper notices recorded under Cal. Civ. Code 2924 et. seq. Nor were they the Beneficiary or trustee at the time of the commencement of the foreclosure and sale.  Plaintiff requests the court to set aside the sale and reinstate Plaintiff on title.

108.      Defendants conduct was intentional, oppressive fraudulent and malicious so as to justify an award of exemplary damages and that their conduct was in reckless disregard for Plaintiff's financial or emotional wellbeing and therefore Plaintiff requests exemplary damages of $1,000,000.00

## FIFTH CAUSE OF ACTION
## FOR QUIET TITLE

- 32 -

109.  Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-108.

110.  Plaintiff is the owner in fee and is in possession and control of certain real property commonly known as 1731 Copper Penny Drive, Chula Vista, California 01015, as described in the grant deed by which he obtained simple title to the above described real property by Grant Deed on or about May 31, 2007 and recorded in the office of the Recorder of the County of San Diego.

111. Defendants claim an interest or estate in Plaintiff's above described property disputing or denying Plaintiff's right to ownership and by contending that ownership is or rests in them by means of a trustee's sale and unlawful detainer action for possession.

112. Plaintiff alleges that Defendant has no such right of title or estate in said property in that sale proposed will be fraudulent or otherwise illegal and transfer no right to Defendants.

113. Defendant has wrongfully interfered with or threaten to interfere with Plaintiff's use and enjoyment of the above described property in that they  have evicted her from her home and taken her family household possessions..

114. Defendant's have evicted Plaintiff and her children and taken their possessions without a judicial review or determination of who is the holder in due course of the wet ink original promissory note or evidence of the true owner of the note.  Plaintiff is wrongfully deprived of the use and enjoyment of her unique property.

115. Plaintiff has no adequate remedy at law for the defendants' actions in taking over her dwelling and evicting her family so that they have no home, have taken all the equity that she has put into the property as well as all their household possessions.  Said loss is not one which can be compensated by mere payment of damages.

116. Plaintiff further alleges that the conduct herein is of such a character as to give her title to the above described property in fee. Since there was no documentation of the holder in due course, no accounting of the charges and payments and fees and no court determination of the rights of the parties.  The violations of statutes and laws and failure to present documentation and accounting entitles plaintiff to quiet title to her property.

### FIFTH CAUSE OF ACTION
### DECLARATORY JUDGMENT Against Defendants

- 34 -

117. INES realleges and incorporates by reference the allegations contained in paragraphs 1-116.

118.     INES respectfully requests that the court declare that Plaintiff is protected by the Fair Debt Collections Practices Act with its companion of Title 15 U.S.C. §1692 with all its reserved rights, benefits, and privileges.

119. The Court should determine if the alleged debt collector or some other company has possession and can produce the original Note and Deed of Trust to identify the holder of the original instruments on the record.

120. The Court should declare whether or not the defendants can demonstrate legal status and standing in the true legal capacity as holder in due court of the original signed deed of trust and any related note.

121. The Court should determine whether or not the defendants have violated state securities laws as set in  federal law and California Financial Code §33560© and 22340 is applicable where there is fraudulent  selling of eligible notes when in fact they are not selling them, merely the collection rights under the servicing agreement

122. A judicial determination is appropriate to determine the plaintiff's rights and duties before her home is irretriable.

- 35 -

INES FIRST AMENDED COMPLAINT

123. Plaintiff is informed and believes that she has alleged grounds for cancellation of the mortgage documents and deeds of trust for cause as stated herein and specifically as the character and relationship of the parties, the existence of the ground for recovery, including fraud, false representations, or impossibility of performance, defendants' failure to perform, and the inadequacy of a remedy at law.

124. Plaintiff is unsure at this point as to when and how the defendants conspire to take obscene profits from the language hampered Philippine family..

125. The court should declare that laches applies to bar the alleged debt collector, or, since the trustee failed to comply with the Fair Debt Collection Practices Act in order to proceed to trustee sale of the property, the trustee is equitably estopped from taking any further action against the subject property

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant to her the following relief:

1. Grant her a Permanent Restraining Order enjoining and restraining the pending wrongful eviction in violation of state and federal lending laws and fair practice laws,

- 36 -

INES' FIRST AMENDED COMPLAINT

2.      Grant the Preliminary Restraining Order without bond;

3.      Cancel and release any deeds of trust in favor of plaintiff, and

4.      Statutory damages for non response according to proof;

<u>ALTERNATIVELY FOR ALL OTHER CAUSES OF ACTION</u>:

5.  Compensatory damages not less than $950,000.  according to

proof;

6.      Judicial declaration of the parties' rights, duties and

obligations;

7.      Injunctive relief without bond granting plaintiff a Permanent

Restraining Order enjoining and restraining loss of her home and

restoring her to possession  and any subsequent sale to maintain the

status quo pending adjudication;

8. Cancel and release any deeds of trust in favor of plaintiff;

9. Statutory damages for violations

10. Award Plaintiff costs

11. Award such other and further relief as

12.     Grant such other and further relief as the Court deems

equitable, appropriate and just.

Date: November 24, 2008                Respectfully submitted,

Merlinda L. Ihes

— 37 —

INES FIRST AMENDED COMPLAINT

## VERIFICATION

I, MERLINDA L. INES, am the plaintiff in the above-entitled action.
I have read the foregoing complaint for damages and know the contents
thereof. The facts and allegations contained therein are true and correct
of my own knowledge, except as to those matters which are therein
alleged on information and belief, and as to those matters, I believe them
to be true.

I declare under penalty of perjury that the foregoing is true and
correct and that this declaration was executed at San Diego, California.

Dated:   November 26, 2008

MERLINDA L. INES