1  MILES, BAUER, BERGSTROM & WINTERS, LLP
   Tami S. Crosby, SBN 129021
2  1665 Scenic Avenue, Suite 200
3  Costa Mesa, CA 92626
   714-481-8355
4  714-481-9152 Facsimile

5
   Attorneys for Defendants
6  COUNTRYWIDE HOME LOANS, INC.,
   BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE
7  HOLDERS CWMBS, INC. CHL MORTGAGE
8  PASS-THROUGH CERTIFICATES, SERIES 2007-HYB7

9              UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO
10

11 MERLINDA L. INES, Pro Se              ) Case No:  08-CV-1267-WQH-NLS
                                         )
12              Plaintiff,               ) MEMORANDUM OF POINTS AND
13        v.                             ) AUTHORITIES IN SUPPORT OF MOTION TO
                                         ) DISMISS PLAINTIFF'S FIRST AMENDED
14 COUNTRYWIDE HOME LOANS, INC.,         ) VERIFIED COMPLAINT FOR FAILURE TO
   BANK OF NEW YORK AS TRUSTEE FOR       ) STATE A CLAIM UPON WHICH RELIEF
15 THE CERTIFICATE HOLDERS CWMBS,        ) CAN BE GRANTED, FILED BY
   INC. CHL MORTGAGE PASS-THROUGH        ) DEFENDANTS
16 CERTIFICATES, SERIES 2007-HYB7,       )
17                                       ) (FRCP Rules 8, 9, 12(b)(1) and (b)(6) and Rule 65)
18              Defendants.              )
                                         ) (Filed concurrently with the Notice of Motion and
19                                       ) Motion to Dismiss, and Request for Judicial Notice
20                                       ) in support thereof)
                                         )
21                                       ) Date:   January 26, 2009
22                                       ) Time:  11:00 a.m.
                                         ) Courtroom: 4
23                                       )
24 _____      ) NO ORAL ARGUMENT, UNLESS REQUESTED
                                         ) BY THE COURT
25

26

27 //

28 //

---

-i-
MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

1.   Introduction ............................................................................................................. 1

2.   Summary of Procedural History and INES' Allegations ................................................. 1

A.   Summary of Procedural History .................................................................... 1

B.   Ines' Allegations ........................................................................................ 3

3.   The Complaint Fails to Allege Any Claim for Relief Here ............................................. 5

4.   The Claim for Fraud Fails as a Matter of Law ............................................................ 9

5.   INES' Claim for Breach of Contract Fails As a Matter of Law ..................................... 11

6.   The FAC Does Not Allege Facts Establishing Wrongdoing by Defendants ...................... 11

A.   The FAC Fails to Establish That Defendants Foreclosed on INES' Property or that the Foreclosure was Wrongful ...................................................................... 12

B.   INES' Unfair Debt Collection Practices Claim Should Be Dismissed Because It Is Based On Conclusory and Unsubstantiated Allegations ................................... 13

C.   INES' Predatory Lending Claim Should Be Dismissed Because the FAC Fails to Allege That Defendants Engaged in Lending Activities ........................................... 14

7.   INES' Request for Injunctive Relief is Moot ............................................................ 14

A.   INES Has Not Tendered the Obligation Under the Note and Deed of Trust ................ 14

B.   The Compliant Fails to Set Forth Facts to Establish a Right to Injunctive Relief ............. 15

8.   This Court Lacks Jurisdiction Over this Matter ........................................................ 16

9.   Assuming Jurisdiction Exists, the Younger Abstention Doctrine Requires this Case be Dismissed ............................................................................................................ 18

10.   Conclusion .......................................................................................................... 19

-ii-

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS

O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

# TABLE OF AUTHORITIES

**Cases**

*Ackerman v. Northwestern Mut. Life Ins. Co.*, (7th Cir. 1999) 172 F3d 467, 469 ......................... 7

*Ackerman v. Northwestern Mut. Life Ins. Co.*, (7th Cir. 1999) 172 F3d 470 .............................. 8

*Ackerman v. Northwestern Mutual Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999) .................... 9

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) .. 6

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 118l (9th Cir. 1998) .......... 11

*Associates v. Safeco Title Insurance*, (1985) 39 Cal. 3d 281, 288 ......................................... 12

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 669, 699 (9th Cir.1988) ..................................... 5

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 699 (9th Cir.1988) ............................................ 6

*Bautista v. Los Angeles County*, 216 F.3d 840 (9th Cir. 2000) ........................................ 11, 14

*Bell Atlantic Corp. v. Twombly*, (2007) 127 S.Ct. 1955, 167 L.Ed. 2d 929 ........................... 5, 9

*Bell Atlantic Corp. v. Twombly*, (2007) 127 S.Ct. 1955, 1964-65 L.Ed. 2d 929 ........................ 9

*Bell Atlantic Corp. v. Twombly*, (2007) 127 S.Ct. 1964-1965, 1974 L.Ed. 2d 929 ..................... 11

*Bell Atlantic Corp. v. Twombly*, (2007) 127 S.Ct. 1964-65 L.Ed. 2d 929 ................................ 6

*Bell Atlantic Corp. v. Twombly*, (2007) 127 S.Ct. 1965 L.Ed. 2d 929 .................................... 6

*Bell Atlantic Corp. v. Twombly*, (2007) 127 S.Ct. 1966-67 L.Ed. 2d 929 ................................ 6

*Bloom v. Martin*, 865 F. Supp. 1377, 1384-85 (N.D. Cal. 1994) .......................................... 13

*Borsellino v. Goldman Sachs Group, Inc.*, (7th Cir. 2007) 477 F3d 502, 507 ........................... 10

*Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) ..................................................... 7

*Charpentier v. Los Angeles Rams Football Co.*, 75 Cal. App. 4th 301 (1999) ........................... 9

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) .................................. 6

*Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 ............................................. 5

*Davani v. Virginia Dept. of Transp.*, (4th Cir. 2006) 434 F3d 712 ....................................... 16

*Davani v. Virginia Dept. of Transp.*, (4th Cir. 2006) 434 F3d 712, 719 ............................ 17, 18

*Desaigoudar v. Meyercord*, (9th Cir. 2000) 223 F3d 1020, 1022–1023 .................................... 7

*Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000) .................................... 9

*District of Columbia Court of Appeals v. Feldman*, (1983) 460 US 462, 483, 103 S.Ct. 1303, 1316 . 16

-iii-

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS

O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

1   *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) ........................................................ 6

2   *Erickson v. Pardus*, --- U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) ............. 6, 9

3   *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, (2005) 544 US 280, 292–293, 125 S.Ct. 1517,

4      1527 ............................................................................................................................ 18

5   *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, (2005) 544 US 280, 293, 125 S.Ct. 1517, 152716

6   *H.C. v. Koppel*, (9th Cir. 2000) 203 F3d. 610, 613 ......................................................... 18

7   *H.C. v. Koppel*, (9th Cir. 2000) 203 F3d. 613 ........................................................... 18, 19

8   *H.C. v. Koppel*, (9th Cir. 2000) 203 F3d. 613-614 ...................................................... 18, 19

9   *Harrison v. Westinghouse Savannah River Co.*, (4th Cir. 1999) 176 F3d 776, 784 ...................... 7

