# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERLINDA L. INES,<br><br>                    Plaintiff,<br>    vs.<br>COUNTRYWIDE HOME LOANS, INC.;<br>BANK OF NEW YORK, as Trustee for<br>the Certificate Holders CWMBS, Inc.<br>CHL Mortgage Pass-Through Trust 2005<br>HYB 7 Mortgage Pass-Through<br>Certificates, Series 2007-HYB7,<br><br>                    Defendants. | CASE NO. 08cv1267 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 21).

**Background**

On July 15, 2008, Plaintiff initiated this action by filing the complaint (Doc. # 1). Plaintiff thereafter filed three motions for temporary restraining order (Docs. # 3, 19, 13), all of which the Court denied (Docs. # 7, 10, 14). On August 4, 2008, Defendants filed a motion to dismiss the complaint (Doc. # 11) for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On November 3, 2008, this Court issued an order granting the motion to dismiss, and dismissing the Complaint with leave to amend (Doc. # 18).

1        On November 26, 2008, Plaintiff filed the First Amended Complaint ("FAC") (Doc. #
2 20), which is the operative pleading in this case. The FAC alleges that Plaintiff owns property
3 in Chula Vista, CA. *FAC,* ¶ 22. The FAC alleges that "defendant(s) operate a for profit
4 foreclosure business." *Id.*, ¶ 30. The FAC alleges that "Defendants wrongfully proceeded in
5 foreclosure against the plaintiff without the adjudication of the issue of ownership of title."
6 *Id.*, ¶ 1.

7        The FAC alleges that "Defendants provided plaintiff with papers that indicated that
8 Defendants may be a debt collector attempting to collect a debt." *Id.*, ¶ 32. The FAC alleges
9 that Plaintiff "sent defendants requests to validate and verify the alleged debt," but that "[n]o
10 verification of debt was provided to plaintiffs." *Id.*, ¶¶ 32-22. The FAC alleges that "[t]he
11 defendants' unlawful foreclosure and unlawful detainer actions are defective in that the request
12 to validate the alleged debt has gone unanswered and the request to provide the 'Original',
13 unaltered Affidavit of Obligation; 'Note', has gone unfulfilled." *Id.*, ¶ 35. The FAC alleges
14 that "Defendant has no proven right or legal authority to foreclose on plaintiffs' real property
15 when title and accounting are disputed." *Id.*, ¶ 73.

16        The FAC alleges that "[t]he initial loan negotiations were conducted primarily with
17 [Plaintiff] in Tagalog, the language widely spoken in her home and in local community
18 business transactions and societal meetings," but that "no translation of every term and
19 condition in the written agreement was provided for her for her final review and
20 understanding." *Id.*, ¶ 39. The FAC alleges that Plaintiff "was rushed through the signing of
21 the loan document package and did not understand the meaning of the documents. Her
22 questions went unanswered." *Id.* The FAC alleges that "Plaintiff was given verbal guarantees
23 that she would be allowed to refinance the loan prior to the first rate adjustment," and that
24 "[t]his guarantee induced the execution of the transaction." *Id.*, ¶ 40. The FAC alleges that
25 "[a]t the time of settlement on the transaction Plaintiff was not given any signed copies of the
26 completed transaction." *Id.*, ¶ 41. The FAC alleges that "[t]he loan was thereafter purportedly
27 secured by the deed of trust and recorded," but that "Plaintiff has no records of the signed
28 transaction in its final form concerning her subject property." *Id.*, ¶ 42. The FAC alleges that

1  "the material terms of the loan, including the interest rate, annual percentage rate, and closing
2  costs were misrepresented and were greater than the original Good Faith Estimate of Closing
3  Costs given to Plaintiff, and that the discrepancies, although questioned by Plaintiff, were
4  never explained in her language or otherwise." *Id.*, ¶ 44.  The FAC alleges that "Plaintiff was
5  directed to contact the loan servicer for the trustee as such is the agent of the lender, but her
6  questions went unanswered." *Id.*, ¶ 45.

