1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MERLINDA L. INES,

Plaintiff,

vs.

COUNTRYWIDE HOME LOANS, INC.;
et al.,

Defendants.

CASE NO. 08cv1267 WQH (NLS)

**ORDER**

HAYES, Judge:

The matter before the Court is the "Application to Set Aside Order to Dismiss Action Dated March 12, 2009 and Clerk's Judgment" (Doc. # 27).

**Background**

This action arises out of the foreclosure on Plaintiff's home. On July 15, 2008, Plaintiff initiated this action by filing the complaint (Doc. # 1). The complaint alleged that the "basis for suit is failure to comply with [Plaintiff's] lawful demand to validate the alleged debt in good faith and fair dealing" in violation of the Rosenthal Fair Debt Collection Practices Act under California law, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA")*, and the Fair Debt Collection Practices Act under federal law, 15 U.S.C. § 1692 ("FDCPA"). *Id.,* ¶ 5. Plaintiff thereafter filed three motions for temporary restraining order (Docs. # 3, 19, 13), all of which the Court denied (Docs. # 7, 10, 14). On November 3, 2008, this Court issued an order granting Defendants' motion to dismiss (Doc. # 18). The Court held that the complaint failed to allege facts sufficient to support a claim on which relief could be granted, and granted

Plaintiff leave to file an amended complaint.  On November 26, 2008, Plaintiff filed a first amended complaint (Doc. # 20).  The first amended complaint alleged causes of action for injunctive relief, statutory damages, quiet title, and declaratory relief.  In support of the cause of action for statutory damages, the first amended complaint alleged that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2605; the FDCPA; the RFDCPA; 12 U.S.C. section 1831(2)(A); the Truth in Lending Act ("TILA"), 15 U.S.C. section 1601, *et seq.;* and the following California state laws: "1) Business and Professions Code 17200 for unfair and deceptive business practices; 2) unjust enrichment; 3) breach of fiduciary duty; 4) conversion; 5) negligence . . . 6) violations of the California Consumer Protection Act; 7) violations of California Civil Code 2943 for not supplying Payoff Demand Statements." *FAC,* ¶ 93.  On March 12, 2009, this Court issued an order granting Defendants' unopposed motion to dismiss the first amended complaint, and dismissing the case (Doc. # 22). On March 13, 2009, judgment was entered in favor of Defendants and against Plaintiff (Doc. # 23).

On April 21, 2009, Plaintiff filed the "Application to Set Aside Order to Dismiss Action Dated March 12, 2009 and Clerk's Judgment" ("Ex Parte Motion").  Plaintiff requests that the Court set aside the March 12, 2009 order granting the motion to dismiss the first amended complaint and the March 13, 2009 judgment on grounds that Plaintiff never received the motion to dismiss the first amended complaint.  Plaintiff states: "due process demands that the matter be reopened, since Plaintiff did not receive Defendants [sic] motion to dismiss documents and recently learned this matter was inadvertently dismissed after her non response to Defendant's motion to dismiss." *Ex Parte Motion,* p. 4.  In support of the Ex Parte Motion, Plaintiff submitted her declaration.  Plaintiff attests that she never received the motion to dismiss the first amended complaint. *Ines Decl.,* ¶ 4.

On April 27, 2009, Defendants filed a response in opposition to the Ex Parte Motion (Doc. # 28).  Defendants state:

> Plaintiff does not explain how or why she believes she failed to receive the envelope containing Defendants' Motion to Dismiss her First Amended Complaint, when she has been receiving all of the other mail in this action addressed to her at that address, nor does Plaintiff provide any credible evidence

to refute the Certificate of Service executed under penalty of perjury by counsel for Defendants.

*Id.* at 3.  Defendants emphasize that the Court's order dismissing the first amended complaint was based upon the merits of the motion to dismiss, not the fact that Plaintiff did not submit any opposition to the motion.  Defendants assert that Plaintiff has filed to demonstrate unusual circumstance warrant reopening of her case, as required by Rule 60(b) of the Federal Rules of Civil Procedure.

### Applicable Law

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The burden is on the party seeking relief from judgment to demonstrate entitlement to such relief.  *See, e.g., In re M/V Peacock,* 809 F.2d 1403 (9th Cir. 1987); *In re Salem Mortgage Co.,* 791 F.2d 456, 459 (6th Cir. 1986).  In order to obtain relief under Rule 60(b)(6), the movant "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion."  *Latshaw v. Trainer Wortham & Co.,* 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotations omitted).  Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  *Id.*

### Ruling of the Court

Aside from Plaintiff's general assertion that denial of the Ex Parte Motion will result in injury to Plaintiff's due process rights and will violate public policy, the Ex Parte Motion does not specify a legal basis for Plaintiff's entitlement to relief from judgment in this case.

Plaintiff asserts that she did not receive notice of the motion to dismiss the first amended complaint.  However, Plaintiff does not assert that judgment was entered in favor of Defendants as a result of mistake, inadvertence, surprise or excusable neglect; as a result of fraud on the part of Defendants; or as a result of some extraordinary circumstance.  Plaintiff does not assert that new facts or evidence have been discovered after judgment was entered. Plaintiff does not assert that the proof of service on the motion to dismiss the first amended complaint was somehow defective, or listed an incorrect address for service of process.  To the contrary, the address listed on the first amended complaint is 847 Rosa Court, Escondido, CA 92027.  The motion to dismiss the first amended complaint was served at 847 Rosa Court, Escondido, CA 92027.  Plaintiff has the burden to demonstrate her entitlement to relief from judgment in this case. *In re M/V Peacock,* 809 F.2d 1403.  Plaintiff has failed to satisfy her burden to demonstrate entitlement to relief from judgment because Plaintiff does not assert any legal or factual basis for entitlement to relief.

The factual basis for Plaintiff's action has not changed throughout the proceedings - Plaintiff challenges the lawfulness of foreclosure on her home.   In denying three motions for temporary restraining order on the merits, and granting two motions to dismiss on the merits, the Court has ruled five separate times on the merits of Plaintiff's action.  On each occasion the Court has held that Plaintiff has failed to adequately allege facts to support a claim challenging the lawfulness of the foreclosure on her home.  The Court's most recent order dismissing the first amended complaint addressed the merits of each of Plaintiff's claims.  The Ex Parte Motion does not assert that any of the findings in the order dismissing the first amended complaint constituted clear error.  The Court did not dismiss the first amended complaint based on Plaintiff's failure to file an opposition.  Plaintiff's due process rights have not been violated by the dismissal of this action, and will not be violated by the Court's denial of Plaintiff's request to reopen the case.

///

///

///

1      IT IS HEREBY ORDERED that the "Application to Set Aside Order to Dismiss Action

2  Dated March 12, 2009 and Clerk's Judgment" (Doc. # 27) is **DENIED.**

3  DATED:  June 4, 2009

4                                    *William Q. Hayes*

5                                    **WILLIAM Q. HAYES**
                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28