10  *Homestead Savings v. Darmiento* (1991) 234 Cal.App.3d 424, 432-433 .................................. 12

11  *Huk-A–Poo Sportswear, Inc. v. Little Lisa, Ltd.* (SD NY 1977) 74 FRD 621 ............................. 16

12  *Johnson v. De Grandy*, (1994) 512 US 997, 1005–1006, 114 S.Ct. 2647, 2653–2656 ................. 18

13  *King v. California*, 784 F .2d 910 (9th Cir. 1986), cert. denied, 484 U.S. 802 (1987) ................... 5

14  *Lazar v. Sup. Ct.*, (1996) 12 Cal.4th 631, 645 .................................................................. 9

15  *Mackay v. Pfeil*, (9th Cir. 1987) 827 F.2d 540, 543 ........................................................... 17

16  *Maganallez v. Hilltop Lending Corp.*, 505 F.supp.2d 594,606 (ND.CaI. 2007) .......................... 11

17  *Martinez v. California*, (1980) 444 U.S. 277, 283 n. 7 ........................................................ 19

18  *Moeller v. Lien*, (1994) 25 Cal. App. 4th 822, 834 ............................................................ 12

19  *Moore v. Kayport Package Express, Inc.*, (9th Cir. 1989) 885 F2d 531, 540 ........................ 8, 10

20  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ............................ 9

21  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.3 (9th Cir. 1998) ................................................ 7

22  *Rooker v. Fidelity Trust Co.*, (1923) 263 US 413, 415, 44 S.Ct. 149, 150 ............................... 16

23  *Rooker v. Fidelity Trust Co.*, (1923) 263 US 416, 44 S.Ct. 149, 150 ...................................... 17

24  *Sanders v. Ford Motor Co.*, (1979) 96 Cal.App.3d Supp. 43, 46 ............................................ 9

25  *Sanderson v. HCA–The Healthcare Co.*, (6th Cir. 2006) 447 F3d 873, 876 .............................. 8

26  *Semegen v. Weidner*, (9th Cir. 1985) 780 F2d 727, 731 ..................................................... 8

27  *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F. Supp. 715,720 (E.D. Cal. 1993 ................. 6

28  *Swartz v. KPMG LLP*, 476 F.3d 756,764 (9th Cir. 2007) ..................................................... 10

-iv-

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

*United States Cola Storage v. Great W. Sav. & Loan Ass'n*, (1985) 165 Cal. App. 3d 1214, 1222 ... 15

*Vess v. Ciba–Geigy Corp. USA*, (9th Cir. 2003) 317 F3d 1097, 1103–1104 .............................. 10

*Vess v. Ciba–Geigy Corp. USA*, (9th Cir. 2003) 317 F3d 1103–1104 ..................................... 10

*Williams v. Horvath*, (1976) 16 Cal.3d 834 ................................................................ 19

*Worldwide Church of God v. McNair*, (9th Cir. 1986) 805 F.2d 888,891................................. 17

*Younger v. Harris*, (1971) 401 U.S. 37, 49-53 ........................................................ 18, 19

**Statutes**

*California Business & Professions Code* § 10240 ................................................. 5

*California Business & Professions Code* 10240 ................................................. 5

*California Civil Code* § 1632 ................................................. 5

*California Civil Code* § 1632(a)(1)................................................. 5

*California Civil Code* § 1632(b)(4) ................................................. 5

*California Civil Code* § 1788 et seq ................................................. 13

*California Civil Code* § 2924(a) et seq. ................................................. 4, 13

*California Civil Code* § 2924(a)(1)................................................. 12

*California Civil Code* § 2934(b)(1 ) ................................................. 13

*California Civil Code* Sections 2924-2924i................................................. 12

Federal Rule of Civil Procedure, Rule 12(b)(1) and (b)(6) ................................................. 1

Federal Rule of Civil Procedure, Rule 12(b)(6) ................................................. 5

Federal Rule of Civil Procedure, Rule 65 ................................................. 1

Federal Rule of Civil Procedure, Rule 8................................................. 5, 8

Federal Rule of Civil Procedure, Rule 8(3)(2)................................................. 5

Federal Rule of Civil Procedure, Rule 9................................................. 5

Federal Rule of Civil Procedure, Rule 9(b) ................................................. 7, 9, 10

Federal Rules of Civil Procedure, Rule 65 ................................................. 15

Federal Rules of Civil Procedure, Rule 65(b)(1) ................................................. 15

Federal Rules of Civil Procedure, Rule 65(b)(1)(A)................................................. 15, 16

–v–

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

**Other Authorities**

4 *Witkin, Procedure 4th*, PLEADING § 476, p. 570 ............................................................11

*Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure* § 1356 (1990) ................. 5

*Roger Bernhardt, California Mortgage & Deed of Trust Practice* (C.E.B. 3d ed.) § 7.37 ..............15

*Weil and Brown, Federal Civil Procedure Before Trial*, Chapter 13-D, § 13:103 .......................16

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS

O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.     Introduction**

Defendants COUNTRYWIDE HOME LOANS, INC. ("CHL") and BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWMBS, INC. CHL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HYB7 ("BONY") hereby move this Court for an order, dismissing with prejudice, the First Amended Verified Complaint (hereinafter, "FAC") filed by Plaintiff MERLINDA L. INES ("INES").  Said motion is made pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(1) and (b)(6) and Rule 65 , and seeks an order dismissing, with prejudice, the Complaint filed by INES on the grounds that (a) INES has failed to state a claim upon which relief may be granted as to all causes of action against Defendants; (b) INES has failed to state a claim upon which relief may be granted, because INES has no right, title, or interest in the real property that is the subject of the Complaint; (c) the Court lacks jurisdiction over the claims asserted by INES or should abstain from exercising jurisdiction, as the claims asserted by INES are barred by the "Rooker-Feldman Doctrine"; and (d) INES's request for temporary restraining order and for preliminary and permanent injunction not only fails to comply with FRCP Rule 65, but, at this point, there is nothing left to enjoin, as the eviction has already taken place and INES no longer holds title to or resides at the real property at issue in this matter.  Further, as is reflected by the Court's docket in this matter, INES has now filed a First Amended Verified Complaint in which INES made no effort to address those issues raised by the motion to dismiss that Defendants CHL and BONY filed in response to INES' original Complaint.

This motion is based upon the within Memorandum of Points and Authorities, the notice of motion and motion filed concurrently herewith, and all pleadings, records, and files in this action; all matters of which judicial notice may be taken; and any oral or written evidence or argument that the court may consider at the hearing on this motion.

**2.     Summary of Procedural History and INES' Allegations**

**A.     Summary of Procedural History**

Based upon the minimal factual allegations within the FAC, as well as the publicly recorded title documents within the San Diego County Recorder's records, INES defaulted on a residential loan

secured by a Deed of Trust pertaining to that real property identified by INES in the FAC, as 1737

Copper Penny Drive; Chula Vista, CA 91915 (FAC at p. 2:16-18 – hereinafter, "subject property").

A Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded on September

27, 2007 with the San Diego County Recorder's Office, as Instrument No. 2007-0632040.  The NOD

establishes that ReconTrust Company, N.A. ("ReconTrust"), served as the Foreclosure Trustee, and

not either of the defendants named in this action.  See a copy of the recorded NOD, attached to the

Request for Judicial Notice, filed concurrently herewith and in support hereof (hereinafter, "RJN"), as

Exhibit 1.

On January 7, 2008, ReconTrust recorded a Notice of Trustee's Sale with the San Diego

County Recorder's Office as Instrument No. 2008-0005747, setting the foreclosure sale date of the

subject property on January 24, 2008.  A copy of the Notice of Trustee's Sale is attached as Exhibit 2

to the RJN.  Thereafter, ReconTrust recorded a Trustee's Deed Upon Sale ("Trustee's Deed") with

the San Diego County Recorder's office on February 28, 2008, as Instrument No. 2008-0102131,

which effectively transferred all right, title, and interest in the subject property to BONY.  A copy of

the recorded Trustee's Deed is attached as Exhibit 3 to the RJN.

As is supported by the Complaint for Unlawful Detainer that BONY caused to be filed in the

San Diego County Superior Court on April 21, 2008, entitled *BANK OF NEW YORK AS TRUSTEE*

*FOR THE CERTIFICATEHOLDERS CWMBS, INC. CHL MORTGAGE PASS-THROUGH TRUST*

*2005-HYB 7 MORTGAGE PASS-THROUGH CERTIVICEAS, SERIES 2005-HYB7AND v. MERLINDA*

*L. INES* ("UD Action"), BONY was required to file the UD Action because INES remained in the

subject property after the Trustee's sale of the subject property and would not voluntarily vacate same.

A court conformed copy of the Complaint filed in the UD Action is attached as Exhibit 4 to the RJN.

On May 23, 2008, the San Diego County Superior Court entered an Unlawful Detainer

Judgment in favor of BONY and against INES, in the UD Action.  A copy of the court's minute order

issuing that judgment is attached as Exhibit 5 to the RJN.  On July 10, 2008, the San Diego County

Superior Court issued a Writ of Possession in favor of BONY.  A copy of the court issued Writ of

Possession is attached as Exhibit 6 to the RJN.  Pursuant to the San Diego County Sheriff's Return On

Writ of Possession, the Sheriff returned possession of the subject property to BONY on July 17, 2008.

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

A copy of the Sheriff's Return on Writ of Possession is attached as Exhibit 7 to the RJN.

On June 20, 2008, INES caused to be filed in the San Diego County Superior Court, a Notice of Appeal regarding that court's denial of her Motion for Reconsideration of the entry of judgment in favor of BONY in the UD Action.   The appeal is still pending.

**B.**   **Ines' Allegations**

The FAC, while completely nonsensical and indecipherable, asserts six causes of action seeking relief under various federal statutes, together with a prayer for monetary damages and injunctive relief.   One can assume from some of the language within the FAC, that INES appears to be alleging in the FAC that she has been the victim of a wrongful foreclosure because she states that "**No evidence** of a proven chain to title of ownership of BANK exists" (FAC, at p. 2:29-30, emphasis in original) and "Due to the Deceptive and Unfair acts and practices complained of" (FAC, at p. 3:5-6.)   However, akin to the original Complaint that INES filed in this matter, INES again fails in the FAC to set forth any facts detailing how the foreclosure was purportedly "wrongful", nor does the FAC establish any interest that Defendants have in the subject property nor that Defendants have any relation to or interest in the purported "wrongful" foreclosure to which INES objects (FAC at p. 2:16-24), and for which she seeks monetary damages (FAC at p. 37:7-9).   In fact, completely contrary to any of the assertions made within the FAC, none of the defendants named in the FAC was the Foreclosure Trustee pertaining to the foreclosure of the subject property, as is confirmed by the NOD, the Notice of Trustee's Sale and the Trustee's Deed.   (Exhibits 1, 2 and 3 respectively to the RJN.)

The FAC again sets forth an array of federal statutes that INES contends were violated by the defendants, including the federal Fair Debt Collections Practices Act ("RFDCPA"), 15 U.S.C. § 1692 et seq.; Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617; Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637; and the Truth In Lending Act ("TILA"), l5 U.S.C. § 1601 et seq.   (FAC, at p. 5:6-17.)   INES also asserts a derivative claim under California's Fair Debt Collection Practices Act 9 "FDCPA"), California Civil Code § l788.   (FAC, at p. 6:25-29.)   However, INES does not identify within the FAC which portions of these various laws she contends were violated by Defendants, nor does she state with specificity the conduct that resulted in the claimed violations or even that the RFDCPA or the FDCPA apply to the defendants.

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

1    Rather, just as in the original Complaint, the FAC makes no specific reference to and provides

2    no credible evidence that would establish any type of consumer credit agreement, any type of

3    consumer credit agreement between INES and Defendants, how the defendants are related to any

4    consumer credit agreement, or even how the defendants violated such an agreement other than to

5    make the ill-defined assertion that "the subject matter jurisdiction involves a written contract for real

6    property exceeding the amount of $75,000..." (FAC, at p. 5:19-28.)

7    The FAC, at paragraph 123, again asserts that INES "has alleged grounds for cancellation of

8    the mortgage documents and deeds of trust for cause as stated herein and specifically as the character

9    and relationship of the parties, the existence of the ground for recovery, including fraud, false

10   representations, or impossibility of performance, defendants' failure to perform, and the inadequacy

11   of a remedy at law."  (FAC, at p. 36:1-10.)  However, similar to the original Complaint, the FAC

12   again fails to establish that INES has entered into any mortgage documents or multiple "deeds of

13   trust" with Defendants, or that there exist any mortgage documents or multiple deeds of trust

14   involving Defendants.  Additionally, INES has not stated with specificity, any facts to establish any

15   wrongdoing on the part of Defendants.   It must also be noted that despite INES prayer in the FAC (at

16   p. 37) that this Court "Cancel and release any deeds of trust in favor plaintiff", such a request is moot

17   as there is no longer any Deed of Trust to release or cancel, the Note and Deed of Trust having

18   previously been foreclosed.

19   Additionally, the FAC again raises allegations clearly sounding in fraud, stating on page 2 of

20   the FAC that "Fraud" is in fact one of the causes of action within the FAC, and asserting throughout

21   the FAC, one sentence conclusions, without any factual basis, the purported fraudulent conduct of the

22   defendants.  As is more fully set forth below, such minimalist allegations of fraud fail to comply with

23   FRCP Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with

24   particularity the circumstances constituting fraud or mistake."

25   INES' assertion that Defendants have not and/or cannot produce her original Note and Deed of

26   Trust has no basis in law or fact. California law does not require production of the original note in

27   order to proceed with a nonjudicial foreclosure. (*Cal. Civ. Code* § 2924(a) et seq.)