7  The FAC alleges that "Plaintiff began making payments to the Trustee, but believes that
8  the mortgage payments were misapplied.  Plaintiff has questioned the misapplications of the
9  funds but has never been given a satisfactory accounting of how the funds were applied." *Id.*,
10  ¶ 46.  The FAC alleges that "Plaintiff tendered payment under the negotiable instrument law
11  and included settling the account."  *Id.*, ¶ 54.  The FAC alleges that "[t]heir receipt of the
12  tender is documented with return receipt mail," but that "Defendants kept the tender and did
13  not credit plaintiff's account with payments and tender, only charges and fees were placed
14  against her account."  *Id.*

15  The FAC alleges a cause of action for injunctive relief against all Defendants.  In
16  support of the cause of action for injunctive relief, the FAC alleges that "Plaintiff will suffer
17  irreparable injury if the execution of eviction under the unlawful detainer action keeps her from
18  her home and it is irretrievable by loss to third parties," and requests that the Court "enjoin the
19  named Defendants from further damage to the subject Property."  *Id.*, ¶¶ 84-85.

20  The FAC alleges a cause of action for statutory damages against all Defendants.  In
21  support of the cause of action for statutory damages, the FAC alleges that "Plaintiff is entitled
22  to statutory damages from defendant for its acts and conduct, including fraudulent conduct and
23  commercial injury to the plaintiff."  *Id.*, ¶ 88.  In support of the cause of action for statutory
24  damages, the FAC alleges that Defendants have violated the Real Estate Settlement Procedures
25  Act ("RESPA"), 12 U.S.C. 2605; the Fair Debt Collection Practices Act ("FDCPA"), 15
26  U.S.C. § 1692; the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code
27  § 1788; 12 U.S.C. section 1831(2)(A); the Truth in Lending Act ("TILA"), 15 U.S.C. section
28  1601, *et seq.;* and the following California state laws: "1) Business and Professions Code

1   17200 for unfair and deceptive business practices; 2) unjust enrichment; 3) breach of fiduciary
2   duty; 4) conversion; 5) negligence . . . 6) violations of the California Consumer Protection Act;
3   7) violations of California Civil Code 2943 for not supplying Payoff Demand Statements." *Id.*,
4   ¶ 93.

5           The FAC alleges a cause of action for fraud against all Defendants.  In support of the
6   cause of action for fraud, the FAC alleges that "Defendants" intentionally concealed facts
7   "relevant to the validity of the property while under a clear duty/obligation to disclose such
8   facts;" that "Defendants knew that Plaintiff[] was not aware of the material facts not disclosed
9   by them, particularly that Plaintiff[] would not be able to readily discover such material and
10  legal facts which would affect Plaintiff's legal position including Plaintiff's rightful title to the
11  property;" that Defendants "knowingly acted with a total disregard for the truth of the material
12  facts presented [i]n the documents provided to the Plaintiff;" that  "Defendants knew that their
13  actions through the misrepresentation of the facts would immediately cause the Plaintiff to lose
14  financial interest in the property" and would "become predominant, decisive and substantial
15  factors of influencing the course of the conduct of the Plaintiff;" and that "[t]he foreclosure
16  sale was wrongfully carried out at plaintiff's property."  *Id.*, ¶¶95-108.

17          The FAC alleges a cause of action for quiet title against all Defendants.  In support of
18  the cause of action for quiet title, the FAC alleges that Plaintiff is the "owner in fee and is in
19  possession and control" of the subject property, and that "Defendant has no such right of title
20  or estate in said property." *Id.*, ¶¶ 110-112.  The FAC alleges that "Defendant has wrongfully
21  interfered with or threaten[ed] to interfere with Plaintiff's use and enjoyment of the above
22  described property n that they have evicted her from her home and taken her family household
23  possessions."  *Id.*, ¶ 113.

24          The FAC alleges a cause of action for declaratory relief against all Defendants.  In
25  support of the cause of action for declaratory judgment, the FAC requests that the Court
26  declare that Plaintiff is protected by the FDCPA and the RFDCPA; declare "whether or not the
27  defendants can demonstrate legal status and standing in the true legal capacity as holder in due
28  cour[se] of the original signed deed of trust and any related note;" declare whether or not

1  defendants have violated state securities laws as set forth in sections 33560 and 22340 of the
2  California Financial Code; and declare "that laches applies to bar the alleged debt collector,
3  or, since the trustee failed to comply with the Fair Debt Collection Practices Act in order to
4  proceed to trustee sale of the property, the trustee is equitably estopped from taking any further
5  action against the subject property." *Id.*, ¶¶ 118-125.

6  On December 15, 2008, Defendants filed the Motion to Dismiss. Plaintiff has not filed
7  any opposition to the Motion to Dismiss.