28   Similarly, INES' assertion that Defendants should somehow have negotiated with her only in

-4-
MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

1  Tagalog equally has no basis in law or fact.  The FAC relies upon California Civil Code ("Cal. Civ.

2  Code") § 1632(b)(4) (FAC, at p. 15:4-14) as the basis for this assertion.  While Cal. Civil Code §

3  1632(a)(1) generally excludes loans secured by real property, Section 1632(b)(4) identifies

4  transactions specifically covered by the statute in stating: "a loan or extension of credit for use

5  primarily for personal, family or household purposes where the loan or extension of credit is subject

6  to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part 1 of Division 4

7  of the Business and Professions Code…" (Cal. Civ. Code § 1632.)  Cal. Bus. &  Prof. Code § 10240

8  in turn applies to certain real estate loans secured by real property that are negotiated exclusively by a

9  real estate broker.  (Cal. Bus. & Prof. Code 10240.)  Here, the FAC contains no averment that either,

10  or both of the defendants, was acting in the capacity of a real estate broker as that term is defined in

11  Section 10240 of the Cal. Bus. & Prof. Code.

12        Thus, for the reasons set forth herein, the FAC fails to state a claim upon which relief can be

13  granted.  Accordingly, the FAC must be dismissed pursuant to FRCP Rules 8, 9, and 12(b)(6).

14  *3.*      **The Complaint Fails to Allege Any Claim for Relief Here**

15        A motion to dismiss pursuant to FRCP Rule 12(b)(6) tests the legal sufficiency of the claims

16  asserted in a complaint.  (See FRCP Rule 12(b)(6).)  Rule 12(b)(6) must be read in conjunction with

17  Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled

18  to relief".  (*Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure* § 1356 (1990).)

19  FRCP Rule 8(3)(2) requires that each claim must be "simple, concise, and direct" in order to "give

20  the defendant fair notice of what the… claim is and the grounds upon which it rests".  (*Conley v.*

21  *Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80, reversed on other grounds.)   A motion to

22  dismiss is also proper when Plaintiff seeks remedies to which he is not entitled as a matter of law.

23  (See, e.g., *King v. California*, 784 F .2d 910 (9th Cir. 1986), cert. denied, 484 U.S. 802 (1987).)

24        If there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts

25  alleged under a cognizable legal theory," the Complaint should be dismissed.  (*Balistreri v. Pacifica*

26  *Police Dept.*, 901 F.2d 669, 699 (9th Cir.1988).)  A complaint "does not need detailed factual

27  allegations," but the "[f]actual allegations must be enough to raise a right to relief above the

28  speculative level."  (*Bell Atlantic Corp. v. Twombly*, (2007) 127 S.Ct. 1955, 167 L.Ed. 2d 929.)

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

The Court in *Bell Atlantic* explained:

"While a complaint attacked by a Rule 12(b)( 6) motion to dismiss does not need detailed factual allegations... a plaintiffs obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do... Factual allegations must be enough to raise a right to relief *above the speculative level*."
(*Id*. at 1964-65 (emphasis added, internal citations omitted).)

Although the Court must construe the facts in the light most favorable to the non-moving party, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." (*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (citation omitted).)   "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." (*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).)

While it has been recognized by the courts that when a complaint is written by a pro se litigant, the rules of civil procedure are somewhat relaxed and the complaint will be held to a less stringent standard (*Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987)), if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory," the Complaint should be dismissed. (*Balistreri*, 901 F.2d at 699.)  Further, even a pro se litigant must provide the defendant with "fair notice of the claim and the grounds upon which it rests." (*Erickson v. Pardus*, --- U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly*, (2007) 127 S.Ct. 1955, 167 L.Ed. 2d 929.)

INES' obligation to provide the grounds of her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Bell*, 127 S.Ct. at 1964-65 (citations and quotations omitted).)  Rather, the allegations in the Complaint "must be enough to raise a right to relief above the speculative level." (*Id.*, at 1965.)  A motion to dismiss should be granted, if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face.  (*Id.*, at 1966-67.)

The Court may also consider on this Motion, the publicly recorded title documents attached as exhibits to this Motion, as well as any other matters that may be judicially noticed.  (See *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F. Supp. 715,720 (E.D. Cal 1993) - the Court "may disregard

allegations in the complaint if contradicted by facts established by exhibits attached to the complaint" or by documents referred to in the complaint; *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) – a document not attached to the complaint whose contents are alleged in the complaint and whose authenticity is not questioned may be considered on a Rule l2(b)(6) motion to dismiss); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.3 (9th Cir. 1998) - documents integral to a plaintiffs claims may be attached to a motion to dismiss, because the plaintiff is obviously aware of contents).

Further, as is noted above, the FAC sounds in fraud.  In order to assert allegations of fraud, "a party must state with particularity the circumstances constituting fraud or mistake." (FRCP Rule 9(b).)  The court in *Desaigoudar v. Meyercord*, (9th Cir. 2000) 223 F3d 1020, 1022–1023, stated that fraud must be pled "with a high degree of meticulousness".

> "Rule 9(b) has four purposes:  First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of... Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation."
> (*Harrison v. Westinghouse Savannah River Co.*, (4th Cir. 1999) 176 F3d 776, 784.)

> "By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate."
> (*Ackerman v. Northwestern Mut. Life Ins. Co.*, (7th Cir. 1999) 172 F3d 467, 469.)

As was further noted by the court in *Ackerman*, "[t]he purpose (the defensible purpose, anyway) of the heightened pleading requirement in fraud cases is to force the plaintiff to do more than the usual investigation before filing his complaint." (*Id.*)

The basis for such a heightened pleading requirement in fraud cases is "because public charges of fraud can do great harm to the reputation of a business firm or other enterprise (or individual)"; because fraud is frequently charged irresponsibly by people who have suffered a loss and want to find someone to blame for it"; and because charges of fraud (and also mistake, the other charge that Rule 9(b) requires be pleaded with particularity) frequently ask courts in effect to rewrite the parties' contract or otherwise disrupt established relationships."  (*Id.*)

The court in *Ackerman*, supra, went on to note that:

"By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate. Similar reasons explain why fraud plaintiffs are frequently required to prove their case by clear and convincing evidence rather than the usual mere preponderance, [citation omitted] but it is important to note that the heightened pleading and heightened proof requirements do not move in lockstep with each other. Rule 9(b) requires heightened pleading of fraud claims in all civil cases brought in the federal courts, whether or not the applicable state or federal law requires a higher standard of proving fraud, which sometimes it does and sometimes it does not... " (*Ackerman*, 172 F3d at 470.)

While a court, in deciding a motion to dismiss under Rule 9(b), must also consider the policy favoring simplicity in pleading, codified in the "short and plain statement of the claim" requirement of Federal Rule of Civil Procedure 8, that "[o]n the other hand, a district court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions." (*Sanderson v. HCA–The Healthcare Co.*, (6th Cir. 2006) 447 F3d 873, 876.) In order to plead fraud with particularity, the pleading should set forth all facts that "[identify] the circumstances constituting fraud (or mistake) so that the defendant can prepare an adequate answer from the allegations." (*Moore v. Kayport Package Express, Inc.*, (9th Cir. 1989) 885 F2d 531, 540.) In other words, the allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud (or mistake)... so that they can defend against the charge and not just deny that they have done anything wrong." (*Semegen v. Weidner*, (9th Cir. 1985) 780 F2d 727, 731.)

Here, INES' FAC is vague and conclusory, providing no factual basis for her assertions of fraud. This is improper pleading at best, as allegations that are vague or conclusory are insufficient to satisfy the "particularity" required by Rule 9(b). (*Moore v. Kayport Package Express, Inc.*, (9th Cir. 1989) 885 F2d 531, 540.) Additionally, INES has failed to set forth any facts to support her claims against Defendants or that she is entitled to any relief whatsoever against the defendants. As such, INES has failed to set forth "a short and plain statement of the claim showing that she is entitled to relief" as required by FRCP Rule 8. Plaintiff has failed to "provide the grounds of her entitlement to

-8-

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

1  relief" (*Bell Atlantic*, 127 S.Ct. 1955, 1964-65), and INES has failed to provide to the Defendants

2  "fair notice of the claim and the grounds upon which it rests". (*Erickson v. Pardus*, --- U.S. ----, ----,

3  127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly*, (2007) 127

4  S.Ct. 1955, 167 L.Ed. 2d 929.)

5       The FAC fails to state facts upon which any relief can be granted. In fact, to the contrary, the

6  FAC, on its face and in its silence, establishes that the defendants are not proper parties to this action.

7  Under the circumstances here, the FAC should be dismissed without leave to amend.

8  **4.**    **The Claim for Fraud Fails as a Matter of Law**

9       The elements for a fraud claim are: (1) a misrepresentation; (2) knowledge of the falsity; (3)

10  intent to defraud; (4) justifiable reliance; and (5) damage. (See *Charpentier v. Los Angeles Rams*

11  *Football Co.*, 75 Cal. App. 4th 301 (1999).) A plaintiff's burden in asserting a fraud claim against a

12  corporation, as opposed to an individual, is even greater. (*Lazar v. Sup. Ct.*, (1996) 12 Cal.4th 631,

13  645.) In such a case, the plaintiff must allege the name of the person who made the allegedly

14  fraudulent representations, their authority to speak, what they said or wrote and when it was said or

15  written. (*Id. See also Sanders v. Ford Motor Co.*, (1979) 96 Cal.App.3d Supp. 43, 46.)

16       FRCP Rule 9 requires that "in all averments of fraud... the circumstances constituting fraud or

17  mistake shall be stated with particularity." (FRCP 9(b); *Desaigoudar v. Meyercord*, 223 F.3d 1020,

18  1022-1023 (9th Cir. 2000) (fraud must be pled with a high degree of meticulousness). In short, a

19  plaintiff must allege "the who, what, where, and when of the alleged fraud." (*Ackerman v.*

20  *Northwestern Mutual Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999)). This rule requires a plaintiff

21  to conduct a pre-complaint investigation in sufficient depth to assure that the charge of fraud is

22  responsible and supported, rather than defamatory and extortionate. (*Id.*)

23       Vague or conclusory allegations do not satisfy the particularity required by Rule 9(b). (*Moore*

24  *v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).)

25      " 'To comply with Rule 9(b), allegations of fraud must be specific enough to give

26      defendants notice of the particular misconduct which is alleged to constitute the fraud

27      charged so that they can defend against the charge and not just deny that they have done

28      anything wrong.' (Citation omitted)." (*Swartz v. KPMG LLP*, 476 F.3d 756,764 (9th

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

1   Cir. 2007).)

2   It must also be noted that, as set forth by the court in *Borsellino v. Goldman Sachs Group, Inc.*, (7th

3   Cir. 2007) 477 F3d 502, 507, by its terms, Rule 9(b) applies to allegations of fraud, not just claims of

4   fraud. "Even where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to

5   allege in the complaint that the defendant has engaged in fraudulent conduct." (*Vess v. Ciba–Geigy*

6   *Corp. USA*, (9th Cir. 2003) 317 F3d 1097, 1103–1104.)

7   INES again alleges in the FAC that Defendants are predatory lenders, citing to the United

8   States Department of Housing and Urban Development definition for predatory lending.  (FAC, at p.

9   11:3-9.)  INES then goes on to allege in the FAC, that Defendants are purportedly guilty of predatory

10   lending because "predatory lenders are constantly developing new techniques to take advantage of

11   borrowers..." (FAC, at p. 11:11-12.)  However, in the FAC, INES fails to allege any facts that relate

12   specifically to the defendants named in this action.  Further, when a plaintiff alleges a unified course

13   of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim, "the claim is

14   said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must

15   satisfy the particularity requirement of Rule 9(b)." (*Vess*, 317 F3d at 1103–1104.)  Thus, Rule 9(b)'s

16   particularity requirement applies to claims alleging a "unified course of fraudulent conduct," even if

17   fraud is not the basis of plaintiff's claim.  (*Id.*, at 1103–1104.)

18   INES clearly asserts a cause of action for fraud, but fails to meet the requirements of Rule 9(b)

19   by failing to plead, with any specificity whatsoever, the facts and circumstances that comprise the

20   purported fraudulent actions of the defendants.  In fact, INES complaint is vague and conclusory,

21   providing no factual basis for Plaintiff's assertions of fraud.  This is improper pleading at best, as

22   allegations that are vague or conclusory are insufficient to satisfy the "particularity" required by Rule

23   9(b).  (*Moore v. Kayport Package Express, Inc.*, (9th Cir. 1989) 885 F2d 531, 540.)

24   In *Swartz v. KPMG LLP*, 476 F.3d 756,764 (9th Cir. 2007), the Ninth Circuit held that

25   conclusory allegations were insufficient to satisfy the pleading requirements prescribed by FRCP 9(b):

26   "Conclusory allegations that Presidio and DB 'knew that [KPMG and B & W] were
      making … false statements to clients, including Swartz, and thus were acting in concert

27   with [KPMG and B & W] and 'were acting as agents] [of KPMG and B&W] and were
      'active participants in the conspiracy' without any stated factual basis are insufficient as

28

-10-
MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

1    a matter of law."  (*Swartz*, supra, at p. 765.)

2         As in *Swartz*, it is simply not enough for INES to generically allege that the defendants conduct

3    was fraudulent.  Defendants' actual participation in the alleged fraudulent scheme has to be

4    specifically alleged.  (*Maganallez v. Hilltop Lending Corp.*, 505 F.supp.2d 594,606 (ND.Cal. 2007)).

5    This, Plaintiff has failed to do.

6    **5.      INES' Claim for Breach of Contract Fails As a Matter of Law**

7         A breach of contract action requires a showing of: 1) a contract; 2) plaintiff's performance

8    under the contract; 3) defendant's breach; and 4) plaintiff's damages.  (4 *Witkin, Procedure 4*[th],

9    PLEADING § 476, p. 570).  As discussed above, it is conclusive from the FAC that INES has failed

10   to allege any facts that would establish that Defendants are in any way related to any credit transaction

11   or contractual agreement with INES.  Even assuming INES had pled sufficient facts to establish a

12   contractual relationship between her and the defendants, or any facts to establish that Defendants

13   somehow breached the terms of the Note and Deed of Trust, this cause of action fails because INES

14   has failed to allege any facts or provide any credible evidence to establish that she has performed her

15   obligation under the Note and Deed of Trust.