## **Standard of Review**

9  A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests
10 the legal sufficiency of the pleadings. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.
11 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where
12 the factual allegations do not raise the right to relief above the speculative level. *See Bell*
13 *Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be
14 dismissed for failure to state a claim where the allegations plausibly show that the pleader is
15 entitled to relief. *See id.* (citing Fed R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule
16 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and
17 must accept as true all material allegations in the complaint, as well as any reasonable
18 inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003);
19 *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). "Courts have a duty to construe pro se
20 pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles*
21 *County*, 339 F.3d 920, 925 (9th Cir. 2003).

## **Analysis**

23 Defendants assert that the "FAC is vague and conclusory, providing no factual basis
24 for [Plaintiff's] assertions of fraud." *Mot. to Dismiss,* p. 8. Defendants assert that Plaintiff
25 "has failed to set forth any facts to support her claims against Defendants or that she is entitled
26 to any relief whatsoever against the defendants." *Id.* Defendants assert that Plaintiff has failed
27 to set forth "a short and plain statement of [her claims] showing that she is entitled to relief,"
28 that Plaintiff has failed to "provide the grounds of her entitlement to relief," and that Plaintiff

"has failed to provide to the Defendants fair notice of [her claims] and the grounds upon which [they] rest[]," as required by Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 8-9 (quoting Fed. R. Civ. P. 8). Defendants request that the Court dismiss the FAC with prejudice.

### A. Cause of Action for Statutory Damages

The cause of action for statutory damages alleges violations of the RESPA, the FDCPA, the RFDCPA, the TILA, 12 U.S.C. section 1831n(2)(A), and several California laws.

The RESPA sets forth certain duties of a loan servicer after receiving borrower inquiries, including imposing a requirement that a loan servicer respond to a "qualified written request" from a borrower. 12 U.S.C. § 2605. The FAC alleges that Plaintiff requested from Defendants a verification of debt and of title. However, the FAC does not allege that any of the Defendants is a "loan servicer" within the meaning of RESPA, or that Plaintiff sent Defendants a "qualified written request" within the meaning of RESPA. *Id.*

To be liable for a violation of the FDCPA or the RFDCPA, the defendant must - as a threshold requirement - be a "debt collector" within the meaning of the Acts. *Heintz v. Jenkins,* 514 U.S. 291, 294 (1995); Cal. Civ. Code § 1788.2(c). The "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA. *Hulse v. Ocwen Fed. Bank, FSB,* 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) (holding that the plaintiff improperly brought a claim challenging the lawfulness of foreclosure proceedings pursuant to a deed of trust under the FDCPA). This action challenges the lawfulness of foreclosure proceedings on Plaintiff's property, which is not the collection of a debt within the meaning of the RFDCPA or the FDCPA. Furthermore, aside from the conclusory allegation that "Defendants may be a debt collector attempting to collect a debt," *FAC,* ¶ 32, the Court finds that the FAC does not allege facts to support the allegation that Defendants are debt collectors within the meaning of the RFDCPA or the FDCPA.

The FAC alleges that the TILA requires that banks disclose all details of the transaction, and applies to "[w]hoever willfully and knowingly [] gives false or inaccurate information or fails to provide information which he is required to disclose under the provision." *FAC,* ¶ 91. Although the FAC generally alleges that "Defendants" failed to make various disclosures

1  regarding Plaintiff's loan, the Complaint fails to allege with any specificity what false or
2  inaccurate information was provided to Plaintiff, or what information Defendants were
3  required to disclose, but failed to disclose. The FAC does not allege sufficient facts to put
4  Defendants on notice of the misconduct that allegedly violated the TILA.

5  The FAC alleges that "Defendant appears to have explicitly" violated 12 U.S.C. section
6  1831n(2)(A) and the following California state laws: 1) Business and Professions Code 17200
7  for unfair and deceptive business practices; 2) Unjust enrichment; 3) breach of fiduciary duty;
8  4) conversion; 5) negligence . . . 6) violations of the California Consumer Protection Act; 7)
9  violations of California Civil Code 2943 for not supplying Payoff Demand Statements." *FAC,*
10 *¶* 94. These allegations are "conclusory allegations of law," which are "not sufficient to defeat
11 a motion to dismiss." *Associated Gen. Contrs. of America,* 159 F.3d at 1181. The Court finds
12 that the FAC does not allege sufficient facts to support these state law claims.

13 In light of the foregoing, the Court concludes that the FAC does not allege sufficient
14 facts to support Plaintiff's claim for statutory damages.