16   **6.      The FAC Does Not Allege Facts Establishing Wrongdoing by Defendants**

17        As a threshold matter, INES claims against Defendants should be dismissed because the FAC

18   fails to allege any actionable wrongdoing under the various federal and state statutes identified in the

19   FAC, including RFDCPA, RESPA, HOEPA, TILA, or the FDCPA.  To state a claim for relief in

20   compliance with FRCP Rule 8, INES "must plead a short and plain statement of the elements of her

21   claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima

22   facie case."  (*Bautista v. Los Angeles County*, 216 F.3d 840 (9th Cir. 2000).)

23        INES also must not allege mere "labels and conclusions," but rather "enough facts to state a

24   claim to relief that is plausible on its face," (*Bell Atlantic Corp. v. Twombly*, supra, 127 S.Ct. at

25   1964-1965, 1974).  INES has failed to satisfy this burden with respect to her claims against

26   Defendants because they are based on "conclusory allegations of law and unwarranted inferences,"

27   which, under the applicable pleading rules, "are not sufficient to defeat a motion to dismiss."

28   (*Associated Gen. Contrs. of Am.*, supra, 159 F.3d at l18l.)

-11-
MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

1    **A.    The FAC Fails to Establish That Defendants Foreclosed on INES' Property or that**

2    **the Foreclosure was Wrongful**

3        Sections 2924-2924i of the *California Civil Code* (*Cal. Civ. Code*) set forth the requirements

4    for conducting a non-judicial foreclosure.  This comprehensive statutory framework, established to

5    govern trustee sales, is intended to be exhaustive.  (See *Homestead Savings v. Darmiento* (1991) 234

6    Cal.App.3d 424, 432-433.)  It includes a myriad of rules relating to standing, notice, and right to

7    cure.  "It is inconsistent with the comprehensive and exhaustive statutory scheme regulating trustee

8    sales to incorporate other unrelated provisions into the proceeds."  (*Moeller v. Lien*, (1994) 25 Cal.

9    App. 4th 822, 834); See also i.e. *Associates v. Safeco Title Insurance*, (1985) 39 Cal. 3d 281, 288 -

10   the nonjudicial foreclosure statute supplants common law as to the rights and duties of the parties to a

11   deed of trust.) Yet, as is more fully set forth above, the FAC fails to set forth any facts or provide any

12   credible evidence to establish that the defendants named in this action conducted a "wrongful"

13   foreclosure in violation of the statutory scheme set forth in *Cal. Civ. Code* Sections 2924-2924i.  Nor

14   does the FAC establish any interest that Defendants have in the subject property or that Defendants

15   have any relation to or interest in the purported "wrongful" foreclosure to which INES objects (FAC

16   at p. 2:16-24), and for which she seeks monetary damages (FAC at p. 37:7-9).  In fact, INES admits

17   within the FAC, that "plaintiff does not know who is the rightful owner of the right to foreclose" and

18   that this information must be established by this Court.  (FAC, at p. 2:19-24.)

19       INES' allegation that "[t]he defendants proceeded in non judicial foreclosure to transfer title to

20   themselves at a wrongful foreclosure 'sale'..." is incorrect.  The California statutory scheme allows

21   for the foreclosure process to be conducted by the "trustee, mortgagee or beneficiary or any of their

22   authorized agents." (*Cal. Civ. Code* § 2924(a)(1).)  ReconTrust had the statutory right, as trustee

23   under INES' Deed of Trust, (see NOD, Notice of Trustee's Sale, and Trustee's Deed, Exhibits 1, 2

24   and 3, respectively, to the RJN), to initiate the foreclosure process on behalf of INES' lender and the

25   owners of the note.  INES' allegations to the contrary therefore lack any legal basis.  In fact, because

26   INES does not allege a violation of applicable law or even a violation of INES' loan agreements, the

27   FAC fails to establish that the defendants lack the right to foreclose.  Similarly, INES' assertion that

28   Defendants cannot and/or have not produced her original note, also has no basis in law or fact.

-12-
MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

1  California law does not require production of the original note in order to proceed with a nonjudicial

2  foreclosure.  (*California Civil Code* § 2924(a) et seq.)  As such, the FAC should be dismissed with

3  prejudice.

**B.    INES' Unfair Debt Collection Practices Claim Should Be Dismissed Because It Is Based On Conclusory and Unsubstantiated Allegations**

6          As noted above, INES alleges throughout her FAC, that the defendants purportedly violated

7  various federal and state statutes, identified in the FAC as the RFDCPA, RESPA, HOEPA, TILA,

8  and the FDCPA, which "would protect her rights and protect her from fraud and misrepresentation so

9  prevalent in the mortgage industry."  (FAC, at p. 8:30-32.)  However, such generalizations do not

10  provide any specific facts or competent evidence to provide Defendants with notice of any claim here.

11  In fact, INES does not allege facts to establish that Defendants engaged in any harassment or abuse, as

12  defined in 15 U.S.C. § 1692d, or any facts to establish that Defendants used any false or misleading

13  representations in violation of 15  U.S.C. § l692e, or that Defendants used any unfair practices in

14  violation of 15 U.S.C. § l692f.  The absence of these allegations also results in the failure of INES'

15  unfair debt collection claim under *Cal. Civil Code* § 1788, et seq. and California's Fair Debt

16  Collection Practices Act.

17          Plaintiff instead alleges that the unnamed note holder did not provide proof that the note holder

18  was in possession of the note at the time of the foreclosure. (FAC, at p. 7-9.)  California law does not

19  require possession of the original note as a condition to proceeding with a non-judicial foreclosure.

20  Nor is there an obligation to produce originals of either the promissory note or the Deed of Trust.  In

21  California, a lender is only obligated to provide a copy of the promissory note twenty-one days after a

22  homeowner provides an adequate request.  (*Cal. Civil Code* § 2934(b)(1 ).)

23          INES also predicates her unfair debt collection claim on alleged RESPA violations, but fails to

24  identify the provisions of RESPA that were violated.  (FAC, p.13:2-9.)  In fact, nowhere within the

25  complaint does INES allege any improper kickbacks in violation of 12 U.S.C. § 2607.  To the extent

26  that INES claims disclosure-related violations; the claims must be dismissed because there is no

27  private right of action under the disclosure rules of RESPA.  (*Bloom v. Martin*, 865 F. Supp. 1377,

28  1384-85 (N.D. Cal. 1994).)

-13-

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS

O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

**C.    INES' Predatory Lending Claim Should Be Dismissed Because the FAC Fails to Allege That Defendants Engaged in Lending Activities**

INES Predatory Lending claim should be dismissed because the FAC again fails to establish that INES has entered into any mortgage documents or multiple "deeds of trust" with Defendants, or that there exist any mortgage documents or multiple deeds of trust involving Defendants. Additionally, INES has not stated with specificity, any facts to establish any wrongdoing on the part of Defendants.   Paragraph 28 of the FAC identifies BONY as the entity who purportedly engaged in unspecified deceptive practices with respect to INES.   Paragraphs 29 and 32 then go on to assert that an unidentified "mortgage [L]ender" or simply "[L]ender engaged in unspecified deceptive practices. The FAC does not allege, nor does it provide any competent evidence to establish that Defendants were the lenders here or that Defendants were involved in any specifically identified allegations of "deceptive practices".   INES' claim must be dismissed for failure to plead sufficient facts as to Defendants under FRCP Rule 8.  (See *Bautista*, supra, 216 F.3d at 840.)

**7.    INES' Request for Injunctive Relief is Moot**

**A.    INES Has Not Tendered the Obligation Under the Note and Deed of Trust**

INES' claims, including her request for injunctive relief, fail here because not only has she failed to allege facts to establish that INES has entered into any mortgage documents or multiple "deeds of trust" with Defendants, or that there exist any mortgage documents or multiple deeds of trust involving Defendants but, INES has not alleged that she has tendered the payments owed under the Note and Deed of Trust.  However, most importantly, INES no longer holds any right, title, or interest in the subject property, pursuant to the Trustee's Deed (RJN, Exhibit 3).  As such, the eviction has already occurred – leaving nothing left to enjoin; the issues pertaining to the non-judicial foreclosure and the eviction having previously been adjudicated in the UD Action.

The FAC asserts that "[t]his complaint is filed for injunctive relief" (FAC, at p. 6:20, see also, Prayer for Relief, at p. 36-37.)  INES does not deny that she signed a note, incurred a mortgage debt or that she is delinquent.  (FAC, at paragraphs 46-48, 64.)  Nor does INES deny that she has been evicted from the subject property.  (FAC, at p.3:23-24.)  INES' request for injunctive relief is not only moot but, a party cannot enjoin a foreclosure sale unless she has tendered the obligation in full.

1   (See *United States Cola Storage v. Great W. Sav. & Loan Ass'n*, (1985) 165 Cal. App. 3d 1214, 1222

2   – "[T]he law is long-established that a trustor or his successor must tender the obligation in full as a

3   prerequisite to challenge of the foreclosure sale"; *Roger Bernhardt, California Mortgage & Deed of*

4   *Trust Practice* (C.E.B. 3d ed.) § 7.37 - "Courts usually require the trustor to payor to tender payment

5   of any amounts admittedly owed the beneficiary as a condition for issuing a temporary restraining

6   order or preliminary injunction.")

7          While the FAC alleges that any payments that INES made on the unidentified note and Deed of

8   Trust were misapplied (FAC, at paragraphs 47-48), INES fails to identify when in relation to the

9   foreclosure sale that she made any purported payments, the amount of the purported payments or even

10  to whom the payments were sent.  INES fails to provide any credible evidence to establish that any

11  payments were, in fact, made.  Thus, even if there were a matter to be enjoined here, INES' request

12  for such injunctive relief fails, because she has not pled facts to establish that she has tendered the

13  amounts still owing on her loan.

14          **B.       The Compliant Fails to Set Forth Facts to Establish a Right to Injunctive Relief**

15          A Temporary Restraining Order ("TRO") is an extraordinary remedy that will be granted only

16  in cases where the need for immediate relief is clear.  Although the court may grant such a request

17  without notice to the opposing side, pursuant to Federal Rules of Civil Procedure, Rule 65, the court

18  may issue a temporary restraining order without written or oral notice to the adverse party or its

19  attorney only if "(A) specific facts in an affidavit or a verified complaint clearly show that *immediate*

20  *and irreparable injury, loss, or damage will result* to the movant before the adverse party can be

21  heard in opposition." (FRCP Rule 65(b)(1), emphasis added.)

22          Thus, a temporary restraining order can issue without written or oral notice, only in the event

23  that the moving party adequately defines the injury and states why it is irreparable, when the moving

24  party files an affidavit or verified complaint.  (FRCP 65(b)(1)(A).)  Here, as is confirmed by the

25  Trustee's Deed (RJN, Exhibit 3), INES no longer holds any right, title, or interest in the subject

26  property.  Further, as is demonstrated by the Sheriff's Return on Writ Of Possession, (RJN Exhibit

27  7), INES no longer resides in the subject property.

28          While it is permissible in an emergency situation to base a request for TRO on a verified

---

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

1  complaint (*Huk-A-Poo Sportswear, Inc. v. Little Lisa, Ltd.* (SD NY 1977) 74 FRD 621) as noted in

2  *Weil and Brown, Federal Civil Procedure Before Trial*, Chapter 13-D, § 13:103, "[t]he court will

3  want a factual showing as to the emergent nature of the relief sought. Pleadings usually contain too

4  many conclusions and generalizations."

5       INES has not complied with any of the requirements of FRCP Rule 65 in that she has failed to

6  set forth any facts that "clearly show that immediate and irreparable injury, loss, or damage will result

7  to the movant, before the adverse party can be heard in opposition".  (FRCP 65(b)(1)(A).)

8       To the contrary, INES' request for TRO and other injunctive relief is void of any facts

9  whatsoever that demonstrate that there is immediate and irreparable harm that will come to INES

10  regarding real property that she no longer owns and from which she has already been evicted.

11  **8.     This Court Lacks Jurisdiction Over this Matter**

12       As is noted above, the entire state court UD Action filed by Defendant BONY has previously

13  been adjudicated, with judgment having been entered in favor of BONY and against INES, on May

14  23, 2008, which then culminated in the state court issuing a Writ of Possession on July 3, 2008,

15  transferring possession of the subject property to BONY.  Pursuant to the "Rooker-Feldman

16  Doctrine", district courts lack subject matter jurisdiction to review state court judgments.  *(Rooker v.*

17  *Fidelity Trust Co.*, (1923) 263 US 413, 415, 44 S.Ct. 149, 150; *District of Columbia Court of Appeals*

18  *v. Feldman*, (1983) 460 US 462, 483, 103 S.Ct. 1303, 1316.)  Further, a district court must give "full

19  faith and credit" to state court judgments, as the state court judgment is entitled to the same claim-

20  preclusion and issue-preclusion effects it would receive in the state court.  *(Exxon Mobil Corp. v.*

21  *Saudi Basic Industries Corp.*, (2005) 544 US 280, 293, 125 S.Ct. 1517, 1527.)

22       As was noted by the court in *Davani v. Virginia Dept. of Transp.*, (4th Cir. 2006) 434 F3d

23  712, the *Rooker-Feldman* doctrine applies even if the state-court loser did not argue to the state court

24  the basis of recovery that she asserts in the federal district court.  The court in *Davani* noted:

25       "A claim seeking redress for an injury caused by the state-court decision itself-even if
26       the basis of the claim was not asserted to the state court-asks the federal district court to
        conduct an appellate review of the state-court decision. Exxon clarifies, however, that §
27       1257(a) provides that only the Supreme Court may review state-court decisions. Under
        Exxon, then, Feldman's "inextricably intertwined" language does not create an
28       additional legal test for determining when claims challenging a state-court decision are

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

barred, but merely states a conclusion: if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court. See Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 86-87 (2d Cir.2005) ("[D]escribing a federal claim as 'inextricably intertwined' with a state-court judgment only states a conclusion. Rooker-Feldman bars a federal claim, whether or not raised in state court, that asserts injury based on a state judgment and seeks review and reversal of that judgment; such a claim is 'inextricably intertwined' with the state judgment."); cf. Washington, 407 F.3d at 280 (concluding that plaintiff's federal suit was not 'inextricably intertwined" with the state-court decision because it sought redress for the defendant's violation of his rights, not the state-court decision.)"
(*Davani v. Virginia Dept. of Transp.*, (4th Cir. 2006) 434 F3d 712, 719.)

In other words, the *Rooker-Feldman* doctrine recognizes that, while parties may appeal a state court decision to that state's highest court, and even to the United States Supreme Court if a federal question is presented, the review of a state court decision by a federal district court is not an available remedy. (*Rooker*, 263 U.S. at 416; See also, *Mackay v. Pfeil*, (9th Cir. 1987) 827 F.2d 540, 543 – federal district courts "may not serve as appellate tribunals to review errors allegedly committed by state courts.") The *Rooker-Feldman* doctrine applies even when the challenge to the state court decision involves constitutional issues. (*Worldwide Church of God v. McNair*, (9th Cir. 1986) 805 F.2d 888,891.)

This case falls squarely within the category of claims that are barred by the *Rooker-Feldman* doctrine, as here, INES is asking that this Court intervene in and review the judgment rendered in the State court UD action, as well as the underlying foreclosure that ultimately lead to the UD judgment in favor of BONY.  In fact, as stated in the prayer of the FAC at issue here, INES is asking that this Court not only void the underlying UD judgment but, is requesting that this Court grant "Injunctive relief without bond granting plaintiff a Permanent Restraining Order enjoining and restraining loss of her home and restoring her to possession..."  (FAC, at p. 37.)

However, as noted herein, this Court may not adjudicate an action seeking to reverse or nullify the state court UD judgment of September 4, 2008. Nor can this Court adjudicate issues that are "inextricably intertwined" with those adjudicated by the state court, such as here, where the state court determined that BONY is entitled to possession of the subject real property.  (*Exxon Mobil*

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

1  *Corp. v. Saudi Basic Industries Corp.*, (2005) 544 US 280, 292–293, 125 S.Ct. 1517, 1527; *Johnson*

2  *v. De Grandy*, (1994) 512 US 997, 1005–1006, 114 S.Ct. 2647, 2653–2656; *Davani v. Virginia Dept.*

3  *of Transp.*, (4th Cir. 2006) 434 F3d 712, 719.)

4  **9.    Assuming Jurisdiction Exists, the Younger Abstention Doctrine Requires this Case be**

5  **Dismissed**

6        The United States Supreme Court in the case of *Younger v. Harris*, (1971) 401 U.S. 37, 49-53,

7  opined that Federal courts should abstain from interfering with a pending state court proceeding out of

8  deference to the interests of comity and federalism.  Abstention is appropriate when: 1) there are

9  ongoing state judicial proceedings; 2) that implicate important state interests; and 3) there is an

10  adequate opportunity in the state proceedings to raise the claims at issue.  (*H.C. v. Koppel*, (9th Cir.

11  2000) 203 F3d. 610, 613.  The *H.C.* court concluded that if these requirements are met, then the

12  action should be dismissed.  (*Id.*)

13        In the *H.C.* case, the court found sufficient evidence that the plaintiff was seeking vacation of

14  existing interlocutory orders, and a federal injunction directing the future course of the state litigation,

15  thereby meeting the first prong of the Abstention requirements.  (*H.C.*, 203 F3d at 613.)  The court

16  opined that the second prong had been met because "a state has a vital interest in protecting the

17  authority of the judicial system, so that its orders and judgments are not rendered nugatory." (*Id.*)

18  With regard to the third prong, the *H.C.* court determined that this had been met because "plaintiffs

19  have an adequate state forum in which to pursue their federal claims." (*Id.*)  The *H.C.* court then

20  concluded that abstention was proper because:

> "This is precisely the type of case suited to *Younger* abstention.  Plaintiffs desire
> wholesale federal intervention into an ongoing state domestic dispute.  They seek
> vacation of existing interlocutory orders, and a federal injunction directing the future
> course of the state litigation.  This is not the proper business of the federal judiciary."
> (*Id.* at 613-14.)

25        For similar reasons as that found by the Ninth Circuit in the *H.C.* case, abstention is

26  appropriate here.  Specifically, the first Abstention requirement is met here, because INES has availed

27  herself of the state court appellate process in filing a state court appeal pertaining to the issuance of the

28  judgment in the UD Action.  That appeal is still pending.  The second Abstention requirement has

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

1    equally been satisfied because, just as in the *H.C.* case, the state court has issued orders and the entry

2    of a judgment in the UD Action.  That state court "has a vital interest in protecting the authority of the

3    judicial system, so that its orders and judgments are not rendered nugatory." (*H.C.*, 203 F3d at 613.)

4         INES had time and opportunity to seek relief by appealing the state court orders.  To suggest

5    that the state court's rulings are now somehow subject to review by this Court, as a separate form of

6    appeal, serves to obviate the United States Supreme Court ruling in *Younger v. Harris*, (1971) 401

7    U.S. 37, 49-53.  Such a review is akin to the "wholesale federal intervention into an ongoing state

8    [matter]" which is "not the proper business of the federal judiciary" (*H.C. v. Koppel*, (9th Cir. 2000)

9    203 F3d. 613-614) and this Court should refrain from such a review.

10        As for the third Abstention requirement, this too has been met as here, it is clear that INES

11   may raise any federal due process concerns in her presently pending state court appeal.  (See *Martinez*

12   *v. California*, (1980) 444 U.S. 277, 283 n. 7; *Williams v. Horvath*, (1976) 16 Cal.3d 834.)

13   **10.   Conclusion**

14        Based upon the foregoing, Defendants COUNTRYWIDE HOME LOANS, INC.; BANK OF

15   NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWMBS, INC. CHL

16   MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HYB7 respectfully submit that the

17   within Motion to Dismiss should be granted in its entirety and Plaintiff's Complaint should be

18   dismissed with prejudice.

19        Respectfully Submitted,

20                                   Miles, Bauer, Bergstrom & Winters, LLP

21

22   Dated: December 15, 2008          _____/s/ Tami S. Crosby_____

23                                   Tami S. Crosby
                                      Attorneys for Defendants
24                                   COUNTRYWIDE HOME LOANS, INC., BANK OF NEW
                                      YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS
25                                   CWMBS, INC. CHL MORTGAGE PASS-THROUGH
                                      CERTIFICATES, SERIES 2007-HYB7
26

27

28

MEMO OF Ps & As i/s/o MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS
O:\Cv\Cases\Ines, Merlinda\Pleadings\Ps & As re Motion to Dismiss FAC.doc

PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1665 Scenic Avenue, Suite 200, Costa Mesa, California 92626-9804.

On 12/15/08, I caused to be personally served a copy of the following document(s):

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED BY DEFENDANTS

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with First Class postage, thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  I have placed a true and correct copy thereof in a sealed envelope(s) with postage thereon fully prepaid addressed as follows:

Merlinda L. Ines, Pro se
1731 Copper Penny Drive
Chula Vista, CA 91915
(760) 644-4354
(Plaintiff, pro se)

STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on 12/15/08, at Costa Mesa, California.

/s/ Marion Pineda
Marion Pineda

**PROOF OF SERVICE**