15  B.  Cause of Action for Fraud

16 To state a claim for fraud, a plaintiff must allege: (1) a misrepresentation, (2) knowledge
17 that the representation was false, (3) intent to induce reliance on the misrepresentation, (4)
18 justifiable reliance on the misrepresentation, and (5) resulting damage. *Agosta v. Astor*, 120
19 Cal.App.4th 596, 599, 603 (Cal. Ct. Appeal 2005); 5 Witkin Summary of Cal. Law (10th ed.
20 2005) Torts §772, p. 1121.Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, "in
21 alleging fraud or mistake, a party must state with particularity the circumstances constituting
22 fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires that the pleader state the time, place
23 and specific content of the false representations as well as the identities of the parties to the
24 misrepresentation. *Id.*; *Sebastian International, Inc. v. Russolillo*, 128 F. Supp. 2d 630, 634-35
25 (C.D. Cal. 2001). Rule 9(b) does not allow a complaint to merely lump multiple defendants
26 together but "require[s] plaintiffs to differentiate their allegations when suing more than one
27 defendant . . . and inform each defendant separately of the allegations surrounding his alleged
28 participation in the fraud." *Swartz,* 476 F.3d at 764-65. "[T]he plaintiffs must, at a minimum,

'identify the role of each defendant in the alleged fraudulent scheme.'" *Id.* (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

The FAC alleges that "Defendants" made certain misrepresentations to Plaintiffs. However, the FAC does not specify which Defendant made which misrepresentation. The Court concludes that the FAC fails to allege fraud with the requisite particularity because the FAC fails to "identify the role of each defendant in the alleged fraudulent scheme." *Swartz,* 476 F.2d at 541. The Court concludes that the FAC fails to state a claim for fraud.

### C. Cause of Action for Quiet Title

To state a claim to quiet title, a complaint must be verified and include (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Pro. § 761.020.

The Complaint does not identify the date as of which the determination is sought, or specify which of the several Defendants named in this action are asserting an adverse claim to the Property. Furthermore, the Complaint is not verified. The Court concludes that the Complaint fails to state a claim for quiet title.

### D. Cause of Action for Declaratory Relief

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The party seeking relief under the Declaratory Judgment Act must demonstrate constitutional standing under Article III of the United States Constitution because declaratory judgment jurisdiction extends only to actual "cases or controversies." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007).

1    Plaintiff requests a judicial declaration declaring Plaintiff's rights under the FDCPA and
2 RFDCPA, declaring Plaintiff's "legal status and standing in the true legal capacity of holder
3 in due cour[se] of the original signed deed of trust," and declaring whether Defendants have
4 violated securities laws. *FAC,* ¶¶ 118-125. The Court has dismissed Plaintiff's causes of
5 action for fraud and statutory damages, including Plaintiff's claims for violation of the FDCPA
6 and the RFDCPA. Plaintiff does not assert any other basis for declaratory judgment
7 jurisdiction. The Court concludes that Plaintiff has failed to demonstrate that this Court has
8 jurisdiction to award the requested declaratory judgment because Plaintiff does not allege or
9 submit any evidence to demonstrate a case or controversy within the meaning of the
10 Declaratory Judgment Act.

11    E.    Cause of Action for Injunctive Relief

12    "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not
13 be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek*
14 *v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (quotation omitted). "The
15 moving party must show either (1) a combination of probable success on the merits and the
16 possibility of irreparable injury, or (2) that serious questions are raised and the balance of
17 hardships tips sharply in favor of the moving party." *Stuhlbarg Int'l Sales Co. v. John D.*
18 *Brush & Co.,* 240 F.3d 832, 839-40 (9th Cir. 2001).

19    As the moving party, it is Plaintiff's burden to establish of success on the merits and the
20 possibility of irreparable harm, or that serious questions going to the merits are raised and the
21 balance of hardships tips sharply in favor of Plaintiff. The Court has concluded the FAC fails
22 to state a claim with respect to any of Plaintiff's claims, and Plaintiff does not assert any other
23 basis for injunctive relief. After reviewing the equities in this case, the Court concludes that
24 Plaintiff has not met her burden of establishing a combination of likelihood of success on the
25 merits and the possibility of irreparable harm, or that serious questions going to the merits are
26 raised and the balance of hardships tips sharply in favor Plaintiff. The Court concludes that
27 the FAC fails to state a claim for injunctive relief.

28

## Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 21) is **GRANTED.**  The above-captioned action is **DISMISSED.**

DATED:  March 12, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge